UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASCENT AEROSYSTEMS INC. | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY T. HILL | : | |
| ANDREW G. MICHAEL | : | |
| OVERWATCH AEROSPACE LLC | : | |
| OVERWATCH AEROSPACE LTD | : | |
| OVERWERX LTD | : | |
| | : | |
| Defendants. | : | JUNE 21, 2024 |

## COMPLAINT

The plaintiff, Ascent AeroSystems Inc. ("Ascent"), hereby files its Complaint against the defendants, as follows:

## THE PARTIES

1. Ascent is now a Delaware corporation, having converted from a Connecticut limited liability company on or about May 31, 2016.

2. Ascent is a wholly owned subsidiary of Robinson Helicopter Company based in Torrance, California.

3. Ascent currently maintains two places of business, one at 100 Research Drive, Wilmington, Massachusetts and a second at 2901 Airport Drive, Torrance, California. The former is Ascent's corporate headquarters and principal place of business.

4. Ascent has been engaged in the business of designing, making, and selling Unmanned Aerial Vehicles ("UAVs"), or "drones," since 2014.

{N6004638}                                              1

5. Ascent is an innovator in the development of a unique "coaxial" configuration of UAVs. Coaxial drones resemble cylinders with two counter-rotating rotors that share the same central axis. Due to their sophisticated design, Ascent's coaxial drones are compact, portable, rugged, fast, efficient, quiet, and agile, and are also readily adaptable to a wide range of uses, including industrial, public safety, and military applications.

6. The defendant, Jeffrey T. Hill ("Hill"), is an individual residing at 1301 Gleneagles Lane, Davenport, Florida.

7. Hill was a member/manager of Overwatch Defense, LLC ("Overwatch Defense"), which from September 2017 until September 2020, was a Florida limited liability company that maintained a principal place of business at Hill's residence located at 1301 Gleneagles Lane, Davenport, Florida.

8. Hill was also a member/manager of Overwatch Optics, LLC ("Overwatch Optics"), which is a Florida limited liability company that also maintains a principal place of business at Hill's residence located at 1301 Gleneagles Lane, Davenport, Florida.

9. Overwatch Defense held itself out as a supplier of weapon systems that could be incorporated into Ascent's coaxial drones.

10. Hill is also a founder, shareholder, and former director of Overwerx Ltd. ("Overwerx"). Overwerx is a private limited company that was incorporated under the laws of the United Kingdom in or about January 2020.

11. Overwerx wholly owns Overwatch Aerospace Ltd ("Overwatch Aerospace") and these two entities do business as the "Overwatch Group."

12. Overwatch Aerospace is a private limited company that was incorporated under the laws of the United Kingdom on or about February 7, 2020. Hill holds himself out as a founder and full-time employee of Overwatch Aerospace.

13. Hill is also a member/manager of Overwatch Aerospace LLC ("Overwatch Aerospace USA"). Overwatch Aerospace USA is a limited liability company that was organized under the laws of the State of Florida in or about August 2021.

14. The defendant, Andrew G. Michael a/k/a Drew Michael ("Michael"), is a British citizen and was the "Chief Operating Officer" of Overwatch Defense.

15. Michael is a founder, shareholder, director, and Chief Executive Office of Overwerx and a founder and director of Overwatch Aerospace.

16. Michael is also a member/manager of Overwatch Aerospace USA, whose company filings with the Florida Secretary of State list Michael's address as 505 Brevard Avenue, Suite 104, Cocoa, Florida.

17. As detailed herein, Overwerx, Overwatch Aerospace, and Overwatch Aerospace USA are entities whose purpose was to misappropriate and commercially exploit Ascent's technology and intellectual property – illegal acts that have caused, and if not enjoined, will continue to cause substantial and irreparable harm to Ascent.

18. On or about May 2, 2024, Overwatch Group announced that it was introducing a coaxial drone called "Pholos" to the U.S. market at a conference for Special Operations Forces called "SOF 2024."

19. SOF 2024 took place at the Tampa Convention Center, in Tampa, Florida, from May 6 to May 10, 2024.

20. As detailed herein, "Pholos" comprises a coaxial drone that was created by Ascent and whose operational, technical and design details were shared with Hill, Michael, Overwatch Optics and Overwatch Defense under a Mutual Non-Disclosure Agreement and Teaming Agreement.

