# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

ASCENT AEROSYSTEMS, INC.

        Plaintiff,

        v.

MARYNA TROST, ADMINISTRATOR
OF THE ESTATE OF JEFFREY T. HILL,
OVERWATCH AEROSPACE LLC,
OVERWATCH AEROSPACE LTD and
OVERWERX LTD

        Defendants.

Case No.: 5:25-cv-00275-BKS-MJK

## JOINT STATUS REPORT

McCarter & English, LLP ("McCarter"), by and through its attorneys, respectfully submits this Joint Status Report in response to the Court's Order dated November 17, 2025, ECF No. 142. In its November 17 Order, the Court required the parties to meet and confer, and further directed the filing of a status report by "counsel of record for Ms. Trost, McCarter & English[.]" *Id.*

As an initial matter, the undersigned wishes to clarify that McCarter does not represent Ms. Maryna Trost or the Estate of Jeffrey T. Hill ("Estate"). Although Attorneys Thomas J. Rechen, Jessica Delores Bowman, Snigdha Mamillapalli and Greg J. Mascitti filed appearances on behalf of Overwatch Aerospace, LLC, Overwatch Aerospace Ltd, Overwerx Ltd and Jeffrey T. Hill, *see* ECF Nos. 30, 31, 85, 93, 95, Mr. Hill died on April 23, 2025, ECF No. 110. It is well settled under principles of agency and rules of ethics that an attorney's authority to act on behalf of a client ceases upon the client's death, and cannot be vested in the client's estate absent

express consent from the decedent's representative. *See, e.g.*, *United Shore Fin. Servs. v. Kalstein*, No. 20 CV 5062 (PKC) (CLP), 2024 WL 4932752, at *3 (E.D.N.Y. Dec. 2, 2024) ("Although the Firm was counsel of record in this action prior to Kalstein's death, the death of a client terminates the attorney-client relationship and the attorney's authority to act ends, unless there is authorization from the representative of the Kalstein Estate."); *Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D. Conn. 2015) ("[A]n attorney-client relationship terminates upon the death of the client, . . . and extinguishes any notion that an attorney-client relationship automatically vests between the attorney and the estate of the deceased client."); *Navin v. Wells Fargo Bank, N.A.*, No. 3:15-CV-671 (MPS), 2017 WL 4401454, at *2 n.1 (D. Conn. Sept. 29, 2017) ("[A]ny attorney-client relationship that [Plaintiff's counsel] had with [Plaintiff] neither survived [Plaintiff's] death nor transferred to the estate."); *Bingham v. Zolt*, 683 F. Supp. 965, 976 (S.D.N.Y. 1988) (death of client terminates the attorney-client relationship, and attorney may not act further unless authorized to do so by deceased client's representative). Further, both Connecticut and New York Rules of Professional Conduct prohibit the practice of law in the absence of a written engagement reflecting the scope of an attorney's representation. *See* Conn. Rules of Professional Conduct 1.5(b); N.Y. Rules of Professional Conduct 1.5(b).

On November 18, 2025, the undersigned contacted Plaintiff's counsel, Attorney John R. Horvack, Jr., to provide notice that McCarter does not represent Ms. Trost or the Estate in this action and that the Court's Order suggesting that McCarter was counsel of record was a mistake. Nonetheless, in furtherance of the Court's November 17 Order, the undersigned informed Plaintiff's counsel that he understood the Estate had about $130,000 in assets, about $30-35,000 in unsecured debt, and that approximately $30,000 of the remaining assets were exempt from the claims of creditors and would automatically pass to Mr. Hill's widow and family per Virginia

law. Attorney Horvack advised that he wished to communicate with someone who was authorized to speak on behalf of the Estate and the undersigned assured him that he would pass the request along to Ms. Trost.

