ASCENT AEROSYSTEMS INC.,

    *Plaintiff,*

    v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

    *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

### ASCENT'S RESPONSE TO THE CORPORATE DEFENDANTS' NOTICE CONCERNING HEARING AND REQUEST FOR IMMEDIATE PRE-HEARING CONFERENCE

Plaintiff Ascent Aerosystems, Inc. ("Ascent") is in receipt of the Corporate Defendants' Notice Concerning Trade Secret Hearing dated April 28, 2026 (ECF No. 174), provides its responses and objections thereto, and requests an immediate pre-hearing conference to address several issues raised by the Corporate Defendants' filing in advance of the May 4, 2026 preliminary injunction hearing. Now that Corporate Defendants' numerous attempts to cancel the preliminary injunction hearing via several procedural and other gambits have faltered, the Corporate Defendants improperly seek to inject new witnesses into the hearing at the eleventh hour in a desperate effort to salvage their defense of this action.

Ascent preliminarily notes that, in an effort to prejudice Ascent, the Corporate Defendants have repeatedly flip-flopped on whether they intend to defend at the upcoming hearing. They initially filed a "Notice of Non-Participation on the Merits" (ECF No. 100) on April 8, 2025. After the Court ordered the forthcoming preliminary injunction hearing and undersigned counsel asked

the Corporate Defendants to discuss hearing logistics on April 3, 2026, Counsel Rechen indicated by email to undersigned counsel dated *on April 9, 2026* that "*[t]he Corporate Defendants intend to withdraw their Notice of Non-Participation on the Merits (ECF No. 100) and to defend* Ascent's Motion for Preliminary Injunction at the May 4, 2026 hearing." Ex. 1 at 2 (emphasis added). Thus, the Corporate Defendants apparently had a plan to defend at the hearing as of April 9, 2026 (but did not disclose any witnesses or specific plans to Ascent's counsel). Then, when exhibit lists and witness lists were due on Monday, April 20, 2026, Counsel Rechen flip-flopped and represented to this Court that "*[c]onsistent with the position set forth in their Notice of Non-Participation on the Merits (ECF No. 100) filed on April 8, 2025, the Corporate Defendants do not intend to introduce any witness testimony or exhibits at the hearing*." ECF No. 170 at 1 (emphasis added).

Now, in the Corporate Defendants' April 28, 2026 filing—less than one week before the May 4, 2026 hearing—the Corporate Defendants have flip-flopped a third time and state that they will defend the merits, despite having had ample opportunity to provide Ascent with notice of their plans for the hearing weeks (if not months) ago. Ascent objects to the Corporate Defendants' notice, and in particular objects to its improper and belated disclosure of three witnesses who should not be permitted to testify at next week's hearing. Ascent requests an immediate conference to address Ascent's concerns with the Corporate Defendant's disclosure and confirm the scope and parameters of next week's hearing. Ascent also reiterates its request that discovery be compelled from the Corporate Defendants immediately.

I.      **ASCENT OBJECTS TO THE CORPORATE DEFENDANTS' WITNESS DISCLOSURE**

Since last year, Ascent has been transparent with the Corporate Defendants and this Court that it intends to present three witnesses at the preliminary injunction hearing: Peter Fuchs, John

Meringer, and Nate Meringer. This has afforded the Corporate Defendants plenty of time to prepare. Until yesterday, the Corporate Defendants had not identified a single witness who they intended to bring to the hearing. Now, with just six days remaining before the hearing, the Corporate Defendants have improperly identified three witnesses: Andrew G. Michael, James Earl, and Attorney Wesley W. Whitmyer. ECF 174 at 2. Ascent objects to this disclosure, and none of the three witnesses should be permitted to testify at the hearing.

**First**, Andrew Michael could have been disclosed as a witness months ago. Most importantly, Ascent noticed Mr. Michael's deposition on April 3, 2026. In parallel with the deposition notice, undersigned counsel noted to the Corporate Defendants:

> [W]e are noticing a deposition of Mr. Michael in his capacity as an officer of the Corporate Defendants in advance of the preliminary injunction hearing. We expect that Mr. Michael's custodial documents will be produced in advance of that deposition.

