## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ASCENT AEROSYSTEMS INC.,

     *Plaintiff*,

     v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

     *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND THE COMPLAINT

Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ......................................................................... 1

II. LEGAL STANDARD ...................................................................................................... 3

III. ARGUMENT .................................................................................................................. 4

    A. EACH OF ASCENT'S PROPOSED AMENDMENTS ARE IN THE
    INTERESTS OF JUSTICE ........................................................................................... 4

        1. Amendments Relating to Andrew Michael's Personal Involvement in the Case..... 4

        2. Amendments Relating to the Trade Secret Claim .................................................... 7

        3. Amendments Relating to the Inventorship Claim .................................................... 7

        4. Amendments Relating to Developments, Including Overwatch's Initiatives
Relating to Coaxial Drones that Occurred Or Were Discovered Subsequent to the
Original Complaint ......................................................................................................... 9

        5. Amendments Relating to Connecticut State Law Claims ........................................ 9

        6. Other Amendments Update Facts and Conform Allegations to the
Developed Record .......................................................................................................... 10

    B. NONE OF THE CIRCUMSTANCES THAT COULD PRECLUDE
    AMENDMENT UNDER RULE 15(a)(2) APPLY HERE .............................................. 10

        1. There Is No Delay, Bad Faith, Or Dilatory Motive on Ascent's Part ................... 10

        2. There Is No Prejudice to Defendants from Ascent's First Amended Complaint ....11

        3. Amendment Is Not Futile ........................................................................................11

IV. CONCLUSION ............................................................................................................... 14

## TABLE OF AUTHORITIES

**AUTHORITIES**                                                                 **PAGE(S)**

**Cases**

*Block v. First Blood Assocs.*,
   988 F.2d 344, 350 (2d Cir. 1993) ........................................................................11


*In re Seganti*,
   153 F.4th 272, 279 (2d Cir. 2025) ...................................................................... 5, 12


*Kleeberg v. Eber*,
   331 F.R.D. 302, 314 (S.D.N.Y. 2019) ............................................................... 3, 10


*Monahan v. N.Y.C. Dep. of Corrs.*,
   214 F.3d 275, 283 (2d Cir. 2000) ......................................................................... 3


*Ruotolo v. City of New York*,
   514 F.3d 184, 192 (2d Cir. 2008) ........................................................................11

**Statutes**

35 U.S.C. § 256 ..................................................................................................... 1, 7

**Rules**

Fed. R. Civ. P. 14, 15, 19-22 ................................................................................. 3


Fed R. Civ p. 19(a)(1)(A) ...................................................................................... 6


Local Rule 15(a)(2) ............................................................................................. 3, 4


Local Rule 15.1(a) ................................................................................................. 3

## I. INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Ascent AeroSystems Inc. ("Ascent") moves for leave to file the proposed First Amended Complaint attached to this motion as Exhibit 1. While the complaint in this action was filed on June 21, 2024, this case is in its infancy. The parties have battled over personal jurisdiction and venue for almost the entirety of the last two years, with this Court confirming that personal jurisdiction and venue properly lies in this Court on February 24, 2026. ECF No. 150. Thereafter, two significant developments in this case furnish good cause for amending the Complaint now.

*First*, on February 27, 2026, Defendant Maryna Trost (as executor of the estate of Jeffrey Hill) filed a motion to dismiss the currently operative complaint. ECF No. 153-1.[1] That motion raised, among other things, issues pertaining to Ascent's identification of trade secrets (with respect to Ascent's Count Three) and the sufficiency of the pleadings with respect to Ascent's correction of inventorship under 35 U.S.C. § 256. In its response to that motion, Ascent noted that "[e]ven if the Court concludes that one or more counts would benefit from additional detail, this case remains at an early stage, and amendment would be neither futile nor prejudicial." ECF No. 158 at 18. While Ascent disagrees with Trost's motion and believes that it is procedurally improper (*see generally* ECF No. 158), to minimize the burden on the Court in resolving the pending motion, Ascent's motion and proposed amended pleading proactively addresses certain alleged deficiencies in Ascent's pleadings for the trade secret and inventorship claims.

