Christopher Suarez
202 429 8131
csuarez@Steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 21, 2026

**VIA CM/ECF and MFT**

The Honorable Mitchell J. Katz
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse NY 13261-7346

Re:  *Ascent AeroSystems Inc. v. Maryna Trost, Overwatch Aerospace LLC, Overwatch Aerospace Ltd., Overwerx Ltd.,* **No 5:25-00275BKS-MJK (N.D.N.Y)**

Deal Magistrate Judge Katz:

Plaintiff Ascent AeroSystems Inc. ("Plaintiff" or "Ascent"), writes to respectfully request a discovery conference in the above-captioned matter pursuant to Local Rule 37.1(c). Plaintiff requests that the discovery conference be conducted on August 5, 2026—the same day as the currently-scheduled Rule 16 conference.

Despite recent attempts beginning April 3, 2026 and long after the preliminary injunction hearing, Defendants have not produced *any* documents or interrogatory responses in response to Plaintiff's discovery requests served nearly 22 months ago while relying on objections made in bad faith, refusing to provide clarity on those objections and timelines for producing non-objectionable discovery, and while missing promised deadlines including ones prescribed under the Federal Rules.

Accordingly, Plaintiff requests that substantive responses to Plaintiff's interrogatories be compelled, along with meaningful document productions by a date certain, so that Plaintiff can procure the discovery it has been seeking for almost two years now.  Plaintiff also requests that Your Honor subject Defendants "to the sanction of the imposition of costs, including the attorney's fees" of Plaintiff pursuant to Fed. R. Civ. P. 37(e) and Local Rule 37.1(f).

*Background*
As Your Honor may recall from the June 23, 2026 mediation, this case was filed in June 2024 in the District of Connecticut following Ascent's discovery that Defendants had breached its prior contracts with Ascent, misappropriated Ascent's trade secrets, and obtained patents that did not

properly list Ascent's founders as inventors. Plaintiff served its First Set of Requests for Production and First Set of Interrogatories on each of Overwatch Aerospace LLC, Overwatch Aerospace Ltd., Overwerx Ltd., and Jeffrey Hill on October 3, 2024 (*see* Ex. 1). Defendants objected and responded on November 4, 2024 (*see* Ex. 2), but defendants did not substantively respond to the interrogatories and did not produce any documents.

Following transfer of this case to this Court and Chief Judge Sannes's opinion and order denying Defendants' motion for reconsideration regarding personal jurisdiction on February 24, 2026 (ECF No. 150), counsel for Plaintiff requested on April 3, 2026 for Defendants to produce documents responsive to the requests and provide interrogatory responses in advance of the May 4, 2026 preliminary injunction hearing (Ex. 3). Defendants declined entirely, citing to prior motions regarding identification of trade secrets and alleged United Kingdom export control laws.

During the May 4, 18, and 19, preliminary injunction evidentiary hearing, Defendants (for the first time) produced as exhibits a handful of selective and self-serving documents to use during the hearing regarding the Pholos drone and its development, and even brought several pieces (but not others) of the Pholos to Court. Defendants also permitted their expert James Earl to inspect Overwatch's drones and facilities in the United Kingdom, while simultaneously denying access to Plaintiff's expert Paul Arlton. On May 14, Plaintiff's counsel also deposed Andrew Michael in New York City—but only after this was compelled by Chief Judge Sannes.

During the preliminary injunction hearing, Chief Judge Sannes determined that all seventeen of Ascent's trade secrets were identified with sufficient particularity and denied Defendants' Motion for Identification of Trade Secrets as moot. *See* May 4, 2026 Hr'g. Tr. at 255:9–12, 258:9–12; May 18, 2026 Hr'g Tr. at 279:6–280:5.

Given this Order, on May 22, counsel for Plaintiff informed Defendants' counsel that ***they no longer have a Rule 11 basis under the Federal Rules of Civil Procedure*** to continue objecting to all discovery, including as it relates to supposed UK export control laws given that Defendants were able to selectively produce documents and tangible things during the hearing and that other evidence is also located in the United States (Ex. 4 at 8). There are also documents, including financial documents and emails, that Plaintiff has requested that have no connection whatsoever to any export control laws.

