# EXHIBIT 2

**(Defendants' objections and responses to October 3, 2024 discovery requests)**

**Public- redacted**

ASCENT AEROSYSTEMS INC.,

Plaintiff,

vs.

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

Defendants.

Civil Action No.: 3:24-cv-01075

NOVEMBER 4,2024

## **DEFENDANT'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT OVERWATCH AEROSPACE LLC**

Defendant, by and through the undersigned counsel, hereby files its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Interrogatories to Defendant Overwatch Aerospace LLC, a Florida limited liability company, and in support thereof states as follows:

### **Defendant Preserves All Defenses**

Defendant Overwatch Aerospace LLC, a Florida limited liability company, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response, which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

Defendant Overwatch Aerospace LLC, a Florida limited liability company is, and at all times since incorporation has been, a dormant company owned by Overwatch Aerospace, Ltd. As such, the company has no active business and no employees and is undertaking no active business until and unless the parent company, Overwatch Aerospace, Ltd., determines that active business in Florida is expedient. Under these circumstances, this company has no records of its own save as are required to remain active as a Florida LLC under Florida law. It therefore has no records that are responsive to any of the interrogatories.  Any questions in this case that relate to a claim or defense in this lawsuit should be directed to the parent company, Overwatch Aerospace, Ltd., which is the only company among the two which could potentially have responsive information, as Overwatch Aerospace LLC is for all practical purposes not an active company and has no business operations, is not responsible for litigating any of the issues in this case and has no practical way to secure information responsive to the interrogatories. Subject to this preface, Defendant objects to the scope of the interrogatories, as it has no access to documents relating to any of the corporate defendants other than itself, which are also of record at [www.sunbiz.org](www.sunbiz.org).

**<u>Response to Question 1</u>**

Defendant has no corporate records concerning the facts necessary to answer this question.

**<u>Response to Question 2</u>**

Defendant has no corporate records concerning the facts necessary to answer this question.

Dated:  November 4, 2024

Respectfully submitted,

*Andrew Michael, Manager*
*For and on behalf of*
THE DEFENDANT
OVERWATCH AEROSPACE, LLC


/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126
fromano@acceliplaw.com

/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

ASCENT AEROSYSTEMS INC.,

    Plaintiff,

        vs.

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

        Defendants.

Civil Action No.: 3:24-cv-01075

NOVEMBER 4, 2024

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT OVERWATCH AEROSPACE LTD</u>

Defendant, by and through the undersigned counsel, hereby files its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Interrogatories to Defendant Overwatch Aerospace Ltd, a limited liability company incorporated in England & Wales, and in support thereof states as follows:

### <u>Defendant Preserves All Defenses</u>

Defendant Overwatch Aerospace Ltd., a limited liability company incorporated in England & Wales, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response,

which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

**<u>Response to Question 1</u>**

It is Defendant's opinion that Jeffrey T. Hill is the person who conceived the inventions claimed in United States Patent Numbers 11,067,374 and 11,940,251 of which one or more variations of a coaxial drone appear to be possible physical embodiments of the claimed invention.

However Defendant objects to the form and scope of this question directed to the "Pholos Drone", because it is (a) vague in its definition; (b) not limited to any particular time or time frame or version of the device in question; and (c) calls for Defendant to speculate about the details of the drone's configuration or physical characteristics by reference to a mere advertisement or illustration of the device as shown in a particular discrete illustration, even as it requires him to identify the name, employer and other details as to all persons involved in the "Pholos" over an indefinite time period but one almost necessarily involving years of its development, which imposes an unfair burden and calls essentially for speculation.

It should be noted that the scope of the Plaintiff's definition of the Pholos Drone provided in this question, includes what appears to be various versions or adaptations of an unmanned aerial vehicle (UAV) that were promoted or advertised on YouTube or in other advertisements at undisclosed times by persons other than Defendant and with no dates associated with the advertisement or promotion.

Defendant is not in possession of all details about the "conception, creation, design, configuration and/development of the "Pholos Drone" without consideration of the time of the product or the development cycle it is to consider. This is not a fair question to ask if you are asking Defendant to testify about each individual involved in any way in the "conception, creation,

2

design, configuration and/or development" of a device, particularly as it involves persons and companies other than itself. The plaintiff is already aware that outside consultants were consulted in the creation of one or more versions of the PHOLOS over time and Mr. Keene, an engineer, and his staff, were also involved in the development of the PHOLOS. Further as Defendant understands UK law, there are restrictions upon its records that make it not possible to simply release or produce the drawings, contracts, designs and the like over a many-year period of the company to identify all persons "who had any involvement" in the "conception creation, design, configuration and /or development" of the PHOLOS at various times related to the advertisements or illustrations of the device. In context, it is almost impossible to answer this question and to locate all records necessary to answer the question would impose an undue burden on Overwatch Aerospace, Ltd., that would be out of all proportion to the costs and burden on the defendants to answer the question, and for now probative value given that the question has no real connection to any discrete trade secret allegedly misappropriated, if any and no relevance to a claim or defense in suit.

Defendant accordingly declines to answer this interrogatory unless it is reformed or until the Court rules on the various motions and on this matter.

**<u>Response to Question 2</u>**

Defendant has no corporate records concerning the facts necessary to answer this question.

Dated: November 4, 2024

Respectfully submitted,

*Andrew Michael, Director*
*for and on behalf of*
THE DEFENDANT
OVERWATCH AEROSPACE LTD.


/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*


/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126
fromano@acceliplaw.com


/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

ASCENT AEROSYSTEMS INC.,

        Plaintiff,

    vs.

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

        Defendants.

Civil Action No.: 3:24-cv-01075

NOVEMBER 4, 2024

## DEFENDANT'S HILL'S ANSWERS TO PLAINTIFF 'S FIRST SET OF INTERROGATORIES TO DEFENDANT JEFFREY T. HILL

Defendant, by and through the undersigned counsel, hereby servers his Answers to Plaintiff Ascent AeroSystems Inc.'s First Set of Interrogatories to Defendant Jeffrey T. Hill, in support thereof would state as follows:

### Defendant Preserves All Defenses

Defendant Hill, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response, which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

### Defendant's Intention to Seek a Protective Order

Defendant Hill will also join in a protective order motion as to certain of the document below. Nothing stated hereafter is to be taken as a waiver of the relief sought in that motion. Indeed, all responses below are to be taken subject to the motions of record, which show that the defendant objects to producing any documents in this case because there is no jurisdiction in this court and the venue is not proper.

**PROVISIONAL RESPONSES TO THE PENDING REQUESTS**

1.  Identify each individual, by name, present or last known address, and present or last known employer, who had any involvement in the conception, creation, design, configuration and/or development of the Pholos drone.

**ANSWER:** Jeffrey T. Hill is the person who conceived the inventions claimed in United States Patent Numbers 11,067,374 and 11,940,251 of which one or more variations of the Pholos appear to be possible physical embodiments of the claimed invention from Hill's perspective, without further investigation.  See Hill Declaration, ECF 47-38. However he objects to the form and scope of this question because it is (a) vague in its definition; (b) not limited to any particular time or time frame or version of the device in question; and (c) calls for Hill to speculate about the details of the drone's configuration or physical characteristics by reference to a mere advertisement or illustration of the device as shown in a particular discrete illustration, even as it requires him to identify the name, employer and other details as to all persons involved in the "Pholos" over an indefinite time period but one almost necessarily involving years of its development, which imposes an unfair burden and calls essentially for speculation.

It should be noted that the scope of the Plaintiff's definition of the Pholos Drone provided in this question, includes what appears to be various versions or adaptations of an unmanned aerial vehicle (UAV) that were promoted or advertised on YouTube or in other advertisements at undisclosed times by persons other than Hill and with no dates associated with the advertisement or promotion. Mr. Hill had no direct involvement in the design or subsequent development of the coaxial UAV known as the PHOLOS that Overwatch Aerospace LTD owns, manufactures and promotes for sale. The question then asks him to testify about the conception, creation, design, configuration and/development of the "Pholos Drone" without consideration of the time of the product or the development cycle he is to consider. This is not a fair question to ask if you are asking him to testify about each individual involved in any way in the "conception, creation, design, configuration and/or development" of a device, particularly as it involves persons and companies other than himself. Further Mr. Hill notes that he does not have the underlying business records of the various persons involved in various versions of coaxial UAVs, and so cannot ease the burden imposed by this question by locating or consulting design drawings or other business records.

Mr. Hill accordingly declines to answer this interrogatory unless it is reformed.

2. Identify each individual, by name, present or last known address, and present or last known employer, who had any involvement in and/or has any knowledge about the claimed destruction and/or disposal of the Sprite 2 UAV, which was not returned to Ascent.

**ANSWER:** Mr. Hill was involved with a static, non-working drone from Ascent. He conducted a controlled test of a prototype illumination warhead by affixing it to an inactive Ascent drone, which was missing several critical components, including a functional battery. To facilitate the test, he purchased and installed a compatible battery, running the necessary wiring through the drone to connect to the illumination warhead. The setup was then suspended on a cable to observe the warhead's illumination properties.

Approximately two minutes into the test, the battery experienced thermal runaway, resulting in a rapid buildup of heat and subsequent ignition. This led to the emission of flames, which caused burning materials to fall onto the umbrella-like covering beneath the suspended assembly. These flames propagated, intensifying the fire and causing significant thermal damage to both the drone and the illumination warhead, ultimately resulting in their complete melting and destruction.
.

**<u>VERIFICATION</u>**

_____
JEFFREY T. HILL

Dated:  November , 2024

Respectfully submitted,


THE DEFENDANT
OVERWATCH AEROSYSTEMS, LLC


/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor

3

Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126
fromano@acceliplaw.com

/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

4

ASCENT AEROSYSTEMS INC.,

Plaintiff,

vs.

Civil Action No.: 3:24-cv-01075

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

Defendants.

