# EXHIBIT 4

**(May 22, 2026 to July 21, 2026 email chain
with Plaintiff's and Defendants' counsel)**

**Public- redacted**

Tom,

I wanted to follow up on the below correspondence.  As you know, our initial discovery in this case was served in the fall of 2024. On April 3, 2026, we asked for responses to our interrogatories and document requests that were served some 18 months beforehand.  We followed up on those requests on May 20, 2026, after the preliminary injunction evidentiary hearing and conferred on June 3, 2026, to which you responded with a letter on June 16, 2026.  After reviewing your letter, we responded in another letter dated July 2, and conferred again on July 10 in the hope that we could make meaningful progress on discovery. During that meeting, you indicated that you would follow up with us last week with additional information, including supplemental interrogatory responses.  However, neither the Corporate Defendants nor Trost provided any follow-up information, even after Mr. Ecker's follow-up email on Friday.  We thus have no clarity whatsoever on when you will be providing substantive responses to the interrogatories or producing documents in this case, in response to the RFPs and ROGs served over 18 months ago.

In sum, aside from the documents shared at the PI hearing, the Corporate Defendants and Trost have not produced a single document in this case.  Neither the Corporate Defendants nor Trost have provided a single substantive interrogatory response despite having months, if not years, to do so, and also despite promising you would provide supplemental responses to certain interrogatories no later than Friday of last week.  Given this, we have no choice but to request a discovery conference with Magistrate Judge Katz, which we will be doing this afternoon.  We note that, pursuant to the Local Rules, "[i]f a party fails or refuses to confer in good faith with the requesting party, thus requiring the request for a discovery conference, the Court, at its discretion, may subject the resisting party to the sanction of the imposition of costs, including the attorney's fees of opposing party in accordance with Fed. R. Civ. P. 37."  We reserve all rights to seek such fees and costs in connection with our request.

Finally, we note that we served a second round of discovery requests on June 18, 2026, to which a response was due no later than July 20, 2026.  We did not receive responses to those RFPs or interrogatory requests when they were due yesterday.  Those are now overdue, and we request them immediately. Unless those responses are produced today, we request an immediate meet and confer on those delayed responses no later than Wednesday or Thursday of this week. Please let us know when you're available.

Best regards,
Chris


**Christopher A. Suarez**
Partner

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8131 direct | +1 773 304 8851 mobile | csuarez@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Friday, July 17, 2026 5:47 PM

**To:** Rechen, Thomas <trechen@McCarter.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Suarez, Christopher <csuarez@steptoe.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

Tom,

On our meet and confer last Friday, you promised to follow up with us this week regarding a number of issues addressed in our correspondence. It is now after close of business a week later, and, predictably, we have not heard from you.

First, you promised to get back to us regarding the status of the collection and review of documents and data from the files of Jeffrey Hill, including his laptop, cellphone, and iCloud account. When we requested additional information regarding whether specific items would be located in those files, including Overwatch Defense email accounts and data repositories and personal email accounts, you were unable to provide clarity and stated you would need to review the laptop, cellphone, and iCloud data. Please provide the requested information, an update on your progress, and a date certain for when documents will be produced from Mr. Hill's files.

Second, you promised to provide supplemental responses to Interrogatory Nos. 1 and 2. We have not received them. As we advised, we need this information to, among other things, identify a preliminary list of custodians for search term ESI discovery. We are prepared to provide a preliminary protocol, and will do so next week, but need the interrogatory responses to identify custodians. As we also discussed, the use of search terms does not alleviate either your or your client's duties to search for and produce responsive documents.

Third, we addressed that no documents have been produced for any of our requests for production and that certain objections were improper. To be clear, this includes the Corporate Defendants' files, not just Mr. Hill's. To our knowledge, no efforts have been taken to collect documents from the Corporate Defendants.

Fourth, we addressed your improper objections to providing large swaths of discovery based on supposed UK export control or secrecy laws, which at this point can only be viewed as a bad-faith attempt to block all discovery. We have repeatedly asked what specific information or files you claim are covered by those laws, which has gone unanswered. As we have noted, there are numerous categories of information and documents that cannot possibly be affected by these supposed laws (e.g., relating to Hush), as revealed by your own selective and self-serving productions during the hearing. We have even proposed solutions to address your concerns, including producing documents and data to our London office for inspection and review and/or providing a log of specific documents, data, or papers that are being withheld that you claim are covered by these laws so that we can evaluate your claims. You represented that you would be speaking to UK attorneys on this issue and promised to get back to us. We have not heard from you. Please provide an update on what specific documents or information you claim is covered by these laws, your plan for identifying and conveying that information to us including whether you will produce to our London office and/or provide a log, and a date certain for when documents will be produced that are not covered by these laws. To be clear, this includes documents from the Corporate Defendants, not just from Mr. Hill's files.

