# EXHIBIT 5

**(Defendants' June 16, 2026 discovery deficiency responsive letter)**

**Public- redacted**



Thomas J. Rechen
Partner

T. 860-275-6706
F. 860-724-3397

trechen@mccarter.com

McCarter & English, LLP

City Place I
185 Asylum St.
Hartford, CT 06103

www.mccarter.com

June 16, 2026

**VIA EMAIL (esuarez@steptoe.com and jecker@steptoe.com)**

Christopher A. Suarez, Esq.
Joseph F. Ecker, Esq.
Steptoe LLP
1330 Connecticut Ave NW
Washington, DC 20036

Re:   ***Ascent Aerosystems, Inc. v. Maryna Trost, Administrator et al,***
       **Case No.: 5:25-cv-00275-BKS-MJK**

Dear Attorneys Suarez and Ecker:

       This letter is provided in response to Attorney Suarez's May 22, 2026 email and our subsequent telephone and email communications regarding the written discovery (Request for Production and Interrogatories) served by Ascent Aerosystems, Inc. on October 3, 2024, to which Defendants Jeffrey T. Hill (now Maryna Trost, Administrator of the Estate of Jeffrey T. Hill), Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd served initial objections and responses on November 4, 2024. Defendants will respond to Ascent's discovery as follows:

### Requests for Production

       1.       All documents concerning the organization, ownership, management, and/or control of the following entities: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

       Defendants maintain their objections served on November 4, 2024. Subject to and without waiving their objections, Defendants commit to make a reasonable search for and produce publicly available documents reflecting the organization, ownership, management and/or control of (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC. As to Overwatch Defense, LLC, insofar as it ceases to exist and was dissolved, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce publicly available responsive documents, if any.

ME1\61480785.v1

documents, if any, that are not of public record concerning organization, ownership, management and control up to the date of filing this lawsuit.

2. All documents concerning the assets, liabilities, revenues, expenses, and/or business operations of: (i) Overwatch Defense LLC, (ii) Overwerx Ltd, (iii) Overwatch Aerospace Ltd, and (iv) Overwatch Aerospace LLC.

Defendants maintain their objections served on November 4, 2024. Subject to and without waiving their objections:

Overwatch Defense, LLC is not a party to this lawsuit, no longer exists, and the parties to this lawsuit do not have responsive records.

Overwatch Aerospace, LLC was a holding company for trademark rights only. It held no other assets and had no liabilities, revenue or expenses and no active business operations.

As to Overwerx, Ltd. and Overwatch Aerospace, Ltd. (the "UK Parties"), they will produce financial information and publicly available information specific to sales of only the PHOLOS II, subject to compliance with United Kingdom state secret and export control laws.

3. All documents concerning the dissolution and/or winding up of Overwatch Defense LLC.

Defendants maintain their objections and responses served on November 4, 2024. Notwithstanding their objections, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce publicly available responsive documents, if any.

4. All documents concerning how Jeffrey Hill first became aware of Ascent Aerospace, Inc.

Defendants maintain their objections and responses served on November 4, 2024. Notwithstanding their objections, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce publicly available responsive documents, if any.

5. All documents concerning the creation, ownership, maintenance, and/or assignment of the "overwatch-defense.com" domain name.

Defendants maintain their objections and responses served on November 4, 2024. Overwatch Defense is not a party to this action and has no records and Mr. Hill, its former owner, is deceased. Without waiving such objections and

responses, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce responsive, non-privileged information, if any.

6.      All documents concerning the preparation, filing, prosecution, maintenance, and/or ownership of the following patent applications, and any patent application claiming the benefit thereto of: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce responsive, non-privileged information, if any.

7.      All documents concerning the conception and reduction to practice of the inventions described and claimed in the following patent applications: (i) U.S. Application 62/568,518, (ii) U.S. Application 62/726,976, (iii) U.S. Application 16/153,696, (iv) U.S. Application 17/378,765, and (v) PCT/US18/54767

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, the Estate will make a reasonable search of Mr. Hill's devices that are within its custody and control and produce responsive, non-privileged information, if any.

8.      All documents concerning the preparation and execution of the Patent Assignment Agreements entered (i) on 17 March 2020, by and between Overwatch Defense, LLC and Overwerx Ltd, and (ii) on 14 March 2019, by and between Jeffrey T. Hill and Overwatch Defense LLC.

Defendants maintain their responses served on November 4, 2024.