21. On or about May 2, 2024, Overwatch Group also announced that it had participated in a US-hosted major army warfighting experiment in California as part of Project Convergence Capstone 4 (PC-C4) and contributed to an integrated reconnaissance and precision strike demonstration at the White Sands missile range in New Mexico.

22. This action relates to and, in part, arises out of a prior civil action entitled *Ascent AeroSystems Inc. v. Overwatch Defense LLC,* Civil Action No. 3:19-cv-00210 (KAD), which was filed in the United States District Court for the District of Connecticut.

## JURISDICTION AND VENUE

23. This is an action for Breach of Contract, Trade Secret Misappropriation, Correction of Inventorship, and Unfair and Deceptive Trade Practices.

24. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and 18 U.S.C. § 1836(c).

25. The Court has personal jurisdiction over the defendants because each defendant, personally and/or by and through an agent, (a) consented to jurisdiction in Connecticut, (b) transacted business within the state, (c) committed a tortious act within the state, and/or (d) committed wrongful acts outside the state and those wrongful acts have caused harm inside the state.

26. Venue is proper because Overwatch Defense waived any objection to venue in any action instituted in a Connecticut court and the defendants are successors to Overwatch

Defense, and alternatively, because a substantial part of the events or omissions giving rise to the claim occurred in this venue.

27. In particular, as part of a resolution *Ascent AeroSystems Inc. v. Overwatch Defense LLC,* Civil Action No. 3:19-cv-00210 (KAD), Overwatch Defense promised that it had returned all of Ascent's products and equipment; verified that all information provided by Ascent or derived from Ascent's disclosures had been or would be destroyed; promised that it would not use information provided by Ascent or derived from Ascent's disclosures; and promised not to infringe Ascent's patent. Yet, soon thereafter, Hill and Michael created Overwerx, Overwatch Aerospace, and Overwatch Aerospace USA, for the purpose of undermining, circumventing, and/or breaching those promises, by misappropriating and commercially exploiting Ascent's coaxial drone technology.

**FACTUAL BACKGROUND**

28. Since 2014, Ascent has been engaged in the business of designing, manufacturing, and selling coaxial drones for industrial, public safety, and defense applications.

29. Ascent's coaxial drones are unique in configuration, allowing Ascent's drones to be flown efficiently at both low and high speeds, with outstanding maneuverability, for long distances, while carrying relatively heavy payloads.

30. Ascent's coaxial drones are also highly versatile because of their cylindrical shape, compactness, and modularity – features that (1) make it rugged and damage resistant, (2) allow use of a wide variety of payloads, (3) facilitate storage and handling, (4) enable operations in adverse weather conditions, and (5) make possible launches from confined areas and/or moving platforms.

31.     Ascent's coaxial drones can be equipped with sophisticated equipment and sensors, including global positioning and imaging systems, which allow for precision control even from extended distances.

32.     In or about September 2017, Hill – on behalf of Overwatch Defense and Overwatch Optics – directed an unsolicited communication to Ascent inquiring about Ascent's coaxial drones.

33.     On September 23, 2017, Hill represented to Ascent: "We have been working on this project for some time and have patented it, but the development of the coaxial drone with a decent payload isn't easy (as Im sure you are aware). Your units fit the bill for what we need."

34.     Hill's representation about "hav[ing] patented it" was false, and upon information and belief, his representation about "working on this project for some time" was equally false.

35.     Believing Hill was acting in good faith, Ascent entered a Mutual Non-Disclosure Agreement ("NDA") with Overwatch Optics on September 27, 2017, effective September 23, 2017.

36.     The NDA provides for the protection of confidential, proprietary and/or trade secret information shared by the parties, so that a possible business relationship could be explored. In addition, the NDA ensured that equipment, components, software, or other items would not be reverse engineered, disassembled, or decompiled. Nor would any such item be otherwise analyzed to determine its physical construction. The NDA provides for the application of law of the State of New York and that all disputes be resolved in the state or federal courts covering Sandy Hook, Connecticut.

37.     Thereafter, on or about November 12, 2017, Ascent and Overwatch Defense entered into a Commercial Teaming Agreement, wherein the parties agreed to jointly pursue the

business initiative of making and selling a "PHOLOS" weaponized drone, *i.e.,* Ascent's coaxial drone adapted for a military application. The parties expressly agreed to be bound by the NDA. The parties further agreed that each party owned the rights to any technology it would independently develop or had already developed, and that no transfer, grant, or license was made or implied because of the agreement.