On November 25, 2025, via a telephone call, the undersigned communicated the contents of the Court's November 17 Order to Ms. Trost as well as the request of Plaintiff's counsel. The undersigned further informed Ms. Trost that McCarter does not represent the Estate, and that independent counsel should be retained to determine the Estate's interests in this action and to guide it through these proceedings if it is in its interests to do so. Ms. Trost asked that counsel for the Plaintiff be informed that he could communicate with her in writing via email. On the same day, following the telephone call with Ms. Trost, the undersigned provided Ms. Trost's email address to Plaintiff's counsel. Plaintiff's counsel asked that he be permitted an opportunity to convey Plaintiff's position to the Court, which is set forth below.

Plaintiff's below position is based upon numerous unfounded assumptions, speculations and inaccuracies. McCarter is not in a position to refute these assertions without revealing confidential attorney-client communications, but it is the case that a conflict of interest presently prevents McCarter from representing the Estate, which the undersigned has reported to Plaintiff's counsel. Further, Ascent has cited no authority supporting its made-up position that the Court must receive and then grant an attorney's motion for withdrawal in this situation. Plaintiff's citation to the publication of an unrelated state bar association is hardly governing law and should have no bearing on the matter before this Court.

Finally, although the Corporate Defendants' Motion for Reconsideration as to Lack of Personal Jurisdiction (ECF No. 109) remains pending, it is not responsive to, and is irrelevant to the contents of this Status Report, as directed by the Court's November 17 Order. Accordingly,

the Court should deny Ascent's requests which are not properly made under the Rules of this Court.

**PLAINTIFF'S POSITION:**

The plaintiff, Ascent AeroSystems, Inc. ("Ascent"), respectfully disagrees with the effort of McCarter & English (presumably at the behest of its Corporate clients) to abandon Jeffrey Hill's widow, Maryna Trost, and his Estate and leave them without representation in this case. As outlined below, the McCarter lawyers would need to file and have granted a Motion to Withdraw in accordance with Local Rule 11.1(b).

As a general matter, Ascent agrees that Mr. Hill's death terminated the attorney-client relationship and that authorization for continued representation must be received from the representative of Hill's Estate, *i.e.,* Maryna Trost. Ascent, however, disagrees that McCarter can unilaterally refuse to represent Hill's Estate, and further that it can do so without the Court's consent.

In this regard, Ms. Trost advised this Court: "I have communicated with Jeff's prior lawyers who indicate they will not proceed in this process as attorneys for Jeff's estate due to limited funds in the estate." (Dkt. No. 141, p2) (emphasis added). And yet, in this case, McCarter has always been counsel of record for all defendants, including Mr. Hill. That is not surprising given that Mr. Hill is accused of misappropriating Ascent's proprietary technology for the benefit of the Corporate Defendants, who are now exploiting Ascent's technology in direct competition with Ascent in the global marketplace. Indeed, the Corporate Defendants were recently at a U.S. tradeshow in Florida directly competing with Ascent in the US market. As detailed in Ascent's court filings, the Corporate Defendants' theft and commercial exploitation of Ascent's technology in a manner directly adverse to Ascent, has caused and will continue to

4

cause Ascent to suffer irreparable harm in the form of lost market exclusivity, lost market share, price erosion, lost goodwill and tarnished reputation. Therefore, this is a classic situation where the Corporate Defendants owe Hill and his Estate defense and indemnification, which has been afforded until now.

Moreover, Ascent's research shows that Hill's rights with respect to his lawyer's representation passed to his Estate and his Estate has the right to continued representation. Specifically, according to the North Carolina State Bar:

> As a matter of agency law, the lawyer's authority to act for the client terminates at the client's death. The rights of the deceased client relating to the lawyer's representation may pass to other persons who can, if they wish, continue the representation.
> ….
>
> Once a personal representative has been appointed, the lawyer should ask the personal representative if he would like for the lawyer to continue as the lawyer for the estate in the pending litigation. If not, the lawyer must file a motion to withdraw. If the personal representative consents to the continued representation, the lawyer may need to substitute the estate as the party. Regardless of the decision of the personal representative, the lawyer for the deceased client must cooperate and seek to protect the deceased client's property and other rights. Also, the lawyer cannot withdraw without the consent of the court and must continue to represent the interests of the client/estate until the lawyer is released by the court per Rules 1.16(c) and (d).