Ex. 1 at 3. The Corporate Defendants (through counsel Rechen) rebuffed that request, have not tendered Mr. Michael for deposition, and have not produced a single one of Mr. Michael's or the Corporate Defendants' documents. Thus, in Ascent's April 20, 2026 disclosure of witnesses, Ascent made clear that "Plaintiff intended to call Andrew G. Michael, Chief Executive Officer of the Corporate Defendants, but requested that he would need to be deposed prior to the preliminary injunction hearing pursuant to Plaintiff's April 3, 2026 Notice of Deposition of Andrew G. Michael scheduled for April 21, 2026." ECF no. 169 at 2. The Corporate Defendants, meanwhile, declined to disclose Mr. Michael to this Court on April 20, 2026 (*see* ECF No. 170) despite having every opportunity to do so. The Corporate Defendants should not be permitted to evade Mr. Michael's deposition and document discovery, decline to disclose him on April 20, and then nonetheless bring him to the hearing pursuant to their belated April 28, 2026 disclosure to testify however he pleases without the benefit of any of the requested written or testimonial discovery.

***Second***, the Corporate Defendants disclose James Earl, a Programme Manager at STARK Drones to provide "expert testimony." This disclosure is improper and untimely and the first time this unknown individual has ever been disclosed to Ascent. The subject of experts at the preliminary injunction hearing was broached at the April 10, 2025 conference—over a year ago. During that conference, Ascent's counsel noted that Mr. Rechen had told Ascent that "he might call an expert witness, that person is unnamed, unidentified. I've asked who it is, he won't tell me and so we'll have a fight over whether or not that's appropriate, surprise expert witness in this context." ECF 104 at 34. Counsel Rechen said (again on April 10, 2025) that he was not "in a position to identify that expert yet," telling the Court that "[t]hese are recent developments." ECF 104 at 37. At that April 10, 2025 hearing, Mr. Rechen then indicated that he would "certainly" provide "reasonable notice of the expert" in advance of any evidentiary hearing, whereupon the Court made clear that it would require "two or three weeks notice" of any expert. ECF 104 at 38.

Despite Ascent having raised these issues over a year ago, Counsel Rechen and the Corporate Defendants blew past these requirements and their past promises to Ascent and this Court and identified an entirely new expert just three business days before the hearing—well after the "two or three weeks notice" that this Court required. Aside from the fact that the disclosure is untimely, it is all the more improper because it comes without an expert report outlining the expert's opinions, or even information that substantiates Mr. Earl's qualifications as an expert, in violation of Fed. R. Civ. P. 26(a)(2)(B) and Local Rule 26.3. Further, given Counsel Rechen's prior representations that the Corporate Defendants previously planned to defend as of April 9, 2026, it is plain that this is yet another belated disclosure that the Corporate Defendants could have made sooner, but declined to do so until after the Corporate Defendants' strategy to postpone the preliminary injunction hearing failed. This is the exact "surprise expert witness" disclosure that

4

Ascent's counsel expressed concern about more than a year ago. ECF 104 at 34. Having had more than a year to identify an expert, there is no justification or good faith basis for the Corporate Defendants' belated disclosure of Mr. Earl. He should not be permitted to testify.

In addition, it appears that Mr. Earl is an officer of a foreign drone company with unknown ties to the Corporate Defendants and other third parties and foreign government entities and may very well be a competitor in the space. In fact, his LinkedIn profile states that he "support[s] the growth of UK and European drone ventures competing with major U.S. players." Ex. 2 at 1. In the limited time Ascent has had to consider Mr. Earl's affiliations, Ascent understands the Mr. Earl and STARK are affiliated with Quantum Systems, a direct competitor to Ascent. Ascent formally objects to Mr. Earl serving as an expert witness and obtaining access to Ascent's information designated as CONFIDENTIAL and CONFIDENTIAL-ATTORNEY'S EYES ONLY information under the protective order.

***Third,*** the disclosure of Wesley W. Whitmyer, Jr. as a witness is improper. The Corporate Defendants provide no explanation of his testimony, its relevance, or the basis therefor in the witness disclosure, and Mr. Whitmyer is an outside counsel of record attorney for Overwerx—not in this litigation—but in an alleged patent infringement case recently filed by Overwerx in the District of Delaware. He has no personal knowledge of the events that occurred in relation to Ascent's disclosure of trade secrets to the Corporate Defendants during the 2017-2018 timeframe, is not an employee of the Corporate Defendants, and is not a proper fact witness in these proceedings. Ascent is also concerned that the Corporate Defendants and Counsel Rechen have already violated the protective order by providing Mr. Whitmyer with materials designated under the protective order in this case without any right to do so.

*Finally*, immediately before its identification of the above three witnesses, the Corporate Defendants' submission states that the Corporate Defendants "reserve the right . . . to present *one or more* of the following witnesses." None of the Corporate Defendants' witnesses should be permitted to testify for the reasons stated above. But even if one or more of the witnesses are permitted to testify, Ascent should be provided clarity on who *will* testify. It is improper (and prejudicial) for Ascent to be required to guess which witness or witnesses will testify at the hearing—thus, at minimum, the Corporate Defendants should be ordered to provide a more definite statement of their plans.