*Second*, shortly after confirming this Court's jurisdiction, this Court set an evidentiary hearing for May 4, 2026, which the Court held on that date; the hearing also resumed on May 18

---

[1] Overwerx, Ltd., Overwatch Aerospace LLC, and Overwatch Aerospace Inc. (the "Corporate Defendants") answered the Complaint on May 29, 2026 (ECF No. 207) pursuant to this Court's previous order. Therefore, the pleadings are fully joined as to the Corporate Defendants.

and May 19, 2026. In the interim period between the hearing dates, the Court granted Ascent leave to take the deposition of Andrew Michael on May 14, 2026 in New York City. The evidentiary hearing and deposition provided Ascent with the first significant discovery in this case since the Complaint was filed in June 2024. In April and May 2026, the parties exchanged hundreds of exhibits, and the deposition and testimony of Mr. Michael and other witnesses at the hearing elucidated significant new information and facts that are relevant to this case, including facts about Mr. Michael's and the Corporate Defendants' involvement in the relevant activities that gave rise to this action, in addition to numerous facts that occurred subsequent to the filing of the original Complaint. These newly adduced facts are critical and confirm that this Court has personal jurisdiction over Mr. Michael is his personal capacity. The new facts also confirm that the Corporate Defendants have continued to use Ascent's misappropriated technology in new coaxial drone products aside from the PHOLOS, and those new products should be added to the case. The facts adduced during the evidentiary hearing also confirmed additional specifics regarding Ascent's trade secrets that are at issue, which are memorialized in Ascent's Notice of Identification of Trade Secrets filed on May 8, 2026. Plaintiff indicated that it would amend the Complaint at the May 4, 2026 hearing (May 4, 2026 Hr'g. Tr. at 258:17–259:4; 267:5–20).

Under Rule 15(a)(2), "[t]he Court should freely grant leave when justice so requires." Here, justice requires leave to be granted. This is the first time Ascent has sought amendment of its Complaint, and this case is procedurally in its earliest stages. Other than information gleaned from the evidentiary hearing and Michael deposition, the Corporate Defendants and Trost have not produced any documents. There is no operative discovery schedule or trial date in the case. And seeking to proactively amend the pleadings now—before merits discovery begins and the court sets the schedule—is the right time to do so. Most importantly, Ascent's amendment seeks to

conform the pleadings to the record that has developed as a result of a 7-hour deposition and 3-day evidentiary hearing spanning five witnesses, dozens of exhibits, and several hours of testimony. This included significant new evidence about the Corporate Defendants' activities that was previously unknown to Ascent. As discussed below, none of the factors that justify denial of amendment apply here—the amendment is not brought in bad faith as it merely seeks to streamline the case and conform the pleadings to the current record; there is no undue delay as the case is in its infancy and there is no schedule; there is no prejudice because the facts at issue are known to the Corporate Defendants and Trost; and there is no futility as the Court has already confirmed that there is jurisdiction and the original complaint (which the First Amended Complaint merely amends and supplements) has already been answered by the Corporate Defendants. The Court should therefore grant Ascent's motion.

## II. LEGAL STANDARD

Under Rule 15(a)(2), "[t]he Court should freely grant leave when justice so requires." "[L]eave to amend should be given 'absent evidence of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility.'" *Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019) (quoting *Monahan v. N.Y.C. Dep. of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000)).

Local Rule 15.1(a) further requires that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. . . . The motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a strikeout version of the pleading sought to be amended or through other equivalent means."

3

Ascent has complied with that rule by attaching its unsigned proposed amended complaint to this motion as Exhibit 1, and a strikeout version of the pleading sought to be amended as Exhibit 2.

## III.  ARGUMENT

Leave to amend should be granted here pursuant to Rule 15(a)(2).  Leave is to be "freely granted" under the rule when "justice requires," and none of the circumstances that the Second Circuit has held warrant denial of leave apply in this circumstance.