Counsel for the parties (Thomas Rechen and Christopher Suarez) conferred on June 3. Mr. Rechen promised to provide a written, point-by-point response that provided clarity on what would and would not be produced by June 10 (Ex. 4 at 4–5), but did not deliver a response until June 16 (Ex. 5). Counsel for Plaintiffs provided a detailed responsive letter on July 2 responding to improper objections and requesting further clarity on what was being collected, searched, and produced (Ex. 6). Counsel for the parties (Thomas Rechen, Christopher Suarez, and Joseph Ecker) conferred again on July 10. Mr. Rechen promised to provide supplemental interrogatory responses, an update and timeline on the collection and production of Jeffrey Hill's files, and further clarity and specificity on purported UK export control laws and what would and would not be produced by Overwatch Aerospace Ltd. and Overwerx Ltd. Mr. Rechen represented that this information would be provided the week of July 13. Defendants and their counsel did not provide a response or supplemental responses by July 17—the end of that week.

After close of business on July 17, counsel for Plaintiff emailed counsel for Defendants and demanded the promised information and supplemental interrogatory responses by no later than close of business on Monday, July 20 (Ex. 4 at 1–2). Plaintiff also reminded Defendants that, separately, its responses to Plaintiff's Second Set of Interrogatories, Second Set of Requests for Production, and First Set of Requests for Inspection served on June 18, 2026 (Ex. 7) were due on July 20 (Ex. 4 at 2). Defendants did not respond to Plaintiff's June 18 discovery requests within the time prescribed by the Federal Rules (July 20). Defendants and their counsel also have *still* not responded to Plaintiff's July 17 correspondence, even after counsel followed up on the correspondence (and noted Ascent's intent to file this letter) today (Ex. 4 at 1).

### *Substance of the Dispute*
This dispute touches nearly every substantive aspect of this case. Plaintiff can provide formal briefing and/or subsequent letters regarding further details and merits of the dispute as contemplated in Local Rule 37.1(c), but the high-level topics of the dispute are as follows:

- Defendants Overwerx Ltd., Overwatch Aerospace Ltd., and Overwatch Aerospace LLC have not responded to any of Plaintiff's First Set of Interrogatories (Nos. 1 to 2) served on October 3, 2024 which simply ask Defendants to identify relevant individuals, despite promises that they would do so, including so that Plaintiff could identify custodians for a search term protocol.
- Defendants Overwerx Ltd., Overwatch Aerospace Ltd., and Overwatch Aerospace LLC, and the estate of Jeffrey Hill have not produced a single document responsive to Plaintiff's First Set of Requests for Production (Nos. 1 to 36) served on October 3, 2024 which includes everything from technical documents and data, development efforts, marketing and sales efforts, financials, documents related to the prior Ascent relationship and lawsuit and dissolution of Overwatch Defense, and the patents at issue, among other topics.
- Defendants' improper objection to all discovery based on purported UK export control/secrecy laws. Plaintiff has questioned the legitimacy of this assertion given selective productions by Defendants, that not all documents and data could possibly be affected by these purported laws, and that certain documents and data are or were already located in the United States. Plaintiff also provided reasonable solutions for certain documents and data purported to be covered by the laws, including Defendants logging and documents or data they claim are covered and/or producing the discovery to Steptoe LLP's London office.
- Defendants Overwerx Ltd., Overwatch Aerospace Ltd., and Overwatch Aerospace LLC did not respond to Plaintiff's Second Set of Interrogatories (Nos. 3 to 13), Second Set of Requests for Production (Nos. 38-56), and First Set of Requests for Inspection (Nos. 1 to 10) served on June 18, 2026 within the time prescribed by the Federal Rules, have not provided any notice or guidance for when they will be answered, and has not agreed to meet and confer as of the filing of this letter.

Sincerely,

*/s/ Christopher A. Suarez*
Christopher A. Suarez