NOVEMBER 4, 2024

## DEFENDANT'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT OVERWATCH AEROSPACE LLC

Defendant, by and through the undersigned counsel, hereby files its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Requests to Defendant Overwatch Aerospace LLC, a Florida limited liability company, and in support thereof would state as follows:

### Defendant Preserves All Defenses

Defendant Overwatch Aerospace LLC, a Florida limited liability company, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response, which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

**Defendant's Intention to Seek a Protective Order**

Defendant Overwatch LLC, a Florida limited liability company, will also join in a protective order motion as to certain of the document below. Nothing stated hereafter is to be taken as a waiver of the relief sought in that motion. Indeed, all responses below are to be taken subject to the motions of record, which show that defendant objects to producing any documents in this case because there is no jurisdiction in this court and the venue is not proper.

**PROVISIONAL RESPONSES TO THE PENDING REQUESTS**

1. All documents concerning the organization, ownership, management, and/or control of the following entities: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: Defendant Overwatch Aerospace LLC, a Florida limited liability company, is and at all times since incorporation has been a dormant company owned by Overwatch Aerospace, Ltd. As such, the company has no active business and no employees in Florida and is undertaking no active business until and unless the parent company, Overwatch Aerospace, Ltd., determines that active business in Florida is expedient. Under these circumstances, this company has no records of its own save as a required to remain active as a Florida LLC under Florida law. It therefore has no records of its own that are responsive to this or any other of the items requested. Any documents that are sought in this case relate to a claim or defense in this lawsuit should be directed to the parent company, Overwatch Aerospace, Ltd., which is the only company between the two which could have custody, possession or control over such records given that Overwatch Aerospace LLC is for all practical purposes not an active company and has no business operations, is not responsible for litigating any of the issues in this case and has no practical way to secure records from the parent for its own business needs, which do not presently exist.** *See, e.g., Pitney Bowes*

*Inc. v. Kern Int'l Inc.*, 239 F.R.D. 62 (D. Conn. 2006)(subsidiary of parent with no legal right to command parent or practical ability to obtain requested documents in ordinary course of business is not accountable for production of them under Rule 34); *Provost v. Kia Motors America,* 2006 WL 843737 at * 1 (M.D. Lou Feb. 9, 2006) (where subsidiary is not litigating the claim on behalf of the parent and has no physical possession of its parent's records, it has no duty to produce the documents of its parent) *and S.E.C. v. Credit Bancorp., Ltd*, 194 F.R.D. 469 (S.D. N.Y. 2000) (discussing whether subsidiary is able to secure documents to" meet its own business needs.).

**Subject to this preface, Defendant objects to the scope of the above request, as it has no access to documents relating to any of the companies mentioned other than itself, which are also of record at [www.sunbiz.org](www.sunbiz.org).**

2. All documents concerning the assets, liabilities, revenues, expenses, and/or business operations of: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: Defendant objects to this request as overly broad as there is no limitation on time scope nor is there any specificity as to the need for the requested information in the context of this litigation, it is not proportional to the needs of this case and can substantively be obtained from other sources that are more convenient and less expensive. Furthermore, defendant objects to this request because it has no records of its own or any practical ability to produce the records of other defendants or control of them. Defendant has no assets, liabilities, revenues, expenses, and/or business operations and never has.**

3. All documents concerning the dissolution and/or winding up of Overwatch Defense LLC.
**RESPONSE: Defendant has no responsive documents.**

4. All documents concerning how Jeffrey Hill first became aware of Ascent Aerospace, Inc.

**RESPONSE: Defendant has no responsive documents.**

5. All documents concerning the creation, ownership, maintenance, and/or assignment of the "overwatch-defense.com" domain name.

**RESPONSE: Defendant has no responsive documents.**

6. All documents concerning the preparation, filing, prosecution, maintenance, and/or ownership of the following patent applications, and any patent application claiming the benefit thereto of: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no responsive documents.**

7. All documents concerning the conception and reduction to practice of the inventions described and claimed in the following patent applications: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no responsive documents.**

8. All documents concerning the preparation and execution of the Patent Assignment Agreements entered (i) on 17 March 2020, by and between Overwatch Defense, LLC and Overwerx Ltd, and (ii) on 14 March 2019, by and between Jeffrey T. Hill and Overwatch Defense LLC.

**RESPONSE: Defendant has no responsive documents.**

9. All documents concerning the "project" disclosed in Jeff Hill's email dated September 23, 2017, including without limitation: (i) research, design, development, and/or testing of a coaxial drone and/or a payload for a coaxial drone, (ii) communications with the Department of Defense and/or NATO countries about the project, and/or (iii) applying for and securing an ATF Explosives Manufacturer license and/or an ATF Class II Manufacturers license for firearms and weapons.

**RESPONSE: Defendant has no responsive documents.**

10. All documents concerning the Mutual Non-Disclosure Agreement made and entered on September 23, 2017, between Ascent AeroSystems, Inc. and Overwatch Optics LLC, and/or the Commercial Teaming

Agreement entered on or about November 12, 2017, by and between Ascent AeroSystems, Inc. and Overwatch Defense LLC.

**RESPONSE: Defendant has no responsive documents.**

11. All documents concerning "INITIATIVE 1: 'PHOLOS' KINETIC UAS COAXIAL WEAPON SYSTEM" as defined in the Commercial Teaming Agreement, including without limitation Overwatch Defense's pursuit of the (i) Warhead, including all trigger, fuse, and safety components, (ii) A 360-Degree Camera and all necessary Payload hardware, (iii) An Advanced Ground Station necessary to operate the Mission Equipment, (iv) software for command, control and communications required to operate the Mission Equipment and view the 360-degree imagery on the Basic and Advanced Ground Stations, and/or (v) software for targeting, arming and recall of the explosive payload.

**RESPONSE: Defendant has no responsive documents.**

12. All documents concerning the following documents/files provided by Ascent to Overwatch Defense: (i) 3D CAD STEP files for the Pholos 1 and Pholos 2 mockups, (ii) 3D CAD files of the bulkhead payload module and the payload mounting ring of an Ascent drone, (iii) 3D CAD files of the modular attachment ring of an Ascent drone, (iv) pinout of the connector board of an Ascent drone, (v) "bill of materials" (parts list) for an Ascent drone, and (vi) product specification sheets for Ascent's drones.

**RESPONSE: Defendant has no responsive documents.**

13. All documents concerning the following items provided by Ascent to Overwatch Defense: (1) Sprite 1 UAV, (2) Sprite 2 UAVs, (3) Pholos 1 mockups, and/or (4) Pholos 2 mockups.

**RESPONSE: Defendant has no responsive documents.**

14. All documents concerning Overwatch Defense's interactions with the British Ministry of Defense, and/or other potential customers, for Pholos and/or a coaxial drone with an explosive or kinetic warhead.

**RESPONSE: Defendant has no responsive documents.**

15. All documents concerning Overwatch Defense's interactions with engineering and/or munitions

suppliers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant has no responsive documents.**

16. All documents concerning Overwatch Defense's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant has no responsive documents.**

17. All documents concerning meetings in the ▮▮▮▮▮▮▮ referenced in the email communication from Jeff Hill dated August 15, 2018.

**RESPONSE: Defendant has no responsive documents.**

18. All documents concerning Overwatch Defense's efforts to secure rights in Ascent's drone technology, including licensing proposals and memoranda of understanding.

**RESPONSE: Defendant has no responsive documents.**

19. All documents concerning Drew Michael's request for "a list of components" for the Spirit vehicle that will be used in the Pholos 2, as referenced in an email communication from Peter Fuchs to Jeff Hill dated September 7, 2018.

**RESPONSE: Defendant has no responsive documents.**

20. All documents concerning the parts list provided to Drew Michael as an attachment to an email dated September 8, 2018.

**RESPONSE: Defendant has no responsive documents.**

21. All documents concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ – which are referenced by Drew Michael in an email communication dated September 25, 2018.

**RESPONSE: Defendant has no responsive documents.**

22. All documents concerning the lawsuit entitled Ascent AeroSystems Inc. v. Overwatch Defense LLC, Civil Action No. 3:19-cv-00210 (KAD), including without limitation Overwatch's efforts to secure a dismissal of that lawsuit.

**RESPONSE: Defendant has no responsive documents.**

23. All documents concerning the following items that are referenced on page 2 of the letter dated February 4, 2019 from Mark Ledwell of Gowling WLG: (i) the Sprite 2 (unflyable unit which was destroyed while testing); wreckage at Cyprus Army Range; (ii) Sprite 2 flyable system with camera; and/or (iii) Flight wreckage of Sprite 2 (our client advises this must be recovered from a government facility).

**RESPONSE: Defendant has no responsive documents**.

24. All documents concerning the following items: (i) the Sprite 2 UAVs w/ground controller & accessories, and/or (ii) the Sprite 2 UAV (vehicle only), as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant has no responsive documents.**

25. All documents concerning the alleged destruction of the Sprite 2 UAV as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant has no responsive documents.**

26. All documents concerning Overwatch Defense's compliance or lack of compliance with Schedule B and/or Schedule C to the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant has no responsive documents.**

27. All documents concerning Overwatch's endeavor to recover Item 6 of Schedule A, as reflected in a letter dated March 22, 2019, from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant has no responsive documents.**

28. All documents concerning the representation that Item 6 of Schedule A was destroyed "during a test involving an illumination warhead; as power was being supplied through a tether, our Client assumes the unit was overloaded and, as a result, caught fire and was destroyed," as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant has no responsive documents.**

29. All documents concerning or related to any effort to reverse-engineer, disassemble, decompile, or otherwise analyze an Ascent UAV or any aspect or component thereof, including without limitation a Sprite 2 UAV.

**RESPONSE: Defendant has no responsive documents.**

30. All documents concerning any communications, agreements, or collaborative efforts with Sierra Nevada or any of its affiliates, subsidiaries, or representatives, regarding the Pholos drone, including without limitation a ground control system for the Pholos drone.