We raised the issue to you of producing discovery on April 3, and it is now nearly two months since we raised these specific deficiencies as reflected in this email chain. Yet not a shred of documents or information has been produced, we have no clarity or answers to our questions, and your promises have gone unkept. We have been more than patient but will not tolerate any further delay. If we do not receive all of the requested information by no later than the close of business on Monday, we intend to file a motion to compel and reserve all rights to seek fees, sanctions, and all other appropriate relief.

Relatedly, Defendants' responses to Plaintiff's second sets of interrogatories and requests for production, as well as Plaintiff's first set of requests for inspection, are due Monday. We expect to receive fulsome and complete responses and productions.

Lastly, ███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████

Best,


**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Thursday, July 2, 2026 5:34 PM
**To:** Rechen, Thomas <trechen@McCarter.com>; Suarez, Christopher <csuarez@steptoe.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

Tom and Snigdha,

Please see the attached correspondence in response to your June 16 letter. As indicated in the letter, please provide your availability for a meet and confer on Thursday or Friday next week, as well as the requested follow-up information.

Best,


**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Friday, June 12, 2026 5:56 PM
**To:** Rechen, Thomas <trechen@McCarter.com>; Suarez, Christopher <csuarez@steptoe.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

Tom,

It has now been 3 full weeks since we raised these issues and so far we have no answers from you. We hope it does not come to it, but you will be receiving a formal letter and we will consider bringing these issues to the Court if we don't get satisfactory responses to each of our inquiries by early next week, mediation notwithstanding. We look forward to hearing from you soon without further delay.

Best,

**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Rechen, Thomas <trechen@McCarter.com>
**Sent:** Friday, June 12, 2026 2:55 PM
**To:** Suarez, Christopher <csuarez@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** [EXTERNAL] RE: Ascent v. Overwerx (N.D.N.Y.)

Chris,

Thank you for your email following up.  I am still working through some of the issues raised by Ascent's discovery requests with my clients. The pending mediation and the associated preparation have set this back a bit and so I will not have a more fulsome response today, but hope to provide you with more information early next week.

Thank you,

Tom



**Thomas J. Rechen | Partner**
McCarter & English, LLP
CityPlace I, 185 Asylum Street | Hartford, CT 06103

trechen@mccarter.com | www.mccarter.com | V-Card
T 860.275.6706     M 860.918.1551

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

---

**From:** Suarez, Christopher <csuarez@steptoe.com>
**Sent:** Friday, June 12, 2026 11:31 AM
**To:** Ecker, Joseph <jecker@steptoe.com>; Rechen, Thomas <trechen@McCarter.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

<p style="text-align:center;color:red;font-weight:bold;">EXTERNAL EMAIL | STOP | VERIFY | REPORT</p>

Tom,

Following up on our conversations about discovery, you said that you were going to give us a point-by-point update on discovery, including clarity on what you intend to produce and what you are not producing, and the reasons therefor, no later than Wednesday, June 10. It is now Friday. Please provide the update no later than today.

Please also provide clarity on your positions separately with regard to both the Corporate Defendants and Hill/Trost.

Best regards,
Chris

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Tuesday, June 2, 2026 12:16 PM
**To:** Suarez, Christopher <csuarez@steptoe.com>; Rechen, Thomas <trechen@McCarter.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

Tom,

In order to have a productive discussion tomorrow, please send us your clients' positions on each of the discovery issues in the email chain below in advance of the call.

Thanks,


**Joseph Ecker**
Associate

# Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio


**From:** Suarez, Christopher <csuarez@steptoe.com>
**Sent:** Sunday, May 31, 2026 11:12 PM
**To:** Rechen, Thomas <trechen@McCarter.com>; Ecker, Joseph <jecker@steptoe.com>
**Cc:** [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Subject:** RE: Ascent v. Overwerx (N.D.N.Y.)

Tom,

Thanks for providing these times. We can be available at 10 AM ET on Wednesday to discuss the discovery issues. I can send an invite.