9.      All documents concerning the "project" disclosed in Jeff Hill's email dated September 23, 2017, including without limitation: (i) research, design, development, and/or testing of a coaxial drone and/or a payload for a coaxial drone, (ii) communications with the Department of Defense and/or NATO countries about the project, and/or (iii) applying for and securing an ATF Explosives Manufacturer license and/or an ATF Class II Manufacturers license for firearms and weapons.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of Mr. Hill's September 23, 2017 email. Nonetheless, Defendants will make a reasonable search for and produce

responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

10.    All documents concerning the Mutual Non-Disclosure Agreement made and entered on September 23, 2017, between Ascent AeroSystems, Inc. and Overwatch Optics LLC, and/or the Commercial Teaming Agreement entered on or about November 12, 2017, by and between Ascent AeroSystems, Inc. and Overwatch Defense LLC.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of the Mutual Non-Disclosure Agreement or the Commercial Teaming Agreement. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

11.    All documents concerning "INITIATIVE 1: 'PHOLOS' KINETIC UAS COAXIAL WEAPON SYSTEM" as defined in the Commercial Teaming Agreement, including without limitation Overwatch Defense's pursuit of the (i) Warhead, including all trigger, fuse, and safety components, (ii) A 360-Degree Camera and all necessary Payload hardware, (iii) An Advanced Ground Station necessary to operate the Mission Equipment, (iv) software for command, control and communications required to operate the Mission Equipment and view the 360-degree imagery on the Basic and Advanced Ground Stations, and/or (v) software for targeting, arming and recall of the explosive payload.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of the Mutual Non-Disclosure Agreement or the Commercial Teaming Agreement. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

12.    All documents concerning the following documents/files provided by Ascent to Overwatch Defense: (i) 3D CAD STEP files for the Pholos 1 and Pholos 2 mockups, (ii) 3D CAD files of the bulkhead payload module and the payload mounting ring of an Ascent drone, (iii) 3D CAD files of the modular attachment ring of an Ascent drone, (iv) pinout of the connector board of an Ascent drone, (v) "bill of materials" (parts list) for an Ascent drone, and (vi) product specification sheets for Ascent's drones.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that

Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time that any of this information may have been provided to Overwatch Defense, LLC. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

13. All documents concerning the following items provided by Ascent to Overwatch Defense: (1) Sprite 1 UAV, (2) Sprite 2 UAVs, (3) Pholos 1 mockups, and/or (4) Pholos 2 mockups.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time that any of this information may have been provided to Overwatch Defense, LLC. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

14. All documents concerning Overwatch Defense's interactions with the British Ministry of Defense, and/or other potential customers, for Pholos and/or a coaxial drone with an explosive or kinetic warhead.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of Overwatch Defenses, LLC's interactions, if any, with the British Ministry of Defense. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

15. All documents concerning Overwatch Defense's interactions with engineering and/or munitions suppliers for Pholos and/or a coaxial drone with an explosive warhead.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of any interactions with engineering and/or munitions suppliers by Overwatch Defense, LLC. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

16.    All documents concerning Overwatch Defense's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of Overwatch Defenses, LLC's interactions with potential manufacturers for Pholos and/or a coaxial drone with an explosive warhead, if any. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

17.    All documents concerning meetings in the ▮▮▮▮▮▮▮ referenced in the email communication from Jeff Hill dated August 15, 2018.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

18.    All documents concerning Overwatch Defense's efforts to secure rights in Ascent's drone technology, including licensing proposals and memoranda of understanding.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of any efforts by Overwatch Defenses, LLC to secure rights in Ascent's drone technology. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

19.    All documents concerning Drew Michael's request for "a list of components" for the Spirit vehicle that will be used in the Pholos 2, as referenced in an email communication from Peter Fuchs to Jeff Hill dated September 7, 2018.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

20.    All documents concerning the parts list provided to Drew Michael as an attachment to an email dated September 8, 2018.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

21.    All documents concerning (i) the ███████████████████ ████████████," and/or (iv) the ███████ – which are referenced by Drew Michael in an email communication dated September 25, 2018.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the time of Drew Michael's email communication dated September 25, 2018. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, subject to compliance with United Kingdom state secret and export control laws.

22.    All documents concerning the lawsuit entitled *Ascent AeroSystems Inc. v. Overwatch Defense LLC,* Civil Action No. 3:19-cv-00210 (KAD), including without limitation Overwatch's efforts to secure a dismissal of that lawsuit.

Defendants maintain their objections and responses served on November 4, 2024.

23.    All documents concerning the following items that are referenced on page 2 of the letter dated February 4, 2019 from Mark Ledwell of Gowling WLG: (i) the Sprite 2 (unflyable unit which was destroyed while testing); wreckage at Cyprus Army Range; (ii) Sprite 2 flyable system with camera; and/or (iii) Flight wreckage of Sprite 2 (our client advises this must be recovered from a government facility).