38. Under these agreements and relying upon the promises and protections expressly found therein, Ascent shared its confidential, proprietary and/or trade secret information with Hill, Michael, and Overwatch Defense about its coaxial drones.

39. The confidential, proprietary and/or trade secret information provided under the NDA and Teaming Agreement includes, without limitation, the following:

   a. 3D CAD STEP files for the Pholos I and Pholos 2 coaxial drone mockups, which are engineering models of the fully assembled drones, including each module of each drone configuration;

   b. 3D CAD files of the bulkhead payload module and the payload mounting ring of a functional Ascent's coaxial drone, which are mating parts that provide a means for mating various drone modules and establish a three-legged landing gear configuration;

   c. 3D CAD files of the modular attachment ring of a functional Ascent's drone that includes a particular radial bolt pattern;

   d. A "bill of materials" (parts list) for each module (propulsion and rotor system, flight control, forward interface, battery, communications) of one of Ascent's functional UAV designs that formed the basis of the Teaming Agreement's PHOLOS drone;

   e. A pinout of the connector board of an Ascent drone that provides technical details of the electrical design elements of the Ascent drone's modularity; and

   f. A non-public specification sheet for an operational Ascent drone.

40. Ascent also shared the following equipment and items with Hill, Michael, and Overwatch Defense: (a) a Sprite 1 UAV with a First-Person View system, (b) Pholos 1 UAV

Mockups, (c) Pholos 2 UAV Mockups, (d) Sprite 2 UAVs with ground controller and accessories, and (e) Sprite 2 UAV (vehicle only).

41. On or about October 26, 2018, Overwatch Defense – through its counsel – expressed "an interest in exploring a long-term exclusive license with Ascent … involving the exclusive use of Ascent's defense-related assets, including intellectual property."

42. No such agreement was ever reached, and instead, in accordance with its terms, Ascent terminated the Commercial Teaming Agreement by letter dated November 26, 2018.

43. On December 3, 2018, and then again on December 21, 2018, Ascent demanded, in writing, the prompt return of Ascent's confidential, proprietary and/or trade secret information, along with the equipment detailed above.

44. By letter dated February 4, 2019, Overwatch Defense rejected Ascent's demands.

45. Eight days later, on February 12, 2019, Ascent filed the action entitled *Ascent AeroSystems Inc. v. Overwatch Defense LLC,* Civil Action No. 3:19-cv-00210 (KAD), in the District Court for the District of Connecticut.

46. The parties quickly reached a settlement, because (1) Overwatch Defense agreed to return all of Ascent's equipment except for one drone that was allegedly destroyed, (2) Hill attested under oath that all printed and electronic Information provided by Ascent or derived from Ascent's disclosures had been or would be destroyed, (3) Hill promised that Overwatch would not use any information provided by Ascent or derived from Ascent's disclosures in any manner in the future, and (4) Hill agreed that Overwatch would not infringe U.S. Patent No. 10,093,417 B2.

47. In reliance on Hill and Overwatch's promises and representations, Ascent dismissed without prejudice the case entitled *Ascent AeroSystems Inc. v. Overwatch Defense LLC,* Civil Action No. 3:19-cv-00210 (KAD), on April 24, 2019.

48. However, only months later, Hill and Michael founded Overwerx in January 2020, and Overwatch Aerospace in February 2020, for the purpose of misappropriating Ascent's technology and creating a "Pholos" coaxial drone.

49. On March 17, 2020, Hill was appointed a Director of Overwerx and on that same day, Hill caused Overwatch Defense to assign U.S. Patent Application No. 16/153,696 to Overwerx.

50. On September 25, 2020, Overwatch Defense was dissolved.

51. As of January 13, 2021, Michael owned 4800 shares of Overwerx while Hill owned 3700 shares of Overwerx.

52. On August 19, 2021, Hill and Michael organized Overwatch Aerospace USA, with a place of business listed in Cocoa, Florida.

53. According to its May 2024 announcement, the Overwatch Group began delivering the misappropriated "Pholos" coaxial drone at some point in 2022 outside the United States.

54. On or about September 29, 2023, Overwatch Aerospace sought trademark protection from the Intellectual Property Office in the United Kingdom for the designation "Pholos" for drones, military drones, and UAVs.