Death of a Client | North Carolina State Bar

While this is from North Carolina's State Bar, Ascent has no reason to believe that Virginia law is any different. "Generally speaking, the death of the client terminates the attorney-client relationship. However, a well-recognized exception is the situation in which the client has agreed to have the attorney conduct the litigation to judgment or conclusion." *Jones v. Miller*, 203 F.2d 131, 134 (3d Cir. 1953). Moreover, "[i]t is generally said of the attorney-client relationship that "[w]hen an attorney is retained to conduct a legal proceeding, he enters into an

entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause". *Malarkey v. Texaco, Inc.*, No. 81 CIV. 5224 (CSH), 1989 WL 88709, at *1 (S.D.N.Y. July 31, 1989). Given the circumstances of McCarter's representation of Hill, the only reasonable inference is that Hill expected and agreed to have McCarter represent him until the entry of judgment or the conclusion of the dispute. The McCarter attorneys have never suggested otherwise. Accordingly, McCarter's obligation to Hill and his estate continues unless and until McCarter's relationship is properly terminated and their formal withdrawal is approved by the court. Moreover, there is no evidence to suggest that Ms. Trost has expressed a desire to terminate McCarter or replace them with different counsel. *Jones*, 203 F.2d at134 ("We agree with appellee that in this posture of the case it would at the very least have required an affirmative act on the part of Williams' administratrix to supersede Jones as co-counsel."). To the contrary, Ms. Trost appears distraught and confused by her legal predicament because McCarter has refused to provide, or even offer, continued representation.

Therefore, Ascent believes that McCarter has an obligation to "ask the personal representative [Trost] if [she] would like for the lawyer to continue as the lawyer for the estate in the pending litigation."  Moreover, McCarter "cannot withdraw without the consent of the court." While the Court's consent is required, Ascent observes that the Estate's hiring of "independent counsel" – *i.e.,* counsel who are not controlled by the Corporate Defendants – may promote a mediated settlement of the claims asserted against Hill.

Finally, Ascent notes that the Corporate Defendants have expressly abandoned defending this case on the merits. (See Dkt No. 100, ("the Corporate Defendants will not make any submissions directed to the merits of Plaintiff's claims, nor will they contest or defend Plaintiff's claims on the merits at trial or otherwise …")  Therefore, once this Court affirms the Connecticut

Court's finding of personal jurisdiction over the Corporate Defendants, Ascent respectfully requests that the Court "advance the trial on the merits and consolidate it with the [preliminary injunction] hearing" in accordance with FRCP 65(a)(2) and, thereby, "expedite the consideration …. of any action for temporary or preliminary injunctive relief" as required by 28 U.S.C. § 1657.

Respectfully submitted,

Dated: December 1, 2025

| | |
|---|---|
| */s/ Thomas J. Rechen* | */s/ John R. Horvack, Jr.* |
| Thomas J. Rechen, Esq. | John R. Horvack, Jr. |
| Snigdha Mamillapalli, Esq. | Federal Bar No. 516124 |
| **McCARTER & ENGLISH, LLP** | Fatima Lahnin |
| CityPlace I, 36th Floor | Federal Bar No. 705986 |
| 185 Asylum Street, | Damian K. Gunningsmith |
| Hartford, Connecticut 06103 | Federal Bar No. 706239 |
| Tel: (860) 275-6706 | Carmody Torrance Sandak & Hennessey LLP |
| Fax: (860) 218-9680 | 195 Church Street, 18th Floor |
| trechen@mccarter.com | P.O. Box 1950 |
| smamillapalli@mccarter.com | New Haven, CT 06509-1950 |
| | Tel.: (203) 777-5501 |
| *Counsel for Overwerx Ltd, Overwatch* | Fax: (203) 784-3199 |
| *Aerospace Ltd, and Overwatch Aerospace* | jhorvack@carmodylaw.com |
| *LLC* | flahnin@carmodylaw. om |
| | dunningsmith@carmodylaw.com |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 1, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Thomas J. Rechen*
Thomas J. Rechen