## II.       ASCENT REQUESTS AN IMMEDIATE PRE-HEARING CONFERENCE TO ADDRESS HEARING LOGISTICS

In light of the above, Ascent requests an immediate conference to address hearing scope, logistics, and timing. During the April 22, 2026 telephone conference, the Court indicated that it intended the May 4, 2026 hearing to be completed in a single day. Assuming that Ascent presents its three witnesses as originally planned, that schedule remains feasible. However, the Corporate Defendants' suggestion that they would add as many as three witnesses to the hearing could necessitate that the hearing could carry over into a second day. Tellingly, the Corporate Defendants do not address this issue at all in their submission. Depending on the Court's rulings on whether Defendants' witnesses will be permitted to testify, the parties and the Court should address the impact of any such rulings on hearing logistics. To be clear and as previously stated, Ascent wants its day in Court and desires that the hearing go forward as planned—at the same time, Ascent is also entitled to a fair hearing, should be permitted to present its case, and should not be unfairly prejudiced by the Corporate Defendants' repeated flipflopping and shenanigans.

Further, at the April 22, 2026 conference, the parties did not address closing statements or arguments. Ascent requests that time be allotted to present closing arguments or statements at the

hearing, limited to 30 minutes per side. This is consistent with the discussion the parties previously had during the April 10, 2025 videoconference. ECF No. 104 at 34.

### III. THE CORPORATE DEFENDANTS SHOULD BE COMPELLED TO PROVIDE DISCOVERY IMMEDIATELY, AND A CONFERENCE SHOULD BE SET BEFORE MAGISTRATE JUDGE KATZ

In its submission, the Corporate Defendants confirmed that they intend to answer the complaint "no later than May 22, 2026." ECF No. 174 at 1. Therefore, discovery in this case must go forward. During the April 22, 2026 telephone conference, counsel requested that the Court summarily deny the pending motions for a Protective Order and Motion To Stay (ECF Nos. 57, 65) so that the Corporate Defendants can be compelled to provide discovery that Ascent has been requesting for *over a year* from the Corporate Defendants. Ascent respectfully reiterates that request here.

During the April 22, 2026 conference, the Court indicated that Ascent could furnish supplemental briefing in support of the injunctive relief it seeks after the upcoming hearing. Now that this Court has confirmed personal jurisdiction and the Corporate Defendants intend to answer, an expedited discovery process should be kicked off now. Therefore, consistent with the Court's indication that it would refer discovery to Magistrate Judge Katz, Ascent also respectfully reiterates its request for an immediate Rule 16 conference or hearing before Magistrate Judge Katz so that discovery may be compelled from the Corporate Defendants as soon as possible. Ascent continues to be prejudiced every day that the Corporate Defendants improperly refuse discovery, and Ascent should have a fair opportunity to promptly supplement its briefing on the preliminary injunction after next week's hearing and pursue discovery under a court-ordered schedule.

Recent developments over the past week underscore the need for immediate discovery. As referenced during the April 22, 2026 conference, Ascent fears that the Corporate Defendants and

Mr. Michael are engaged in conduct that has the same "badges of fraud" that the Court found when Mr. Hill and Mr. Michael created the Corporate Defendants (ECF No. 150 at 28–29), including but not limited to shifting money and operations to new entities and developing coaxial drones under different names than PHOLOS to attempt to avoid its obligations to Ascent and liability in this case. Indeed, after Ascent raised to the Court at last week's conference that the Corporate Defendants were scheduled to dissolve in the United Kingdom for failing to file annual reports, both Overwatch Ltd. and Overwatch Defense, Ltd. belatedly filed annual reports this week for the fiscal year ending in February 2025 indicating that "[t]he directors have determined that no further contracts will be entered into and that the company will therefore cease trading." Ex. 3 at 1; Ex. 4 at 1. This, of course, conflicts with Counsel Rechen's representation that the Corporate Defendants still intended to operate in the coaxial drone market, though refusing to disclose any details. The corporate filings also suggest that nearly all of the Corporate Defendants' cash on hand was shifted from the corporate accounts and paid out as a "dividend" to unknown stakeholders or entities, further illustrating that Mr. Michael and the Corporate Defendants may intend to abandon the Corporate Defendants and operate through other unknown entities or partnerships. *See, e.g.,* Ex. 3 at 3, 10–11.

Given the Corporate Defendants' long history of fraud, delay, and obfuscation in this case, they must be compelled to immediately provide expedited discovery.

Dated: April 29, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a copy of the foregoing was filed electronically through the Court's CM/ECF system.

/s/ *Christopher A. Suarez*
Christopher A. Suarez