### A.  EACH OF ASCENT'S PROPOSED AMENDMENTS ARE IN THE INTERESTS OF JUSTICE

Ascent's motion to amend is in the interests of justice.  The proposed amended complaint (attached to this motion as Exhibit 1) would be the First Amended Complaint in this matter. As noted above and discussed below, this case is procedurally in its infancy and the amendments seek to address issues and facts that have been newly uncovered, as well as facts that address alleged pleading deficiencies raised in Defendant Trost's pending motion to dismiss.  The amendment conforms the pleadings to the facts as they have developed in this case, so that this case may proceed in a streamlined manner.

The proposed amendments to the complaint are reflected in the redlined version of the original complaint that is attached to this motion in Exhibit 2.  They fall into several categories for which amendment should be permitted in the interests of justice.

#### 1.  *Amendments Relating to Andrew Michael's Personal Involvement in the Case*.

Amendments reflected in paragraphs 33, 51–52, 55–58, 66–67, 72, 74–79, 81, 83, 85–86, 89, 92, 101–102, 111, 115, and 118–126  relate to Andrew Michael's direct and personal involvement in occurrences and transactions connected to Syracuse, New York, the United States, and abroad that relate to the breach of contract, trade secret, and other claims in this case.  Details of these events were discovered during the 7-hour deposition of Mr. Michael that occurred on May

14, 2026, as well as during Mr. Michael's testimony during the evidentiary hearing on May 18, 2026. These amendments are in the interest of justice because they are promptly made based on information that Ascent recently uncovered during its examinations of Mr. Michael, and they reinforce that Mr. Michael was intimately involved in interactions with Plaintiff in Syracuse, as well as with Hush Aerospace in Virginia and misappropriating conduct abroad. Indeed, as CEO of the Corporate Defendants, Andrew Michael is a central figure in this case.

On February 20, 2025, Judge Williams of the District of Connecticut dismissed Andrew Michael from this matter on the ground that the complaint did not allege "sufficient contacts with New York to satisfy due process." ECF No. 80 at 23, 26.[2] The Court noted some of Mr. Michael's high-level involvement in the original complaint, and noted that "without more, the court cannot conclude that Defendant Michael purposefully availed himself of the benefits and protection of New York's laws." *Id.* at 23. But the facts that have been uncovered (and this Court's February 2026 opinion on personal jurisdiction) belie any suggestion that this Court lacks personal jurisdiction over Mr. Michael as an individual. Justice thus dictates that amendments should be permitted to clarify the extent of Mr. Michael's role, and provide the "more" that the predecessor judge required. Mr. Michael, as the COO of Overwatch Defense, repeatedly engaged with, requested, and received information (including information such as CAD files and a Parts List) from Ascent over email throughout 2018 when it was based in Syracuse and the Meringer brothers resided there, personally visited Syracuse to discuss business matters with Ascent, and procured two physical Sprite 2 drones from Syracuse that embodied Ascent's proprietary Design X rotor configuration, including one that he physically collected in Syracuse and transported back to the

---

[2] This Court has acknowledged that "Michael was dismissed as a defendant for lack of personal jurisdiction." ECF No. 150 at 3 n.6. The dismissal of Mr. Michael from the case was necessarily without prejudice. *In re Seganti*, 153 F.4th 272, 279 (2d Cir. 2025) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice.").

United Kingdom. Mr. Michael brought this drone to London and refused to return it after Ascent terminated the teaming agreement in November 2018; Mr. Michael's and the Corporate Defendants' decision to copy the rotor configuration of that drone into the PHOLOS goes to the heart of the claims in this matter. The evidentiary hearing and this Court's recent opinion confirmed, moreover, that Mr. Michael personally visited Virginia multiple times to manage the misappropriating PHOLOS development process with Hush Aerospace, and reinforced that Mr. Michael was personally involved in the licensing negotiations between Ascent and Overwatch and the fraudulent formation of the Corporate Defendants as a continuation of Overwatch Defense. ECF No. 150 at 31-33 & n.11. This was among the reasons that this Court held that Overwatch Defense *did* have sufficient contacts with New York to Satisfy due process. *Id.* Thus, any notion that Mr. Michael lacked sufficient contacts makes little sense, particularly in view of the proposed amendments. Mr. Michael was also the driving force behind misappropriating development efforts for the a new product with a firm based in or around Washington, DC, and was the driving force behind misappropriating conduct related to the PHOLOS and another new product developed and sold abroad.