**RESPONSE: Defendant has no responsive documents.**

31. All documents concerning Jeffrey Hill and/or Drew Michael's association with Overwerx Ltd, Overwatch Aerospace Ltd, and/or Overwatch Aerospace USA, as founder, member, owner, manager, director, employee, or otherwise.

**RESPONSE: Defendant has no responsive documents beyond that which are of public record at www.sunbiz.orgin in connection with the Defendant's statutory managers from time to time.**

32. All documents concerning the Pholos drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**RESPONSE: Defendant has no responsive documents.**

33. All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the Pholos drone.

**RESPONSE: Defendant has no responsive documents.**

34. All parts lists and/or bill of materials for the Pholos drone.

**RESPONSE: Defendant has no responsive documents.**

35. All documents concerning the marketing, advertising, and/or promotion of the Pholos drone.

**RESPONSE: Defendant has no responsive documents.**

36. Documents sufficient to show the revenue generated by the sale of the Pholos drone and any associated costs for securing such sales.

**RESPONSE: Defendant has no responsive documents.**

37. All documents concerning Overwatch's participation in: (i) Project Convergence Capstone (PC-C4), (ii) demonstrations at the White Sands missile range in New Mexico, and/or (iii) SOF 2024 conference in Tampa, from May 6-10, 2024.

**RESPONSE: Defendant has no responsive documents.**


Dated:  November 4, 2024           Respectfully submitted,


                                   THE DEFENDANT
OVERWATCH AEROSPACE, LLC


/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**

505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126
fromano@acceliplaw.com

/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ASCENT AEROSYSTEMS INC., | |
| Plaintiff, | |
| vs. | Civil Action No.: 3:24-cv-01075 |
| JEFFREY T. HILL<br>ANDREW G. MICHAEL<br>OVERWATCH AEROSPACE LLC<br>OVERWATCH AEROSPACE LTD<br>OVERWERX LTD, | |
| Defendants. | NOVEMBER 4, 2024 |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S</u>**
**<u>FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT</u>**
**<u>OVERWATCH AEROSPACE LTD</u>**

Defendant, by and through the undersigned counsel, hereby files its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Requests to Defendant Overwatch Aerospace LTD, in support thereof would state as follows:

**<u>Defendant Preserves Defenses/Incorporates Motion</u>**

Defendant Overwatch Aerospace Ltd., a limited liability company formed and organized under the Law of England & Wales, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. It also incorporates the Motion for Protective Order filed of contemporaneously herewith. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide

discovery in this Response, which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

**PROVISIONAL RESPONSES TO THE PENDING REQUEST**

Subject to the above Defendant Overwatch Aerospace, Ltd., responds to the following requests for production of documents under Rule 34, Fed. R. Civ. P., as follows:

1. All documents concerning the organization, ownership, management, and/or control of the following entities: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: Defendant objects to this request as overly broad as there is no limitation in time to the requests and no specificity to the scope of the request by subject matter, so that the request is connected to an issue of relevance in a claim or defense. Nor is the request proportional to the needs of this case given the burden of production on this defendant and the fact that Plaintiff can seek the same documents at less costs and inconvenience from other parties, such as Overwatch Defense LLC, a dissolved Florida limited liability company, to the extent such documents can be located and obtained at all. In addition, this defendant has no access to or control over the documents of Overwatch Defense, LLC.**

**The Court should require that the scope of this demand be limited in time and subject matter so that the request is tailored to the claims and defenses in suit. As framed, the request is vastly overbroad and amounts to a demand for the whole of the decision making and deliberations of all of the UK companies over the whole of their existence, which is completely inappropriate and unconnected to a valid claim or defense in this case, and out of all proportion to the value of the requested information, save as a means of inflicting excessive litigation costs on the Defendant, which is inconsistent with Rule 1, Fed. R. Civ. P's**

2

**dictate that the rules be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."**

**Moreover, this request seeks documents or information that is substantively in the public domain and/or in respect of which the Plaintiff has already freely accessed and/or exhibited, for example, in respect of the UK corporate defendants see Exhibits P and Q. Defendant also objects to this request to the extent it seeks information in connection with its parent company, Overwerx Ltd, in respect of which the Defendant has no authority to access or disclose such documentation on behalf of that defendant.**

**Defendant does not have possession of the requested documents in connection with Overwatch Defense LLC, although it would note that relevant information is readily accessible by the Plaintiff from a public source at the Florida company registry and Mr. Michael has sourced and exhibited an example of that already at Exhibit AGM/2. Defendant also incorporates the motion for protective order filed herein.**

2. All documents concerning the assets, liabilities, revenues, expenses, and/or business operations of: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: This request suffers from the same defects identified above: it is vastly overbroad, amount to a demand for the whole of the financial records for all years of four companies, one of whom has no connection to the UK Companies and is a dissolved Florida limited liability company: Overwatch Defense, LLC, whose member is known and available to the Plaintiff in the United States. Nor does this defendant have any access to or control over the records of Overwatch Defense, LLC.**

**The Court should require that the scope of this demand be limited in time and subject matter so that the request is tailored to the claims and defenses in suit. As framed,**

the request is vastly overbroad and amounts to a demand for the whole of the decision making and deliberations of all of the UK companies over the whole of their existence, which is completely inappropriate and unconnected to a valid claim or defense in this case, and out of all proportion to the value of the requested information, save as a means of inflicting excessive litigation costs on the Defendant, which is inconsistent with Rule 1, Fed. R. Civ. P's dictate that the rules be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."

Moreover, this request seeks documents or information that is substantively in the public domain and/or in respect of which the Plaintiff has already freely accessed and/or exhibited, for example, in respect of the UK corporate defendants see Exhibits P and Q. Defendant also objects to this request to the extent it seeks information in connection with its parent company, Overwerx Ltd, in respect of which the Defendant has no authority to access or disclose such documentation on behalf of that defendant.

Defendant also incorporates the motion for protective order filed herein.

3. All documents concerning the dissolution and/or winding up of Overwatch Defense LLC.

**RESPONSE: Defendant incorporates prior objections to the demand for information concerning a dissolved Florida company unconnected to this Defendant. Subject to its objection, Defendant has no documents responsive to this request.**

4. All documents concerning how Jeffrey Hill first became aware of Ascent Aerospace, Inc.

**RESPONSE: Defendant has no documents responsive to this request.**

5. All documents concerning the creation, ownership, maintenance, and/or assignment of the "overwatch-defense.com" domain name.

**RESPONSE: Defendant has no documents responsive to this request.**

6. All documents concerning the preparation, filing, prosecution, maintenance, and/or ownership of the following patent applications, and any patent application claiming the benefit thereto of: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no documents responsive to this request.**

7. All documents concerning the conception and reduction to practice of the inventions described and claimed in the following patent applications: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no documents responsive to this request.**

8. All documents concerning the preparation and execution of the Patent Assignment Agreements entered (i) on 17 March 2020, by and between Overwatch Defense, LLC and Overwerx Ltd, and (ii) on 14 March 2019, by and between Jeffrey T. Hill and Overwatch Defense LLC.

**RESPONSE: Defendant has no documents responsive to this request.**

9. All documents concerning the "project" disclosed in Jeff Hill's email dated September 23, 2017, including without limitation: (i) research, design, development, and/or testing of a coaxial drone and/or a payload for a coaxial drone, (ii) communications with the Department of Defense and/or NATO countries about the project, and/or (iii) applying for and securing an ATF Explosives Manufacturer license and/or an ATF Class II Manufacturers license for firearms and weapons.

**RESPONSE: Defendant has no documents responsive to this request. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

10. All documents concerning the Mutual Non-Disclosure Agreement made and entered on September 23, 2017, between Ascent AeroSystems, Inc. and Overwatch Optics LLC, and/or the Commercial Teaming Agreement entered on or about November 12, 2017, by and between Ascent AeroSystems, Inc. and Overwatch Defense LLC.

**RESPONSE: On the understanding that this request is in respect of the preparation, negotiation and execution of the referenced documents, Defendant has no responsive documents to this request.**

11. All documents concerning "INITIATIVE 1: 'PHOLOS' KINETIC UAS COAXIAL WEAPON SYSTEM" as defined in the Commercial Teaming Agreement, including without limitation Overwatch Defense's pursuit of the (i) Warhead, including all trigger, fuse, and safety components, (ii) A 360-Degree Camera and all necessary Payload hardware, (iii) An Advanced Ground Station necessary to operate the Mission Equipment, (iv) software for command, control and communications required to operate the Mission Equipment and view the 360-degree imagery on the Basic and Advanced Ground Stations, and/or (v) software for targeting, arming and recall of the explosive payload.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. However, if any responsive documents are discovered in its further searching, they will be produced; this commitment shall apply to all responses given herein where the Defendant has stated that it is presently unaware of any responsive documents. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

12. All documents concerning the following documents/files provided by Ascent to Overwatch Defense: (i) 3D CAD STEP files for the Pholos 1 and Pholos 2 mockups, (ii) 3D CAD files of the bulkhead payload module and the payload mounting ring of an Ascent drone, (iii) 3D CAD files of the modular attachment ring of an Ascent drone, (iv) pinout of the connector board of an Ascent drone, (v) "bill of materials" (parts list) for an Ascent drone, and (vi) product specification sheets for Ascent's drones.