Best regards,
Chris

**From:** Rechen, Thomas <trechen@McCarter.com>
**Sent:** Friday, May 29, 2026 1:34 PM
**To:** Suarez, Christopher <csuarez@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>

Counsel,

We are available to meet and confer regarding the discovery issues you raise as follows:

- Wednesday, June 3, 2026 at any time after 10:00 am
- Thursday, June 4, 2026 at any time after 3:00 pm

Please let us know what works for you.

Thank you.



**Thomas J. Rechen | Partner**
McCarter & English, LLP
CityPlace I, 185 Asylum Street | Hartford, CT 06103

trechen@mccarter.com | www.mccarter.com | V-Card
T 860.275.6706    M 860.918.1551

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

---

**From:** Suarez, Christopher <csuarez@steptoe.com>
**Sent:** Friday, May 22, 2026 5:25 PM
**To:** Rechen, Thomas <trechen@McCarter.com>; Mamillapalli, Snigdha <smamillapalli@mccarter.com>
**Cc:** Ecker, Joseph <jecker@steptoe.com>; [MtrDist] Ascent-Overwerx <Ascent-Overwerx@steptoe.com>
**Subject:** Ascent v. Overwerx (N.D.N.Y.)

## EXTERNAL EMAIL | STOP | VERIFY | REPORT

---

Counsel,

We write regarding expedited briefing and discovery matters.

### Supplemental personal jurisdiction briefing schedule
Per the Court's Order to confer regarding a schedule for expedited briefing on DTSA personal jurisdiction related to the preliminary injunction, please find attached a draft joint stipulation that sets a deadline of June 5 for Plaintiff's opening brief, June 19 for the Corporate Defendants' opposition brief, and June 26 for a reply brief. Please confirm that this schedule works and that we may affix your signature and file as soon as possible. We are otherwise available to meet and confer if necessary. Absent agreement, we intend to address the issue with the Court no later than Wednesday, May 27.

### Discovery
The Court has now determined that Ascent's asserted trade secrets (as identified in Plaintiff's May 8, 2026 Notice of Identification of Trade Secrets) are defined with sufficient specificity and has denied your motion for identification of trade

secrets as moot. As such, there is no longer a Rule 11 basis for objecting to discovery by the Corporate Defendants or the estate of Mr. Hill on that ground.

There is also no Rule 11 basis for continuing to block all discovery from the Corporate Defendants or the estate of Mr. Hill based on UK export control laws.

*Hill/Overwatch Aerospace LLC*
With respect to Mr. Hill and Overwatch Aerospace LLC, documents and data held by Mr. Hill personally and Overwatch Aerospace LLC in the United States are not subject of UK export control laws as they reside in the United States. As Mr. Michael testified in his deposition, ███████████████████████████████████████. ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ Please confirm that the Estate of Trost will begin the process of producing discovery immediately.

*Overwerx Ltd. and Overwatch Aerospace Ltd.*
With respect to Overwerx Ltd. and Overwatch Aerospace Ltd., both entities (via Mr. Michael, ██████████, and other individuals) purposefully conducted business in the United States via at least Hush Aerospace, whose development efforts were not subject of ████████████████████████████████████████. Information also freely flowed between Overwerx/Overwatch Aerospace Ltd. and Hush via email ████████████.

Moreover, it is clear from the past two weeks that certain information can be produced outside of any UK export control laws. The Corporate Defendants selectively produced a number of documents related to the Corporate Defendants' so-called "development" efforts, including efforts performed overseas. Pictures of the PHOLOS drone were also produced, and selective pieces were even brought to Court. Mr. Michael was deposed for 7 hours and testified at the hearing during which he was able to disclose information.

Even to the extent any documents, data, or information may be subject of UK export controls, the Corporate Defendants are on notice of Ascent's trade secrets and claims in this case. Now is the time to begin the process of seeking any allegedly required licenses to begin producing discovery. Please provide your availability to meet and confer on this issue by Friday, May 29.

For all Defendants, discovery should commence immediately on information clearly housed in the United States as well as on information not subject of any UK export control laws. Please confirm that you will do so along with a timeline for when discovery will be produced by no later than Friday, May 29, or otherwise provide your availability to meet and confer. Absent an agreement to withdraw objections on this subset of information and a firm commitment and timeline for producing this discovery, we intend to seek court intervention. Please know that we will also seek all fees for litigating this issue any further.

We look forward to discussing these issues with you promptly and resolving them.  Have a nice Memorial Day weekend.

Best regards,
Chris


**Christopher A. Suarez**
Partner

**Steptoe**
Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8131 direct | +1 773 304 8851 mobile | csuarez@steptoe.com | www.steptoe.com | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.