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

24.    All documents concerning the following items: (i) the Sprite 2 UAVs w/ground controller & accessories, and/or (ii) the Sprite 2 UAV (vehicle only), as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

25.     All documents concerning the alleged destruction of the Sprite 2 UAV as referenced in Schedule A of the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

26.     All documents concerning Overwatch Defense's compliance or lack of compliance with Schedule B and/or Schedule C to the letter dated February 15, 2019 from Mark Ledwell of Gowling WLG.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the times relevant to this request. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

27.     All documents concerning Overwatch's endeavor to recover Item 6 of Schedule A, as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the times relevant to this request. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

28.     All documents concerning the representation that Item 6 of Schedule A was destroyed "during a test involving an illumination warhead; as power was being supplied through a tether, our Client assumes the unit was overloaded and, as a result, caught fire and was destroyed," as reflected in a letter dated March 22, 2019 from Mark Ledwell of Gowling WLG.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants state that Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx Ltd did not exist at the times relevant to this request. Nonetheless, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

29.     All documents concerning or related to any effort to reverse-engineer, disassemble, decompile, or otherwise analyze an Ascent UAV or any aspect or component thereof, including without limitation a Sprite 2 UAV.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Overwatch Aerospace, LLC, Overwatch Aerospace Ltd and Overwerx, Ltd. have no responsive documents. The Estate will make a reasonable search for an produce responsive, non-privileged documents, if any.

30.     All documents concerning any communications, agreements, or collaborative efforts with ▮▮▮▮▮▮▮ or any of its affiliates, subsidiaries, or representatives, regarding the Pholos drone, including without limitation a ground control system for the Pholos drone.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

31.     All documents concerning Jeffrey Hill and/or Drew Michael's association with Overwerx Ltd, Overwatch Aerospace Ltd, and/or Overwatch Aerospace USA, as founder, member, owner, manager, director, employee, or otherwise.

Defendants maintain their objections and responses served on November 4, 2024.

32.     All documents concerning the Pholos drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, and subject to compliance with United Kingdom state secret and export control laws, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, in the UK for review by an independent, agreed-upon expert for evaluation of whether any of the information originated with Ascent. Any such determinations by an independent, agreed-upon expert shall be without prejudice to Defendants' position that what Ascent has alleged as its trade secrets are not trade secrets at all and either exist in the public domain, are readily ascertainable from information in the public domain by those with relevant knowledge, skill and expertise, and/or have no independent economic value.

33.     All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the Pholos drone.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, and subject to compliance with United Kingdom state secret and export control laws, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, in the UK for review by an independent, agreed-upon expert for evaluation of whether any of the information originated with Ascent. Any such determinations by an independent, agreed-upon expert shall be without prejudice to Defendants' position that what Ascent has alleged as its trade secrets are not trade secrets at all and either exist in the public domain, are readily ascertainable from information in the public domain by those with relevant knowledge, skill and expertise, and/or have no independent economic value.

34.     All parts lists and/or bill of materials for the Pholos drone.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, and subject to compliance with United Kingdom state secret and export control laws, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any, in the UK for review by an independent, agreed-upon expert for evaluation of whether any of the information originated with Ascent. Any such determinations by an independent, agreed-upon expert shall be without prejudice to Defendants' position that what Ascent has alleged as its trade secrets are not trade secrets at all and either exist in the public domain, are readily ascertainable from information in the public domain by those with relevant knowledge, skill and expertise, and/or have no independent economic value.

35.     All documents concerning the marketing, advertising, and/or promotion of the Pholos drone.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

36.     Documents sufficient to show the revenue generated by the sale of the Pholos drone and any associated costs for securing such sales.

Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make

a reasonable search for and produce responsive, non-privileged information, if any, related to sales of the PHOLOS II only.

37.    All documents concerning Overwatch's participation in: (i) Project Convergence Capstone (PC-C4), (ii) demonstrations at the White Sands missile range in New Mexico, and/or (iii) SOF 2024 conference in Tampa, from May 6-10, 2024.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will make a reasonable search for and produce responsive, non-privileged information, if any.

Regarding each of the foregoing discovery requests, Defendants will commence their review and begin making production within 30 days of Ascent's agreement to the scope of review identified herein. If efficient to do so, Defendants will begin making their production on a rolling basis.

## Interrogatories

1.    Identify each individual, by name, present or last known address, and present or last known employer, who had any involvement in the conception, creation, design, configuration and/or development of the Pholos drone.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will identify those individuals involved in the conception, creation, design, configuration and/or development of the PHOLOS II drone through the end of sales thereof in 2023.

2.    Identify each individual, by name, present or last known address, and present or last known employer, who had any involvement in and/or has any knowledge about the claimed destruction and/or disposal of the Sprite 2 UAV, which was not returned to Ascent.

> Defendants maintain their objections and responses served on November 4, 2024. Without waiving such objections and responses, Defendants will identify those individuals known to have with direct involvement and/or knowledge.

Please call me if you wish to discuss further.

Very truly yours,

Thomas J. Rechen