55. On May 2, 2024, Overwatch Group and Michael announced the launch of "Pholos" into the United States market.

## COUNT ONE (Breach of Contract)

56. Paragraphs One to Fifty-Five above are hereby incorporated herein as Paragraphs One to Fifty-Five of Count One.

57. Overwerx, Overwatch Aerospace, and Overwatch Aerospace USA are responsible for the debts and obligations of Overwatch Defense under federal and state principles of successor liability because (1) a de facto merger/consolidation occurred, (2) the successor entities were a mere continuation of Overwatch Defense's business, and/or (3) the company reorganization/restructuring occurred in an attempt to fraudulently escape Overwatch Defense's debts and obligations owed to Ascent.

58. Ascent satisfied its obligations under the NDA, the Teaming Agreement and the Settlement Agreement.

59. Overwatch Defense and its successors, Overwerx, Overwatch Aerospace and/or Overwatch Aerospace USA, breached the NDA, the Teaming Agreement and the Settlement Agreement, in one or more, or all of the following ways:

    (1) Misappropriating Ascent's confidential, proprietary and/or trade secret information concerning its coaxial drones,

    (2) Engaging in and/or causing others to reverse engineer, disassemble, decompile, or otherwise analyze the physical construction of Ascent's drones,

    (3) Pursuing the business initiative of making and selling a Pholos coaxial drone after termination of the Teaming Agreement,

    (4) Fraudulently pursuing and securing patents on Ascent's intellectual property before the United States Patent Office,

    (5) Using information provided by Ascent under the NDA and/or Teaming Agreement, or derived therefrom, to make and sell a Pholos coaxial drone,

    (6) Commercially exploiting Ascent's confidential, proprietary and/or trade secret information without Ascent's authorization, grant, or license,

(7) Failing to destroy information provided by Ascent under the NDA and/or Teaming Agreement,

(8) Using images of Ascent's coaxial drones provided under the NDA and/or Teaming Agreement in marketing and promotional materials, and/or

(9) Copying Ascent's product specification sheet to create a product specification sheet for the replicated PHOLOS drone.

60. Each breach, alone and/or in combination, has caused substantial and irreparable harm to Ascent and will continue to cause substantial and irreparable harm to Ascent, unless and until the defendants are enjoined.

61. As a result of the foregoing breaches of contract, Ascent is entitled to a recovery of damages, issuance of a preliminary and permanent injunction, and a recovery of its costs and attorneys' fees.

## COUNT TWO (Breach of Contract)

62. Paragraphs One to Sixty-One above are hereby incorporated herein as Paragraphs One to Sixty-One of Count Two.

63. Hill and Michael are personally liable for the contract breaches, detailed above, under equitable principles of veil piercing because (1) Hill and Michael exercised complete dominion with respect to these transactions and the wrongdoing alleged and such dominion was used to commit a fraud or wrong against Ascent proximately causing it harm, and/or (2) a unity of interest and control existed such that the company's independence had never begun or had ceased and adhering to the corporate fiction would serve only to defeat justice and equity.

64. Each breach, alone and/or in combination, has caused substantial and irreparable harm to Ascent, which will continue unless enjoined.

65. Ascent is thus entitled to a recovery of damages against Hill and Michael, an issuance of a preliminary and permanent injunction, and a recovery of its costs and attorneys' fees.

66. Hill and Michael are therefore personally, jointly, and severally liable for the damages caused by the breaches of the NDA, Teaming Agreement and/or Settlement Agreement, alleged herein.

### COUNT THREE (Trade Secret Misappropriation)

67. Paragraphs One to Sixty-Six above are hereby incorporated herein as Paragraphs One to Sixty-Six of Count Three.

68. Ascent, through a substantial investment of time and resources, developed confidential and proprietary information concerning its coaxial drones.

69. Ascent has taken reasonable measures to keep such information secret, which includes entering the NDA and the Teaming Agreement, to protect such information from wrongful use and/or disclosure.

70. Ascent also promptly commenced the related, prior civil action against Overwatch Defense to enforce the NDA and Teaming Agreement and secured explicit promises and representations from Overwatch Defense and Hill designed to protect Ascent's confidential and proprietary information.

71. The secrecy of Ascent's confidential and proprietary information derives independent economic value, actual or potential, because it is not generally known and not readily ascertainable through proper means.

72. In fact, during the Teaming Agreement, Hill on behalf of Overwatch Defense expressed that they were "keen on owning some IP" and "would also like to know what a perpetual license (defense only) would be."