Justice also dictates that the amendment should be permitted because the history of this case has suggested that Mr. Michael has sought to hide behind corporate formalities and that he has engaged in "badges of fraud" (ECF No. 150 at 28-29). Evidence adduced during the evidentiary hearing (and corresponding allegations in the proposed amended complaint) suggest that Mr. Michael may be moving assets out of the Corporate Defendants' coffers and paying out dividends to himself, or taking other steps to avoid liability. Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's

absence, the court ***cannot accord complete relief among existing parties***." If Mr. Michael is not brought back into the case as a Defendant, there is a legitimate concern that Ascent will be prevented from securing "complete relief," both financially and with respect to any preliminary or permanent injunction that might be applied to Defendants.

### 2. *Amendments Relating to the Trade Secret Claim*

After the Court held that it has jurisdiction over Trost and the Corporate Defendants, Trost filed the aforementioned Motion to Dismiss as well as a Motion for Identification of Trade Secrets on February 27, 2026. ECF Nos. 153, 155. Those motions alleged that the original complaint did not sufficiently identify trade secrets, and sought an order compelling Ascent to identify its trade secrets. Based on the record as it had developed through the evidentiary hearing on May 4, 2026, Ascent filed its notice that identified 17 trade secrets on May 8, 2026, and the Court denied ECF No. 155 as moot. Defendants have also complained that acts of misappropriation were not pleaded in the Complaint as recently as today (ECF No. 222). Paragraphs 48, 50–58, 66–67, 72–83, 85–86, 89–92, 110–111, 115, 117–126 of the proposed amended complaint relate to facts pertinent and related to the Defendants' misappropriation of the recently identified trade secrets, again so that the operative complaint reflects the record as it has developed in this case. It is in the interest of justice to permit these amendments.

### 3. *Amendments Relating to the Inventorship Claim*

With respect to Ascent's inventorship claim, Trost's pending motion to dismiss also asserts a lack of subject matter jurisdiction, and that "[i]n the absence of any factual allegations demonstrating that Plaintiff has an ownership interest in the '374 and '251 Patents, Plaintiff lacks standing to bring a claim under 35 U.S.C. § 256." ECF No. 153-1 at 16. Ascent disagrees that the existing pleading is insufficient with respect to the inventorship claim in any respect, and the

Corporate Defendants have already answered the existing inventorship count. Nonetheless, to address Trost's motion and in the interests of justice, the proposed amended complaint includes allegations in paragraph 140 that confirm that Jonathan and Nathaniel Meringer—the alleged co-inventors of the '374 and '251 Patents—assigned rights in their creations, including IP, to Ascent well before Ascent brought this litigation. Moreover, while Trost also makes incorrect assertions that "Plaintiff has failed to plead any facts establishing prior invention by the missing co-inventors" (ECF 153-1 at 16-17), and the original complaint included sufficient detail, the proposed amended complaint at paragraphs 132–138 provides further detail alleging that Jonathan and Nathaniel Meringer conceived of, reduced to practice, and had a definite and permanent idea of the claimed inventions in the '374 and '251 Patents before and after working with Hill and Overwatch Defense, were intimately involved in the design of the PHOLOS (which was the basis for the '374 and '251 patents), and provided mock-ups, CAD files, physical drones, and technical details to Mr. Hill that reflected conception of and significant contributions to several claim elements of the issued claims of the '374 and '251 patents. While Hill filed his original barebones provisional patent application in 2017 (after meeting and entering into agreements with Ascent), Hill proposed versions of the claims that the USPTO ultimately issued beginning in September 2018. Hill therefore proposed the patent claims in the midst of the teaming arrangement, and those claims were inextricably intertwined with—and a consequence of—the teaming agreement and collaboration between Hill, Michael, the predecessor to the Corporate Defendants, and the Meringer brothers. Paragraph 32 also provides further detail on personal jurisdiction for the inventorship claim.