**RESPONSE: Defendant objects to this request as too broad in respect of "all documents" requirement and lacks any specificity as to the need for the requested information in the**

**context of this litigation. Notwithstanding this objection, Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control.**

13. All documents concerning the following items provided by Ascent to Overwatch Defense: (1) Sprite 1 UAV, (2) Sprite 2 UAVs, (3) Pholos 1 mockups, and/or (4) Pholos 2 mockups.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

14. All documents concerning Overwatch Defense's interactions with the British Ministry of Defense, and/or other potential customers, for Pholos and/or a coaxial drone with an explosive or kinetic warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

15. All documents concerning Overwatch Defense's interactions with engineering and/or munitions suppliers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

16. All documents concerning Overwatch Defense's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

17. All documents concerning meetings in the ▮▮▮▮▮▮▮▮ referenced in the email communication

from Jeff Hill dated August 15, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

18. All documents concerning Overwatch Defense's efforts to secure rights in Ascent's drone technology, including licensing proposals and memoranda of understanding.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

19. All documents concerning Drew Michael's request for "a list of components" for the Spirit vehicle that will be used in the Pholos 2, as referenced in an email communication from Peter Fuchs to Jeff Hill dated September 7, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control.**

20. All documents concerning the parts list provided to Drew Michael as an attachment to an email dated September 8, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control.**

21. All documents concerning ████████████████████████████████ ██████████ – which are referenced by Drew Michael in an email communication dated September 25, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control.**

22. All documents concerning the lawsuit entitled Ascent AeroSystems Inc. v. Overwatch Defense LLC, Civil Action No. 3:19-cv-00210 (KAD), including, without limitation Overwatch's efforts to secure a dismissal of that lawsuit.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

23. All documents concerning the following items that are referenced on page 2 of the letter dated February 4, 2019 from Mark Ledwell of Gowling WLG: (i) the Sprite 2 (unflyable unit which was destroyed while testing); wreckage at Cyprus Army Range; (ii) Sprite 2 flyable system with camera; and/or (iii) Flight wreckage of Sprite 2 (our client advises this must be recovered from a government facility).

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

24. All documents concerning the following items: (i) the Sprite 2 UAVs w/ground controller & accessories, and/or (ii) the Sprite 2 UAV (vehicle only), as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

25. All documents concerning the alleged destruction of the Sprite 2 UAV as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

26. All documents concerning Overwatch Defense's compliance or lack of compliance with Schedule B and/or Schedule C to the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

27. All documents concerning Overwatch's endeavor to recover Item 6 of Schedule A, as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

28. All documents concerning the representation that Item 6 of Schedule A was destroyed "during a test involving an illumination warhead; as power was being supplied through a tether, our Client assumes the unit was overloaded and, as a result, caught fire and was destroyed," as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

29. All documents concerning or related to any effort to reverse-engineer, disassemble, decompile, or otherwise analyze an Ascent UAV or any aspect or component thereof, including without limitation a Sprite 2 UAV.

**RESPONSE: This request as overly broad and irrelevant to the litigation on the basis that under US law anyone may lawfully reverse-engineer etc. another party's product that is in the public domain. To generate a reasonable request, the plaintiff must first identify precisely what it claims to be its trade secrets, it must then demonstrate that such trade secrets have at all relevant times remained trade secret and/or are not prior art, it must then show that a defendant received it under conditions of confidence. Once the plaintiff has incontrovertibly demonstrated this, then it will be in a position to formulate a suitably scoped request in respect of a valid trade secret. Notwithstanding this objection, as the Defendant owns the design in the Pholos represented at https://www.overwatch-group.uk/aerospace/pholos/ it will make a reasonable search for non-privileged and responsive documents and produce documents located in its possession, custody, and control, that includes the term "Sprite 2" for the period commencing on February 7, 2020, the date of incorporation of the Defendant, and ending on June 21, 2024, the date on which the complaint in this lawsuit was filed.**

30. All documents concerning any communications, agreements, or collaborative efforts with Sierra Nevada or any of its affiliates, subsidiaries, or representatives, regarding the Pholos drone, including without limitation a ground control system for the Pholos drone.

**RESPONSE: Defendant objects to this request on the grounds that the Plaintiff has knowingly misled the court in representing in its pleadings the following false conclusory statement: "Therefore, it now appears that after Sierra Nevada rejected Overwatch's requests to reverse engineer and replicate Ascent's coaxial drone, Overwatch found someone else to do so." The Plaintiff has presented no supporting evidence of any such request by Overwatch to Sierra Nevada and the defendant has serious concerns that it represents a malicious and defamatory falsehood. Sierra Nevada Corporation Mission Systems UK Ltd**

**(SNC MSUK), has confirmed in writing to defendant on July 26, 2024 that they "have identified no one with knowledge of the alleged Overwatch request that SNC MSUK reverse an Ascent product". Further, the defendant objects to this "all documents" request as overly broad and lacking specificity, including reference to an unidentified entity called "Sierra Nevada" and its affiliates, subsidiaries etc, and without any constraints as to a relevant search period. A final objection is that all business conducted with SNC MSUK remains subject to the terms of a confidentiality undertaking.**

**Notwithstanding these objections, this Defendant will produce any responsive documents concerning Sierra Nevada and the request that it quote a price for a ground control system.**

31. All documents concerning Jeffrey Hill and/or Drew Michael's association with Overwerx Ltd, Overwatch Aerospace Ltd, and/or Overwatch Aerospace USA, as founder, member, owner, manager, director, employee, or otherwise.

**RESPONSE: Defendant objects to this request as overbroad in scope and lacking any relevance to a claim or defense in this litigation. It should be noted also that Plaintiff has already perused certain published information concerning Mr. Hill and Mr. Michael and their associations with the named parties already.**

32. All documents concerning the Pholos drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**RESPONSE: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential and trade secret protected information of Overwatch Aerospace Ltd., and the Court' standing protective order does not provide adequate protection for such**

**information.** **The evidence requested as regards "development, testing, manufacture, assembly, quality control, distribution and performance" has no relevance whatsoever to the allegation of trade secret misappropriation and merely signal the fishing expedition that the plaintiff is pursuing in order to harvest Defendant's trade secrets for its own anti-competitive purposes. Further, it would be too expansive to provide details of the design information regarding the entire Pholos system, for example, the munition and its interface controls in respect of which the Defendant understands that the plaintiff had no technological know-how at the relevant times. The plaintiff must define and demonstrate with specificity which components of the Pholos it alleges have common features with plaintiff's proven trade secrets (if any). In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

33. All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the Pholos drone.

**RESPONSE: Defendant has the same objections to this request as the one stated above. Specifically: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential and trade secret protected information of Overwatch Aerospace Ltd., and the Court' standing protective order does not provide adequate protection for such information. The broad scope of the evidence requested merely signals the fishing expedition that the plaintiff is pursuing in order to harvest Defendant's trade secrets for its own anti-competitive purposes. Further, it would be too expansive to provide details of such information regarding the entire Pholos system, for example, the munition and its interface controls in respect of which the defendant understands that the plaintiff had no technological**

**know-how at the relevant times. The plaintiff must define and demonstrate with specificity which components of the Pholos it alleges have common features with plaintiff's proven trade secrets (if any). In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

34. All parts lists and/or bill of materials for the Pholos drone.

**RESPONSE: Because the Defendant has successfully kept the PHOLOS confidential, the parts list and bill of materials remains a confidential and protected trade secret of Defendant. Accordingly, Defendant raises the same objections as noted above: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential trade secrets of Overwatch Aerospace Ltd., and the Court's standing protective order does not provide adequate protection for such information. In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

35. All documents concerning the marketing, advertising, and/or promotion of the Pholos drone.

**RESPONSE: Defendant objects to this request in that it seeks information that is overly broad in scope, lacking specificity, not relevant to a claim or defense in suit and not important in resolving the issues in the litigation and is irrelevant to whether or not a trade secret misappropriation occurred.**

36. Documents sufficient to show the revenue generated by the sale of the Pholos drone and any associated costs for securing such sales.

**RESPONSE: Defendant objects to this request as seeking highly confidential and trade secret information that should not be permitted until the court determines the issue of jurisdiction and until any factual basis for trade secret misappropriation has been offered**

**by Plaintiff, such that the revenue generated by the sale of the PHOLOS is connected in some legitimate way to the allegedly misappropriated property, which Plaintiff thus far has refused to do. Until such time as it does so, Plaintiff should be precluded from access to such information even under the standing protective order, given the obvious fact that the information is highly confidential and of competitive value to a Plaintiff, a direct or would be competitor. In addition, Defendant repeats the above objections for trade secret protected information: Plaintiff is merely using discovery to engage in an improper fishing expedition into the accounting information of a direct competitor concerning the revenue generating capacity of a PHOLOS which it seeks to copy or emulate. Defendant also incorporates its motion for protective order.**

37. All documents concerning Overwatch's participation in: (i) Project Convergence Capstone (PC-C4), (ii) demonstrations at the White Sands missile range in New Mexico, and/or (iii) SOF 2024 conference in Tampa, from May 6-10, 2024.

**RESPONSE: Defendant objects to this request in that it seeks information that is not important in resolving the issues in the litigation and is irrelevant to whether or not a trade secret misappropriation occurred. The fact of Overwatch Aerospace Ltd.'s participation in PC-C4 and attendance as a non-exhibitor at SOF 2024 is not in dispute, any other information requested by Plaintiff in respect thereof can only represent a fishing exercise. Defendant also incorporates herein its motion for protective order.**

### METHOD AND MEANS OF PRODUCTION

Subject to a ruling of the Court on the motions mentioned above, responsive documents to which there is an undertaking to produce will be collected, bates numbered and produced to counsel and where appropriate designated in accordance with the Court's Standing Order on Confidential documents.

Dated: November 4, 2024

Respectfully submitted,

THE DEFENDANT
OVERWATCH AEROSPACE, LTD

/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126

/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

ASCENT AEROSYSTEMS INC.,

Plaintiff,

vs.

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

Defendants.