73. Thereafter, Hill on behalf of Overwatch Defense proposed a License Agreement and Memorandum of Understanding, whereby Overwatch Defense would pay $5 Million, plus a running royalty, for a non-exclusive, worldwide license in all of Ascent's Copyrights, Know-how and Patents required to make and sell Ascent's coaxial drone when used to carry an explosive payload.

74. Ascent uses its trade secrets with respect to its coaxial drones to engage in business within Connecticut and in interstate commerce.

75. Hill, Michael, Overwatch Defense, Overwerx, Overwatch Aerospace, and Overwatch Aerospace USA have misappropriated Ascent's trade secret protected information by using the trade secrets without Ascent's consent, after Hill, Michael and Overwatch Defense derived and secured the information and equipment under circumstances that explicitly limited their use, including without limitation that Ascent's coaxial drones would not be reverse engineered, disassembled, decompiled or otherwise analyzed to determine their physical construction.

76. Each defendant, as a consequence, has violated 18 U.S.C. § 1836 and Connecticut General Statutes § 35-51 et seq., and the Court should enjoin each of them from actual and/or threatened misappropriation and/or use of Ascent's protected intellectual property.

77. Ascent has suffered, and will continue to suffer, irreparable harm because of the defendants' misappropriation of Ascent's trade secrets and Ascent has no adequate remedy at law.

78. The Court should also award Ascent damages for the losses caused by the trade secret misappropriation and/or for any unjust enrichment resulting from that misappropriation, including disgorging all wrongfully secured earnings and/or profits of the defendants.

79. The wrongful conduct of the defendants is willful and malicious, justifying an exemplary damage award of at least two times the damages awarded.

### COUNT FOUR (Inventorship Correction)

80. Paragraphs One to Seventy-Nine above are hereby incorporated herein as Paragraphs One to Seventy-Nine of Count Four.

81. On or about October 5, 2018, Hill and Overwatch Defense filed a non-provisional patent application with the United States Patent Office, wherein they falsely claimed that Hill was the inventor of Ascent's coaxial drone with an explosive component and imaging system.

82. Two of Ascent's founders, however, conceived of and reduced that claimed invention to practice before Hill, and Hill wrongly misappropriated it and then fraudulently claimed it as his own.

83. Hill and Overwatch Defense continued to pursue issuance of patents even after Ascent terminated the Teaming Agreement, leading the U.S. Patent Office to issue U.S Patent Nos. 11,067,374 and 11,940,251.

84. Hill assigned these fraudulent patents to Overwatch Defense, and Hill then caused Overwatch Defense to assign them to Overwerx.

85. 35 U.S.C. § 256 authorizes this federal district court to issue an order directing the patent be corrected to properly reflect inventorship in circumstances where (i) a patent lists an inventor who is not actually an inventor (as here), and/or (ii) a true inventor has been left off the patent entirely (also as here).

86. In accordance with 35 U.S.C. § 256, the Court should accordingly issue an order directing the Director of the U.S. Patent Office to correct inventorship of U.S. Patent Nos. 11,067,374 and 11,940,251.

### COUNT FIVE (Unfair and Deceptive Trade Practices)

87. Paragraphs One to Eighty-Six above are hereby incorporated herein as Paragraphs One to Eighty-Six of Count Five.

88. The actions of the defendants, alone and combined, constitute unfair and deceptive trade practices in violation of Connecticut General Statutes § 42-110a et seq.

89. The wrongful acts of the defendants include, without limitation:

   a. Misrepresenting that Hill and/or Overwatch had patented the concept of a coaxial drone with an explosive payload.

   b. Gaining access to Ascent's technology under the false premise that they would honor the NDA and Teaming Agreement.

   c. Using Ascent's confidential and proprietary information to falsely claim Hill is the rightful inventor and Overwatch Defense and Overwerx are the rightful owners of Ascent's intellectual property.

   d. Fraudulently pursuing and securing patents on Ascent's intellectual property before the United States Patent Office.

   e. Using Ascent's confidential and proprietary information to wrongly make, market and sell a Pholos coaxial drone, even though the Teaming Agreement was terminated, and the coaxial drone is and has always been the intellectual property of Ascent.

   f. Engaging in and/or causing others to reverse engineer, disassemble, decompile, or otherwise analyze the physical construction of Ascent's drone.

   g. Dissolving Overwatch Defense and creating Overwerx, Overwatch Aerospace and Overwatch Aerospace for the purpose of attempting to avoid the debts and/or obligations owed to Ascent under the NDA, the Teaming Agreement, and the Settlement Agreement.

  h. Commercially exploiting Ascent's confidential, proprietary and/or trade secret information without Ascent's authorization, grant, or license.

  i. Using images of the Teaming Agreement's PHOLOS drone to market the replicated PHOLOS drone.

  j. Copying Ascent's product specification sheet to create a product specification sheet for the replicated PHOLOS drone.

  k. Falsely representing to the public that they are a pioneering company and designed the PHOLOS drone in Britain.