**4.** *Amendments Relating to Developments, Including Overwatch's Initiatives Relating to Coaxial Drones that Occurred Or Were Discovered Subsequent to the Original Complaint*

The interests of justice also warrant amendment to include events that have occurred subsequent to the originally filed complaint and/or were discovered as a result of the preliminary injunction hearing and deposition of Mr. Michael. These amendments, reflected in paragraphs 31, 89–92, and the Prayer for Relief relate to the Corporate Defendants' continued misappropriation and use of Ascent's trade secrets, including Ascent's Design X, and ongoing efforts to market new coaxial drone products, as well as efforts to engage in partnerships with third parties in India and other countries around the world. Paragraphs 66–67, 72–83, 85–86, and 117–126 provide additional detail of defendants' misappropriating conduct informed by information learned after the Complaint was filed, much of which was learned and confirmed during the course of the preliminary injunction evidentiary hearing and Andrew Mihcael's deposition. The interests of justice warrant updating the pleadings to include this information so that discovery can be properly scoped to relevant events that have unfolded since the original complaint was filed in June 2024.

**5.** *Amendments Relating to Connecticut State Law Claims*

Because the Court has confirmed that this case is properly in the Northern District of New York, it has raised the question of how "personal jurisdiction might operate in connection with its claims that the Corporate Defendants violated *Connecticut's* trade secret misappropriation and deceptive trade practices statutes." ECF No. 150 at 15. Rather than burdening the Court on these issues, the proposed amended complaint streamlines Count III (the trade secret claim) so that it focuses solely on the Federal Defend Trade Secrets Act, not a state law claim, and removes Count V (the deceptive trade practices claim). These amendments streamline the case and avoid the need

to delve into the weeds of a complex jurisdictional issue that the parties are in the midst of briefing. Such streamlining of the case is in the interests of justice.

### 6. Other Amendments Update Facts and Conform Allegations to the Developed Record

Certain amendments update facts in the allegations related to named parties and related addresses (e.g., Paragraphs 3, 6, 34) and update jurisdictional and venue allegations based on developments following the transfer to this Court and briefing and findings by this Court related to personal jurisdiction (e.g., Paragraphs 25–31, 35). The amendments further conform the pleadings to the developed record (including to alleviate continued challenges by defendants regarding the sufficiency of the pleadings (ECF No. 222)) and facts and to reflect the updated parties.

### B. NONE OF THE CIRCUMSTANCES THAT COULD PRECLUDE AMENDMENT UNDER RULE 15(a)(2) APPLY HERE

#### 1. There Is No Delay, Bad Faith, Or Dilatory Motive on Ascent's Part

There is no delay or bad faith here. There is no bad faith because, in seeking to amend the complaint, Ascent seeks to conform the pleadings to the facts that have developed in the case, and to proactively address alleged deficiencies raised in Trost's pending motion to dismiss. With regard to delay, in evaluating delay, courts consider "whether a trial date has been set, whether discovery has ended, and whether dispositive motions were already filed." *Kleeberg*, 331 F.R.D. at 314. Here, as noted above, there is no operative schedule in this case. There is thus no trial date, there are no discovery deadlines, and there has been minimal discovery. No documents (other than those exchanged for the preliminary injunction hearing) have been produced by the Corporate Defendants, and only a single deposition has been taken in connection with that hearing. No documents have been produced by Trost or Hill. Therefore, discovery in this case has far from

10

ended; it has not even, for all practical purposes, ***begun*** yet.  There are also no currently pending dispositive motions, let alone a contemplated deadline for summary judgment motion.  Thus, amending the complaint now would not delay the case—it would simply aid to define the scope of the case contemporaneously with setting a schedule, discovery, plan, and trial date.  That is precisely why now is the proper time to amend.