Civil Action No.: 3:24-cv-01075

NOVEMBER 4, 2024

## DEFENDANT OVERWERX LTD'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT OVERWERX LTD

Defendant, by and through the undersigned counsel, hereby serves its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Requests to Defendant Overwerx Ltd, in support thereof would state as follows:

### Defendant Preserves Defenses/Incorporates Motion

Defendant Overwerx Ltd., a limited liability company formed and organized under the Law of England & Wales, in making the following responses, does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure, already made of record. It also incorporates the Motion for Protective Order filed of contemporaneously herewith. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response,

which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

**PROVISIONAL RESPONSES TO THE PENDING REQUEST**

Subject to the above Defendant Overwerx Ltd., responds to the following requests for production of documents under Rule 34, Fed. R. Civ. P., as follows:

1. All documents concerning the organization, ownership, management, and/or control of the following entities: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: Defendant objects to this request as overly broad as there is no limitation in time to the requests and no specificity to the scope of the request by subject matter, so that the request is connected to an issue of relevance in a claim or defense. Nor is the request proportional to the needs of this case given the burden of production on this defendant and the fact that Plaintiff can seek the same documents at less costs and inconvenience from other parties, such as Overwatch Defense LLC, a dissolved Florida limited liability company, to the extent such documents can be located and obtained at all. In addition, this defendant has no access to or control over the documents of Overwatch Defense, LLC.**

**The Court should require that the scope of this demand be limited in time and subject matter so that the request is tailored to the claims and defenses in suit. As framed, the request is vastly overbroad and amounts to a demand for the whole of the decision making and deliberations of all of the UK companies over the whole of their existence, which is completely inappropriate and unconnected to a valid claim or defense in this case, and out of all proportion to the value of the requested information, save as a means of inflicting excessive litigation costs on the Defendant, which is inconsistent with Rule 1, Fed. R. Civ. P's**

dictate that the rules be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."

Moreover, this request seeks documents or information that is substantively in the public domain and/or in respect of which the Plaintiff has already freely accessed and/or exhibited, for example, in respect of the UK corporate defendants see Exhibits P and Q. Defendant also objects to this request to the extent it seeks information that is private and confidential, specifically in respect of any shareholder communications and/or agreements in force at a relevant time in respect of Defendant that would not be publicly available and would be subject to confidentiality undertakings with third party shareholders not party to this litigation.

Defendant does not have possession of the requested documents in connection with Overwatch Defense LLC, although it would note that relevant information is readily accessible by the Plaintiff from a public source at the Florida company registry and Mr. Michael has sourced and exhibited an example of that already at Exhibit AGM/2. Defendant also incorporates the motion for protective order filed herein.

2. All documents concerning the assets, liabilities, revenues, expenses, and/or business operations of: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

RESPONSE: This request suffers from the same defects identified above: it is vastly overbroad, amount to a demand for the whole of the financial records for all years of four companies, one of whom has no connection to the Defendant and is a dissolved Florida limited liability company: Overwatch Defense, LLC, whose member is known and available to the Plaintiff in the United States. Nor does this defendant have any access to or control over the records of Overwatch Defense, LLC.

**The Court should require that the scope of this demand be limited in time and subject matter so that the request is tailored to the claims and defenses in suit. As framed, the request is vastly overbroad and amounts to a demand for the whole of the decision making and deliberations of all of the UK companies over the whole of their existence, which is completely inappropriate and unconnected to a valid claim or defense in this case, and out of all proportion to the value of the requested information, save as a means of inflicting excessive litigation costs on the Defendant, which is inconsistent with Rule 1, Fed. R. Civ. P's dictate that the rules be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."**

**Moreover, this request seeks documents or information that is substantively in the public domain and/or in respect of which the Plaintiff has already freely accessed and/or exhibited, for example, in respect of the UK corporate defendants see Exhibits P and Q. Defendant also objects to this request to the extent it seeks information that is private and confidential, specifically in respect of any shareholder communications and/or agreements in force at a relevant time in respect of Defendant that would not be publicly available and would be subject to confidentiality undertakings with third party shareholders not party to this litigation.**

**Defendant also incorporates the motion for protective order filed herein.**

3. All documents concerning the dissolution and/or winding up of Overwatch Defense LLC.

**RESPONSE: Defendant incorporates prior objections to the demand for information concerning a dissolved Florida company unconnected to this Defendant. Subject to its objection, Defendant has no documents responsive to this request.**

4. All documents concerning how Jeffrey Hill first became aware of Ascent Aerospace, Inc.

**RESPONSE: Defendant has no documents responsive to this request.**

5. All documents concerning the creation, ownership, maintenance, and/or assignment of the "overwatch-defense.com" domain name.

**RESPONSE: Defendant has no documents responsive to this request.**

6. All documents concerning the preparation, filing, prosecution, maintenance, and/or ownership of the following patent applications, and any patent application claiming the benefit thereto of: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no non-privileged documents responsive to this request save for publicly available documents from the US PTO which the Plaintiff has already accessed and exhibited at its Exhibit S.**

7. All documents concerning the conception and reduction to practice of the inventions described and claimed in the following patent applications: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant has no non-privileged documents responsive to this request save for copies of public records from the US PTO or attached to the first declaration of Jeffrey Hill.**

8. All documents concerning the preparation and execution of the Patent Assignment Agreements entered (i) on 17 March 2020, by and between Overwatch Defense, LLC and Overwerx Ltd, and (ii) on 14 March 2019, by and between Jeffrey T. Hill and Overwatch Defense LLC.

**RESPONSE: Defendant has no documents responsive to this request save for the patent assignment documents themselves, which are filed with the US PTO, in respect of which the Plaintiff has already accessed and exhibited at its Exhibit S, and communications received by its legal counsel, which are privileged by the attorney client privilege.**

9. All documents concerning the "project" disclosed in Jeff Hill's email dated September 23, 2017,

including without limitation: (i) research, design, development, and/or testing of a coaxial drone and/or a payload for a coaxial drone, (ii) communications with the Department of Defense and/or NATO countries about the project, and/or (iii) applying for and securing an ATF Explosives Manufacturer license and/or an ATF Class II Manufacturers license for firearms and weapons.

**RESPONSE: Defendant has no documents responsive to this request**.

10. All documents concerning the Mutual Non-Disclosure Agreement made and entered on September 23, 2017, between Ascent AeroSystems, Inc. and Overwatch Optics LLC, and/or the Commercial Teaming Agreement entered on or about November 12, 2017, by and between Ascent AeroSystems, Inc. and Overwatch Defense LLC.

**RESPONSE: On the understanding that this request is in respect of the preparation, negotiation and execution of the referenced documents, Defendant has no responsive documents to this request.**

11. All documents concerning "INITIATIVE 1: 'PHOLOS' KINETIC UAS COAXIAL WEAPON SYSTEM" as defined in the Commercial Teaming Agreement, including without limitation Overwatch Defense's pursuit of the (i) Warhead, including all trigger, fuse, and safety components, (ii) A 360-Degree Camera and all necessary Payload hardware, (iii) An Advanced Ground Station necessary to operate the Mission Equipment, (iv) software for command, control and communications required to operate the Mission Equipment and view the 360-degree imagery on the Basic and Advanced Ground Stations, and/or (v) software for targeting, arming and recall of the explosive payload.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. However, if any responsive documents are discovered in its further searching, they will be produced; this commitment shall apply to all responses given herein where the Defendant has stated that it is presently unaware of any responsive documents. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

12. All documents concerning the following documents/files provided by Ascent to Overwatch Defense: (i) 3D CAD STEP files for the Pholos 1 and Pholos 2 mockups, (ii) 3D CAD files of the bulkhead payload module and the payload mounting ring of an Ascent drone, (iii) 3D CAD files of the modular attachment ring of an Ascent drone, (iv) pinout of the connector board of an Ascent drone, (v) "bill of materials" (parts list) for an Ascent drone, and (vi) product specification sheets for Ascent's drones.

**RESPONSE: Defendant objects to this request as too broad in respect of "all documents" requirement and lacks any specificity as to the need for the requested information in the context of this litigation. Notwithstanding this objection, Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

13. All documents concerning the following items provided by Ascent to Overwatch Defense: (1) Sprite 1 UAV, (2) Sprite 2 UAVs, (3) Pholos 1 mockups, and/or (4) Pholos 2 mockups.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

14. All documents concerning Overwatch Defense's interactions with the British Ministry of Defense, and/or other potential customers, for Pholos and/or a coaxial drone with an explosive or kinetic warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

15. All documents concerning Overwatch Defense's interactions with engineering and/or munitions suppliers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

16. All documents concerning Overwatch Defense's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

17. All documents concerning meetings in the ███████████ referenced in the email communication from Jeff Hill dated August 15, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

18. All documents concerning Overwatch Defense's efforts to secure rights in Ascent's drone technology, including licensing proposals and memoranda of understanding.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

19. All documents concerning Drew Michael's request for "a list of components" for the Spirit vehicle that will be used in the Pholos 2, as referenced in an email communication from Peter Fuchs to Jeff Hill dated September 7, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

20. All documents concerning the parts list provided to Drew Michael as an attachment to an email dated September 8, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

21. All documents concerning ███████████████████████████████████████ ███████████ – which are referenced by Drew Michael in an email communication dated September 25, 2018.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

22. All documents concerning the lawsuit entitled Ascent AeroSystems Inc. v. Overwatch Defense LLC, Civil Action No. 3:19-cv-00210 (KAD), including, without limitation Overwatch's efforts to secure a dismissal of that lawsuit.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

23. All documents concerning the following items that are referenced on page 2 of the letter dated February 4, 2019 from Mark Ledwell of Gowling WLG: (i) the Sprite 2 (unflyable unit which was destroyed while testing); wreckage at Cyprus Army Range; (ii) Sprite 2 flyable system with camera; and/or (iii) Flight wreckage of Sprite 2 (our client advises this must be recovered from a government facility).

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

24. All documents concerning the following items: (i) the Sprite 2 UAVs w/ground controller & accessories, and/or (ii) the Sprite 2 UAV (vehicle only), as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

25. All documents concerning the alleged destruction of the Sprite 2 UAV as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

26. All documents concerning Overwatch Defense's compliance or lack of compliance with Schedule B and/or Schedule C to the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

27. All documents concerning Overwatch's endeavor to recover Item 6 of Schedule A, as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

28. All documents concerning the representation that Item 6 of Schedule A was destroyed "during a test involving an illumination warhead; as power was being supplied through a tether, our Client assumes the unit was overloaded and, as a result, caught fire and was destroyed," as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant is unaware of any documents that are responsive to this request in its care, custody, possession or control. The Defendant has no access to Overwatch Defense LLC files, servers or computer drives.**

29. All documents concerning or related to any effort to reverse-engineer, disassemble, decompile, or otherwise analyze an Ascent UAV or any aspect or component thereof, including without limitation a Sprite 2 UAV.

**RESPONSE: This request is overly broad and irrelevant to the litigation on the basis that under US law anyone may lawfully reverse-engineer etc. another party's product that is in the public domain. To generate a reasonable request, the plaintiff must first identify precisely what it claims to be its trade secrets, it must then demonstrate that such trade secrets have at all relevant times remained trade secret and/or are not prior art, it must then show that a defendant received it under conditions of confidence. Once the plaintiff has incontrovertibly demonstrated this, then it will be in a position to formulate a suitably scoped request in respect of a valid trade secret. Notwithstanding this objection, the Defendant, in its limited capacity as the non-operational parent of Overwatch Aerospace Ltd that owns the design in the Pholos represented at https://www.overwatch-group.uk/aerospace/pholos/, will make a reasonable search for non-privileged and responsive documents and produce documents located in its possession, custody, and control, that includes the term "Sprite 2" for the period commencing on February 7, 2020, the date of incorporation of the Defendant, and ending on June 21, 2024, the date on which the complaint in this lawsuit was filed.**

11

30. All documents concerning any communications, agreements, or collaborative efforts with Sierra Nevada or any of its affiliates, subsidiaries, or representatives, regarding the Pholos drone, including without limitation a ground control system for the Pholos drone.

**RESPONSE: Defendant objects to this request on the grounds that the Plaintiff has knowingly misled the court in representing in its pleadings the following false conclusory statement: "Therefore, it now appears that after Sierra Nevada rejected Overwatch's requests to reverse engineer and replicate Ascent's coaxial drone, Overwatch found someone else to do so." The Plaintiff has presented no supporting evidence of any such request by Overwatch to Sierra Nevada and the defendant has serious concerns that it represents a malicious and defamatory falsehood. Sierra Nevada Corporation Mission Systems UK Ltd (SNC MSUK), has confirmed in writing to defendant on July 26, 2024 that they "have identified no one with knowledge of the alleged Overwatch request that SNC MSUK reverse an Ascent product". Further, the defendant objects to this "all documents" request as overly broad and lacking specificity, including reference to an unidentified entity called "Sierra Nevada" and its affiliates, subsidiaries etc, and without any constraints as to a relevant search period. A final objection is that all business conducted with SNC MSUK remains subject to the terms of a confidentiality undertaking.**

**Notwithstanding these objections, Defendant has had no business dealings with any business with the name "Sierra Nevada", any such dealings would have been through Overwatch Aerospace Ltd.**

31. All documents concerning Jeffrey Hill and/or Drew Michael's association with Overwerx Ltd, Overwatch Aerospace Ltd, and/or Overwatch Aerospace USA, as founder, member, owner, manager, director, employee, or otherwise.

**RESPONSE: Defendant objects to this request as overbroad in scope and lacking any relevance to a claim or defense in this litigation. It should be noted also that Plaintiff has already perused certain published information concerning Mr. Hill and Mr. Michael and their associations with the named parties already.**

32. All documents concerning the Pholos drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**RESPONSE: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential and trade secret protected information of Overwatch Aerospace Ltd., and the Court' standing protective order does not provide adequate protection for such information. The evidence requested as regards "development, testing, manufacture, assembly, quality control, distribution and performance" has no relevance whatsoever to the allegation of trade secret misappropriation and merely signal the fishing expedition that the plaintiff is pursuing in order to harvest Defendant's and/or Overwatch Aerospace Ltd.'s trade secrets for its own anti-competitive purposes. Further, it would be too expansive to provide details of the design information regarding the entire Pholos system, for example, the munition and its interface controls in respect of which the Defendant understands that the plaintiff had no technological know-how at the relevant times. The plaintiff must define and demonstrate with specificity which components of the Pholos it alleges have common features with plaintiff's proven trade secrets (if any). In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

33. All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the Pholos drone.

**RESPONSE: Defendant has the same objections to this request as the one stated above. Specifically: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential and trade secret protected information of Overwatch Aerospace Ltd., and the Court' standing protective order does not provide adequate protection for such information. The broad scope of the evidence requested merely signals the fishing expedition that the plaintiff is pursuing in order to harvest Defendant's and/or Overwatch Aerospace Ltd.'s trade secrets for its own anti-competitive purposes. Further, it would be too expansive to provide details of such information regarding the entire Pholos system, for example, the munition and its interface controls in respect of which the defendant understands that the plaintiff had no technological know-how at the relevant times. The plaintiff must define and demonstrate with specificity which components of the Pholos it alleges have common features with plaintiff's proven trade secrets (if any). In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

34. All parts lists and/or bill of materials for the Pholos drone.

**RESPONSE: Because Overwatch Aerospace Ltd has successfully kept the PHOLOS confidential, the parts list and bill of materials remains a confidential and protected trade secret of Overwatch Aerospace Ltd. Accordingly, Defendant raises the same objections as noted above: Defendant objects to this request in that it is too broad, seeks information that is not important in resolving the substantive issues in the litigation (such as trade secret misappropriation) and/or is irrelevant. In addition, this information comprises protectable and confidential trade secrets of Overwatch Aerospace Ltd., and the Court's standing**

**protective order does not provide adequate protection for such information. In addition, Defendant relies upon the motion for protective order filed contemporaneously herewith.**

35. All documents concerning the marketing, advertising, and/or promotion of the Pholos drone.

**RESPONSE: Defendant objects to this request in that it seeks information that is overly broad in scope, lacking specificity, not relevant to a claim or defense in suit and not important in resolving the issues in the litigation and is irrelevant to whether or not a trade secret misappropriation occurred.**

36. Documents sufficient to show the revenue generated by the sale of the Pholos drone and any associated costs for securing such sales.

**RESPONSE: Defendant objects to this request as seeking highly confidential and trade secret information that should not be permitted until the court determines the issue of jurisdiction and until any factual basis for trade secret misappropriation has been offered by Plaintiff, such that the revenue generated by the sale of the PHOLOS is connected in some legitimate way to the allegedly misappropriated property, which Plaintiff thus far has refused to do. Until such time as it does so, Plaintiff should be precluded from access to such information even under the standing protective order, given the obvious fact that the information is highly confidential and of competitive value to a Plaintiff, a direct or would be competitor. In addition, Defendant repeats the above objections for trade secret protected information: Plaintiff is merely using discovery to engage in an improper fishing expedition into the accounting information of a direct competitor concerning the revenue generating capacity of a PHOLOS which it seeks to copy or emulate. Defendant also incorporates its motion for protective order.**

37. All documents concerning Overwatch's participation in: (i) Project Convergence Capstone (PC-C4), (ii) demonstrations at the White Sands missile range in New Mexico, and/or (iii) SOF 2024 conference in Tampa, from May 6-10, 2024.

**RESPONSE: Defendant objects to this request in that it seeks information that is not important in resolving the issues in the litigation and is irrelevant to whether or not a trade secret misappropriation occurred. The fact of Overwatch Aerospace Ltd.'s participation in PC-C4 and attendance as a non-exhibitor at SOF 2024 is not in dispute, any other information requested by Plaintiff in respect thereof can only represent a fishing exercise. Defendant also incorporates herein its motion for protective order.**

## METHOD AND MEANS OF PRODUCTION

Subject to a ruling of the Court on the motions mentioned above, responsive documents to which there is an undertaking to produce will be collected, bates numbered and produced to counsel and where appropriate designated in accordance with the Court's Standing Order on Confidential documents.

Dated: November 4, 2024

Respectfully submitted,

THE DEFENDANT
OVERWERX LTD

/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126


/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com

ASCENT AEROSYSTEMS INC.,

Plaintiff,

vs.

Civil Action No.: 3:24-cv-01075

JEFFREY T. HILL
ANDREW G. MICHAEL
OVERWATCH AEROSPACE LLC
OVERWATCH AEROSPACE LTD
OVERWERX LTD,

Defendants.

NOVEMBER 4, 2024

## DEFENDANT HILL'S RESPONSE TO PLAINTIFF ASCENT AEROSYSTEMS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT JEFFREY T. HILL

Defendant, by and through the undersigned counsel, hereby files its Response to Plaintiff Ascent AeroSystems Inc.'s First Set of Requests to Defendant Jeffrey T. Hill, in support thereof would state as follows:

### Defendant Preserves All Defenses

Defendant does not waive and specifically preserves all defenses to personal jurisdiction and venue and all other defenses under Rule 12, Federal Rules of Civil Procedure. Nothing stated herein is to be taken as a waiver of the Defendant's position that the Court does not have personal jurisdiction over Defendant and that venue is not proper in this District. Defendant also has joined in a motion to stay discovery which is pending. No waiver is to be inferred from any undertaking to provide discovery in this Response, which undertaking is provisional only, and dependent upon how the Court Rules on pending motions.

### Defendant's Intention to Seek a Protective Order

Defendant Hill will join in a motion for protective order as to certain of the document requests and nothing stated herein is to be taken as a waiver of the relief sought in such motion.

**PROVISIONAL RESPONSES TO PENDING REQUESTS**

Subject to the above conditions, Defendant Hill has the following provisional responses to the following items of the document request:

1. All documents concerning the organization, ownership, management, and/or control of the following entities: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE: Defendant does not have possession of the requested documents in connection with Overwerx Ltd, Overwatch Aerospace Ltd, and Overwatch Aerospace LLC, save for his own personal information in connection with his former shareholding in Overwerx Ltd. In respect of Overwatch Defense LLC this request seeks documents for information that is in the public domain at the Florida company registry, see for example Exhibit AGM/2. Accordingly, Defendant Hill will not produce documents Plaintiffs have already filed of record. If there are other documents that are otherwise responsive to the request as it relates to Overwerx, Ltd., Overwatch Aerospace, Ltd., or Overwatch Aerospace, LLC, the Defendant will produce them unless they have already been made of record in this case by Plaintiff. Concerning Overwatch Defense, LLC, Defendant Hill No longer has documents from which the organization, ownership, management or control of that company can be inferred, as the company was long since dissolved and no records of this nature remain available.**

2. All documents concerning the assets, liabilities, revenues, expenses, and/or business operations of: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

**RESPONSE:**

**Defendant Hill objects to this request as overly broad as there is no limitation on time scope nor is the any specificity as to the need for the requested information in the context of this litigation, it is not proportional to the needs of this case and can substantively be obtained from other sources that are more convenient and less expensive. The requested information regarding all assets, liabilities, revenues, expenses, and/or business operations has no relevance whatsoever in connection with the Plaintiff's allegations of trade secret misappropriation nor in connection with the allegation that non-parties to the litigation have co-invented an invention. In the event of an adverse finding against one or more defendants in respect of either of these allegations, the requested information as regards defendant revenues only can only be justified in the context of determining quantum of a damages award, but the disclosure of that information must be deferred until judgment for the sole purposes of determining quantum and to ensure that the litigation is not prejudiced by quantum. Plaintiff must explain in each case and for specified time periods why it requires the specified information.**

3. All documents concerning the dissolution and/or winding up of Overwatch Defense LLC.

**RESPONSE: Defendant Hill objects to this request in that it seeks information that can be substantively obtained from some other source that is more convenient, less burdensome, or less expensive. The Florida company registry is a publicly accessible resource and holds information on the dissolution and/or winding up of Overwatch Defense LLC, aspects of which have already been exhibited by one of the defendants at Exhibit AGM/2. If and to the extent that any documents were between defendant and attorneys that would be subject to legal privilege and the defendant objects to the request on those grounds in respect thereof.**

**Subject to this objection, Defendant Hill states that no responsive documents other than what is available on the Florida Sunbiz.org Website appear to be available based on Mr. Hill's investigation. That is because the company was long agon dissolved and the records as to the assets, liabilities, etc., no longer appear to be available. If Mr. Hill locates any such records, they will be produced.**

4. All documents concerning how Jeffrey Hill first became aware of Ascent Aerospace, Inc.

**RESPONSE: Defendant Hill has no records or emails that are specifically responsive to this request but suggests that the records already provided by Plaintiff support the inference that Hill was aware of the Ascent hobby-level device and of information in the public domain about its UAVs and had an interest in conferring with Ascent over Ascent being a producer of a UAV device to Hill's specifications in an application of an invention which he had already conceived of. Hill does has emails with Ascent personnel on this subject but has not located the very first such communication, which would be more directly responsive to this request.**

5. All documents concerning the creation, ownership, maintenance, and/or assignment of the "overwatch-defense.com" domain name.

**RESPONSE: Defendant objects to this request in that it seeks information that is not relevant to a material issue in this case or to any defense or claim. The fact of this domain existing is not in dispute. It was registered in the name of Jeffrey Hill in 2017, and that status has not changed.**

6. All documents concerning the preparation, filing, prosecution, maintenance, and/or ownership of the following patent applications, and any patent application claiming the benefit thereto of: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Defendant objects to this request in that it seeks information that can be substantively obtained from some other source that is more convenient, less burdensome, or less expensive, and that the information is not important in resolving the issues in the litigation and is irrelevant. All preparatory documents are subject to legal advice privilege with defendant's US attorney. The Plaintiff is claiming that two non-parties were somehow co-inventors (or inventors) of the referenced patent applications and it is legally incumbent on the Plaintiff to present plausible evidence that demonstrates this and explains why those alleged co-inventors knowingly waited for more than 6 years before they recollected that they were co-inventors in an inventive concept in respect of which they have shown interest, whether before or since. The US Patent Office makes publicly available all relevant documents that evidences that Mr. Hill was first to file the subject patent applications and what has happened to them since, including as regards ownership, and the Plaintiff has already accessed these with reference to Exhibit S. Further, Mr. Hill kept plaintiff informed of patent applications throughout 2017 and 2018 such that plaintiff was fully aware of the nature of the defendant's invention and was at liberty to peruse and scrutinize the application at the US Patent Office at any time. Hill specifically declines to produce any communications between himself and the patent attorneys and agents involved in the prosecution of the referenced applications.**

7. All documents concerning the conception and reduction to practice of the inventions described and claimed in the following patent applications: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

**RESPONSE: Documents responsive to the conception and reduction to practice of the invention, to the extent the same are still available to Hill, will be produced unless the Court has not already dismissed or transferred the action or stayed it by that point in time.**

8. All documents concerning the preparation and execution of the Patent Assignment Agreements entered (i) on 17 March 2020, by and between Overwatch Defense, LLC and Overwerx Ltd, and (ii) on 14 March 2019, by and between Jeffrey T. Hill and Overwatch Defense LLC.

**RESPONSE: Hill is not aware of any documents that are responsive to this request except for documents that were received by him from his attorneys, which are privileged. In addition, Hill suggests that the fact of the assignment and the assignment is in the file wrapper record of the PTO which Plaintiff already has. Accordingly, Hill has no documents to produce responsive to this request that are not privileged or are of record in the PTO.**

9. All documents concerning the "project" disclosed in Jeff Hill's email dated September 23, 2017, including without limitation: (i) research, design, development, and/or testing of a coaxial drone and/or a payload for a coaxial drone, (ii) communications with the Department of Defense and/or NATO countries about the project, and/or (iii) applying for and securing an ATF Explosives Manufacturer license and/or an ATF Class II Manufacturers license for firearms and weapons.

**RESPONSE: Defendant objects to this request in that it seeks information that is not relevant to a material issue in this litigation or to a claim or defense in the case. None of these requested documents have any relevance whatsoever to either the trade secret misappropriation allegation nor the patent co-inventorship allegation.**

10. All documents concerning the Mutual Non-Disclosure Agreement made and entered on September 23, 2017, between Ascent AeroSystems, Inc. and Overwatch Optics LLC, and/or the Commercial Teaming Agreement entered on or about November 12, 2017, by and between Ascent AeroSystems, Inc. and Overwatch Defense LLC.

**RESPONSE:  Defendant objects to this request because plaintiff was the counterparty to both documents it will already have all relevant correspondence and travelling drafts between the counterparties.**

11. All documents concerning "INITIATIVE 1: 'PHOLOS' KINETIC UAS COAXIAL WEAPON SYSTEM" as defined in the Commercial Teaming Agreement, including without limitation Overwatch Defense's pursuit of the (i) Warhead, including all trigger, fuse, and safety components, (ii) A 360-Degree Camera and all necessary Payload hardware, (iii) An Advanced Ground Station necessary to operate the Mission Equipment, (iv) software for command, control and communications required to operate the Mission Equipment and view the 360-degree imagery on the Basic and Advanced Ground Stations, and/or (v) software for targeting, arming and recall of the explosive payload.

**RESPONSE: Defendant objects to this request as too broad in respect of "all documents" requirement and lacks any specificity as to the need for the requested information in the context of this litigation, nor is it proportional to the needs of this case. None of these matters have any connection whatsoever with the trade secret misappropriation allegations that the plaintiff has made,  they all relate to Overwatch Defense LLC's workshare scope in connection with munition capability.  If there are specific items Plaintiff is seeking, Defendant is willing to meet and confer about identifying the ones that Plaintiff thinks are relevant and in Hill's control**

12. All documents concerning the following documents/files provided by Ascent to Overwatch Defense: (i) 3D CAD STEP files for the Pholos 1 and Pholos 2 mockups, (ii) 3D CAD files of the bulkhead payload module and the payload mounting ring of an Ascent drone, (iii) 3D CAD files of the modular attachment ring of an Ascent drone, (iv) pinout of the connector board of an Ascent drone, (v) "bill of materials" (parts list) for an Ascent drone, and (vi) product specification sheets for Ascent's drones.

**RESPONSE: Defendant objects to this request as too broad in respect of "all documents" requirement and lacks any specificity as to the need for the requested information in the context of this litigation. Notwithstanding this objection, Defendant will make a reasonable Search of legacy Overwatch Defense LLC records to the extent they still exist for non-privileged and responsive documents and produce documents located in its possession, custody, and control.  In the case of deleted digital records and/or emails, these will be reconstituted where technological means permit and provided by agreed procedures with counsel or filed under seal.**

13. All documents concerning the following items provided by Ascent to Overwatch Defense: (1) Sprite 1 UAV, (2) Sprite 2 UAVs, (3) Pholos 1 mockups, and/or (4) Pholos 2 mockups.

**RESPONSE: Any documents remaining in the possession or control of Hill will be produced. However, Defendant is presently unaware of specific documents that are responsive to this request as the most of them were deleted or otherwise destroyed by agreement of Overwatch Defense, LLC and Plaintiff. The fact that these items were delivered by Plaintiff to Overwatch Defense is not in dispute.**

14. All documents concerning Overwatch Defense's interactions with the British Ministry of Defense, and/or other potential customers, for Pholos and/or a coaxial drone with an explosive or kinetic warhead.

**RESPONSE: Defendant objects to this request as irrelevant to the case and appears to simply represent a fishing exercise by the plaintiff on matters that are wholly unconnected to the trade secret misappropriation allegations in the litigation. Defendant also objects to this request to the extent that it seeks information that is subject to confidentiality undertakings with a third party. In addition, Defendant Hill is not the proper custodian of such records if the same even exist at present and it not aware who he could obtain them.**

15. All documents concerning Overwatch Defense's interactions with engineering and/or munitions suppliers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant objects to this request as irrelevant to the case and appears to simply represent a fishing exercise by the plaintiff on matters that are wholly unconnected to the trade secret misappropriation allegations in the litigation. Defendant also objects to this request to the extent that it seeks information that is subject to confidentiality undertakings with a third party.**

16. All documents concerning Overwatch Defense's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead.

**RESPONSE: Defendant objects to this request as irrelevant to the case and appears to simply represent a fishing exercise by the plaintiff on matters that are wholly unconnected to the trade secret misappropriation allegations in the litigation. Defendant also objects to this request to the extent that it seeks information that is subject to confidentiality undertakings with a third party.**

17. All documents concerning meetings in the ▉▉▉▉▉▉▉▉ referenced in the email communication from Jeff Hill dated August 15, 2018.

**RESPONSE: Defendant] objects to this request as irrelevant to the case and appears to simply represent a fishing exercise by the plaintiff on matters that are wholly unconnected to the trade secret misappropriation allegations in the litigation. Defendant also objects to this request to the extent that it seeks information that is subject to confidentiality undertakings with a third party.**

18. All documents concerning Overwatch Defense's efforts to secure rights in Ascent's drone technology, including licensing proposals and memoranda of understanding.

**RESPONSE: Defendant objects to this request as overly broad as there is no specificity as to the need for the requested information in the context of this litigation, it is not proportional to the needs of this case and is substantively already in the Plaintiff's possession in respect of the correspondence and draft documents that formed the negotiation with Overwatch Defense LLC of the product development and license agreement and memorandum of understanding, some of which it has already exhibited in the litigation at Exhibit G.**

19. All documents concerning Drew Michael's request for "a list of components" for the Spirit vehicle that will be used in the Pholos 2, as referenced in an email communication from Peter Fuchs to Jeff Hill dated September 7, 2018.

**RESPONSE: Defendant Hill is unaware of such list of components or a means of finding the same. Hill will produce his emails with Plaintiff to the extent he still has them but has no other records himself to search for what you are seeking.**

20. All documents concerning the parts list provided to Drew Michael as an attachment to an email dated September 8, 2018.

**RESPONSE: Defendant Hill is unaware of such list  or a means of finding the same. Hill will produce his emails with Plaintiff to the extent he still has them but has no other records himself to search for what you are seeking.**

21. All documents concerning ██████████████████████████████ ████████ – which are referenced by Drew Michael in an email communication dated September 25, 2018.

**RESPONSE: Defendant Hill is unaware of responsive documents.**

22. All documents concerning the lawsuit entitled Ascent AeroSystems Inc. v. Overwatch Defense LLC, Civil Action No. 3:19-cv-00210 (KAD), including without limitation Overwatch's efforts to secure a dismissal of that lawsuit.

**RESPONSE: Defendant objects to this request for reasons that it is irrelevant to the present litigation, that all relevant and non-privileged documents in that 2019 lawsuit were exchanged in correspondence between the parties at that time, that any communications between Overwatch Defense LLC and its attorneys will remain subject to legal privilege and, finally, that this appears to be an attempt by the Plaintiff to reopen its earlier concocted dispute through this information fishing request. It is also noted and objected that Plaintiff and its attorneys have disclosed in exhibits to this litigation "without prejudice" legal communications issued by Overwatch Defense LLC's attorneys, Gowlings, in connection with the 2019 lawsuit.**

23. All documents concerning the following items that are referenced on page 2 of the letter dated February 4, 2019 from Mark Ledwell of Gowling WLG: (i) the Sprite 2 (unflyable unit which was destroyed while testing); wreckage at Cyprus Army Range; (ii) Sprite 2 flyable system with camera; and/or (iii) Flight wreckage of Sprite 2 (our client advises this must be recovered from a government facility).

**RESPONSE: Defendant objects to this request as "all documents" request is overly broad and there is no specificity as to the need for the requested information in the context of this litigation. Defendant also objects to this request as irrelevant as there is no dispute that Overwatch Defense LLC had in its possession the Plaintiff's commercially available Sprite 2 on an unsupervised basis during 2018. Accordingly, this entire category of documents is not relevant to a claim or defense in suit.**

24. All documents concerning the following items: (i) the Sprite 2 UAVs w/ground controller & accessories, and/or (ii) the Sprite 2 UAV (vehicle only), as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant objects to this request as "all documents" request is overly broad and there is no specificity as to the need for the requested information in the context of this litigation. Defendant also objects to this request as irrelevant as there is no dispute that Overwatch Defense LLC had in its possession the Plaintiff's commercially available Sprite 2 on an unsupervised basis during 2018. Subject to this objection, Defendant is unaware of any documents of this nature in his care, custody, possession or control and so would be unable to produce them if they are available to him.**

25. All documents concerning the alleged destruction of the Sprite 2 UAV as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant objects to this request as "all documents" request is overly broad and there is no specificity as to the need for the requested information in the context of this litigation. Defendant also objects to this request as irrelevant as there is no dispute that Overwatch Defense LLC had in its possession the Plaintiff's commercially available Sprite 2 on an unsupervised basis during 2018. Subject to this objection, Defendant is unaware of any documents of this nature in his care, custody, possession or control and so would be unable to produce them if they are available to him.**

26. All documents concerning Overwatch Defense's compliance or lack of compliance with Schedule B and/or Schedule C to the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant objects to this request as irrelevant to the litigation. If Plaintiff wishes to bring a separate lawsuit against Overwatch Defense LLC for these matters, it should do so and not use this litigation as a covert method for doing so.**

27. All documents concerning Overwatch's endeavor to recover Item 6 of Schedule A, as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant objects to this request as irrelevant to the litigation. In addition, Defendant Hill destroyed or deleted documents of Overwatch Defense and so no longer has any records to search that would involve item 6.**

28. All documents concerning the representation that Item 6 of Schedule A was destroyed "during a test involving an illumination warhead; as power was being supplied through a tether, our Client assumes the unit was overloaded and, as a result, caught fire and was destroyed," as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

**RESPONSE: Defendant objects to this request as irrelevant to the litigation. In all events, however, Defendant Hill deleted or destroyed documents of Overwatch Defense and no longer has any records to search that would pertain to this item.**

29. All documents concerning or related to any effort to reverse-engineer, disassemble, decompile, or otherwise analyze an Ascent UAV or any aspect or component thereof, including without limitation a Sprite 2 UAV.

**RESPONSE: Defendant] objects to this request as overly broad and irrelevant to the litigation on the basis that under US law anyone may lawfully reverse engineer etc another party's product that is in the public domain. To generate a reasonable request, the plaintiff must first identify precisely what it claims to be its trade secrets, it must then demonstrate that such trade secrets have at all relevant times remained trade secret and/or are not prior art, it must then show that a defendant received it under conditions of confidence. Once the plaintiff has incontrovertibly demonstrated this, then it will be in a position to formulate a suitably scoped request in respect of a valid trade secret. In all events, Hill has no documents in his care, custody, possession or control responsive to this request and involving an effort**

**to reverse engineer, disassemble, decompile or analyze an Ascent UVA, or a component of the same.**

30. All documents concerning any communications, agreements, or collaborative efforts with Sierra Nevada or any of its affiliates, subsidiaries, or representatives, regarding the Pholos drone, including without limitation a ground control system for the Pholos drone.

**RESPONSE:** Defendant Hill has no responsive documents.

31. All documents concerning Jeffrey Hill and/or Drew Michael's association with Overwerx Ltd, Overwatch Aerospace Ltd, and/or Overwatch Aerospace USA, as founder, member, owner, manager, director, employee, or otherwise.

**RESPONSE: Defendant Hill has no documents that are responsive to this request other than the publicly filed documents Ascent has already filed of record. It is not in dispute from such records that Mr. Hill temporarily held shares in Overwerx Ltd and was temporarily a statutory director (between 17 March 2020 and 22 September 2021), information which is a matter of public record, and which the plaintiff has itself already accessed, perused and exhibited. Nor is it disputed that, for a period, Mr. Hill was engaged as a consultant by Overwatch Aerospace Ltd. Nor is it disputed that Mr. Hill was temporarily the nominated "manager" of Overwatch Aerospace LLC, information that is publicly disclosed and that has already been exhibited. This Hill has nothing to produce and the items requested are not relevant to any claim or defense in suit.**

32. All documents concerning the Pholos drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**RESPONSE: Defendant is no longer connected to Overwatch Aerospace Ltd or Overwerx Ltd and accordingly does not have access to any such documentation.**

33. All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the Pholos drone.

**RESPONSE: Hill has no possession or control of such documents.**

34. All parts lists and/or bill of materials for the Pholos drone.

**RESPONSE: Hill has no possession or control of such documents**

35. All documents concerning the marketing, advertising, and/or promotion of the Pholos drone.

**RESPONSE: Hill has no possession or control of such documents.**

36. Documents sufficient to show the revenue generated by the sale of the Pholos drone and any associated costs for securing such sales.

**RESPONSE: Hill has no possession or control of such documents.**

37. All documents concerning Overwatch's participation in: (i) Project Convergence Capstone (PC-C4), (ii) demonstrations at the White Sands missile range in New Mexico, and/or (iii) SOF 2024 conference in Tampa, from May 6-10, 2024.

**RESPONSE: Defendant objects to this request on the grounds that it relates to matters not within its corporate knowledge and/or awareness. Further Hill has no possession or control of such documents.**

### METHOD AND MEANS OF PRODUCTION

Subject to a ruling of the Court on the motions mentioned above, responsive documents to which there is an undertaking to produce will be collected, bates numbered and produced to counsel and where appropriate designated in accordance with the Court's Standing Order on Confidential documents.

Dated: November 4, 2024

Respectfully submitted,

THE DEFENDANT HILL

/s/ Thomas J. Rechen
Thomas J. Rechen
**McCarter & English, LLP**
CityPlace 1
185 Asylum Street, 36th Floor
Hartford, CT 06103
860-275-6706
Fax: 860-218-9680
trechen@mccarter.com
*Lead Attorney*

/s/ Ferdinand Romano
Ferdinand Romano, Esquire (pro hoc)
**Accel IP Law, PLLC**
505 Brevard Ave., Suite 104
Cocoa, FL 32922
Tel: 321-223-6215
Fax: 321-417-7126
fromano@acceliplaw.com

/s/ Stephen Milbrath
Stephen Milbrath, Esquire (pro hac)
**Bitman O'Brien, PLLC**
610 Crescent Executive Ct., Suite 112
Lake Mary, Florida 32746
Telephone: 407.815.3110
smilbrath@bitman-law.com