90. The wrongful acts of each defendant are willful and have been committed with malice.

91. As a result of the defendants' unfair and deceptive trade practices, Ascent has suffered an ascertainable loss and is entitled to an award of actual, consequential, and punitive damages and an award of attorneys' fees against all defendants, including individually against Hill and Michael.

92. Each defendant is jointly and severally liable to Ascent for the damages caused thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, Ascent respectfully requests that the Court enter orders and a final judgment as follows:

    A.    A preliminary and permanent injunction that enjoins and restrains each defendant, along with the officers, directors, principals, agents, servants, employees, successors, assigns, and attorneys of Overwerx, Overwatch Aerospace and/or Overwatch Aerospace LLC, and all those persons in active concert or participation therewith who received actual notice of this Court's orders, from:

        1.    Making, marketing, offering to sell and/or selling the PHOLOS drone;

        2.    Using and/or disclosing Ascent's confidential, proprietary and/or trade secret information related to Ascent's coaxial drones;

        3.    Using, publishing and/or republishing images of Ascent's drone and/or images derived from Ascent's confidential and proprietary information in its promotion of Overwerx, Overwatch Aerospace and/or Overwatch Aerospace LLC, or the PHOLOS drone; and

        4.    Using, publishing and/or republishing PHOLOS product specification sheets that substantially copy, and/or are derived from, Ascent's product specification sheets.

    B.    A preliminary and permanent injunction that mandates the Defendants turnover to the Court, for accounting and destruction, the following:

        1.    Ascent's drones, equipment, and confidential, proprietary and/or trade secret information, including documents, files and/or computer files that are in their possession or control.

        2.    All PHOLOS drones that were created by reverse engineering, disassembling, decompiling or otherwise analyzing the physical construction of Ascent's drones, and/or by using Ascent's confidential, proprietary and/or trade secret information.

    C.    A preliminary and permanent injunction that mandates the Defendants to formally instruct, in writing, all third parties who (i) reverse engineered, disassembled, decompiled or otherwise analyzed the physical construction of Ascent's drones, (ii) replicated Ascent's coaxial drone, or (iii) who were afforded access to Ascent's drones, equipment, and/or confidential, proprietary and/or trade secret information:

1. To not use, exploit or disclose any Ascent drone, equipment or information, or any information derived from such equipment, drones, or information at any time for any reason in the future;

2. To turnover to the Court, for accounting and destruction, Ascent drones, equipment, and confidential, proprietary and/or trade secret information, including documents, files and/or computer files in their possession or control;

3. To turnover to the Court, for accounting and destruction, all drones, including PHOLOS drones, that were created by reverse engineering, disassembling, decompiling or otherwise analyzing the physical construction of Ascent's drones, and/or by using Ascent's confidential, proprietary and/or trade secret information.

D. Money Damages.

E. Punitive Damages.

F. Attorneys' Fees.

G. Such other relief as this Court deems just and proper.

## JURY DEMAND

Ascent hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

        THE PLAINTIFF,
        ASCENT AEROSYSTEMS, INC.

        /s/ John R. Horvack, Jr.
        John R. Horvack, Jr.
        Federal Bar ct12926
        Fatima Lahnin
        Federal Bar ct24096
        Damian K. Gunningsmith
        Federal Bar ct29430
        Meghan F. Buckley
        Federal Bar ct31490
        Carmody Torrance Sandak & Hennessey, LLP
        195 Church Street
        P.O. Box 1950
        New Haven, Connecticut 06509-1950
        Tel: 203-777-5501
        Fax: 203-784-3199
        jhorvackjr@carmodylaw.com
        flahnin@carmodylaw.com
        dgunningsmith@carmodylaw.com
        mbuckley@carmodylaw.com

        *Attorneys for Ascent AeroSystems Inc.*