### 2. *There Is No Prejudice to Defendants from Ascent's First Amended Complaint*

There is also no prejudice to Defendants from Ascent's first amended complaint.  In evaluating prejudice, courts consider "whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Again, for similar reasons to those described above, there is no prejudice.  Discovery is in its earliest stages in this case, no documents have been produced, and thus Defendants will be able to efficiently employ their resources to properly address the relevant issues in the case.  By amending the complaint now, it will be unnecessary to conduct a "re-do" of discovery. Indeed, because the Connecticut state law claims have been removed in the proposed amended complaint, in some respects the discovery burdens on Defendants might be lessened. Moreover, the amendment will not "significantly delay the resolution of the dispute" because, again, a schedule has not been set in this case, and thus no deadlines will need to be adjusted backwards.

### 3. *Amendment Is Not Futile*

Ascent's proposed amendments are not futile.  The Corporate Defendants have already answered the original complaint (ECF No. 207).  And the amended complaint only provides

*additional detail* with respect to Counts 1-4 of the original complaint, underscoring that the proposed amendments are far from futile.

With respect to the joinder of Andrew Michael, the amendments are not futile. Because he was dismissed on jurisdictional grounds, Mr. Michael was dismissed from the case *without* prejudice. *In re Seganti*, 153 F.4th at 279. As discussed above, the amendments regarding Mr. Michael confirm and reinforce that personal jurisdiction properly exists over him because Mr. Michael had numerous contacts with Syracuse and the United States in connection with the events that gave rise to this complaint. Mr. Michael was the COO of the predecessor company to the Corporate Defendants that entered into the teaming agreement with Ascent, was intimately involved in substantive discussions regarding technical documents and resources that he requested and received from Ascent from Syracuse, was personally involved in licensing discussions for Ascent's IP, personally visited Ascent in Syracuse for two days where confidential and trade secret information was conveyed to him including in flight demonstrations, and personally procured trade secret physical drones and information from Ascent's headquarters in Syracuse and brought them to the United Kingdom. Michael then personally fraudulently formed the Corporate Defendants for the purpose of continuing misappropriating conduct stemming from the Ascent relationship, including to avoid the "toxic after effect of the Plaintiff's 2019 lawsuit," which involved directing Hill to transfer the asserted patents to Overwerx, Ltd. and serving as manager of Overwatch Aerospace LLC in the United States. Michael also personally misappropriated Ascent's trade secrets by disclosing them to the Corporate Defendants and using them, including personally traveling to the United States at least twice to manage the misappropriating development project with Hush Aerospace which served as the basis for all further development efforts. Michael's misappropriating conduct continued with development efforts for a new misappropriating coaxial

product in the United States, and in conduct abroad via development, marketing, and sale of the PHOLOS, and at least two other misappropriating coaxial products. All of this conduct stemmed from trade secret information conveyed to Michael from and in Syracuse. New York during the Ascent relationship.

With respect to Counts I and II, the breach of contract claims, there has been no substantive motion to dismiss on those claims from any party, and the Court has already assumed personal jurisdiction over them with respect to both the Corporate Defendants and Trost. The proposed amendments only reinforce this Court's jurisdiction over these claims, including as to conduct by Michael to supervise and control infringing activity, including in fraudulently forming the Corporate Defendants.

With respect to Count III, the Defend Trade Secrets Act claim, the proposed amended complaint again provides considerable factual detail regarding the trade secrets that have been identified in Ascent's Notice of Identification of Trade Secrets, and defendants' receipt and misappropriation of Ascent's trade secrets. To the extent that Trost has raised any alleged deficiencies, those arguments have related to the identification of trade secrets, which are addressed in the amended complaint. This again confirms that the amendments are not futile.

With respect to Count IV, the correction of inventorship claim, the proposed amendments confirm that there is subject matter jurisdiction because the proposed amended complaint contains allegations that confirm (1) Ascent has a financial interest in anything made or created by the Meringer brothers, including inventions claimed in the asserted patents; and (2) the Meringer brothers communicated information and ideas to Mr. Hill during the timeframe Mr. Hill filed his application that reflected conception of and significant contributions to claim elements recited in the '374 and '251 patents.

13

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Ascent leave to file its First Amended Complaint attached as Exhibit 1, and should permit Ascent to file and enter the First Amended Complaint on the docket.

Dated: June 22, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez