# EXHIBIT 6

**(Plaintiff's July 2, 2026 discovery deficiency reply letter)**

Joseph Ecker
202 429 8097
jecker@Steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

July 2, 2026

**VIA EMAIL**

Thomas J. Rechen
Snigdha Mamillapalli
McCarter & English, LLP
CityPlace I, 185 Asylum St.
Hartford, CT 06103
trechen@mccarter.com
smamillapalli@mccarter.com

Re:     **Response to June 16 Letter Regarding Defendants' Discovery Deficiencies**

Mr. Rechen and Ms. Mamillapalli:

We are in receipt of your June 16 letter. For the scope of RFPS and ROGs to which you agreed, we expect that we will receive a substantial production of documents and interrogatory responses by July 16 (30 days from your letter).

There are, however, certain objections and improperly narrowing scope for requests that we take issue with that are identified below. ***Please let us know your availability to confer on Thursday (07/09) or Friday (07/10) next week.*** Absent agreement on issues below, we intend to seek Court intervention.

**Document/Data Sources**
For various responses, you indicated that you would search for information in possession of the Hill estate, "Hill's devices," and that some version of the "Defendants" or the Corporate Defendants would search for documents. However, it is not clear to us what document/data sources and repositories are being searched and whether the search is sufficient. Please confirm (1) what documents, data, devices, and repositories will be searched on behalf of the Hill estate, including any documents, data, and repositories of Overwatch Defense, (2) what documents, data, devices, and repositories will be searched for each of the Corporate Defendants, and (3) what documents, data, devices, and repositories will be searched for Michael. For all defendants, please confirm that

you will be searching for communications including but not limited to emails, instant messages, and text messages.

**"United Kingdom state secret and export control laws"**
Various of your responses state that responses are "subject to compliance with" UK state secret and export control laws. However, it is unclear what information you claim is subject to any of those laws, what is being withheld, why you claim it is subject to those laws, and what efforts you have undertaken or will undertake to comply with those laws and satisfy your obligations under the Federal Rules to produce discovery. Please provide further clarity so that we can determine what relief we need to seek from the Court.

We have repeatedly requested information on this issue. On our last meet and confer, you seemed to backtrack on whether export control laws were even applicable, despite that two years have passed since the filing of this case for you to consider these issues, and despite that these laws seemingly were not an issue for you when selectively producing information in your favor during the evidentiary hearing and allowing James Earl unfettered access to inspect Overwatch's facilities and equipment. We also raised that any information you claim is subject to these laws could be produced to our London office. As you know, we also requested to physically inspect Overwatch's facilities and equipment in the United Kingdom.

**"PHOLOS II"**
Various of your responses indicate that you will only produce information related to the "PHOLOS II" (e.g., RFP 36 and ROG 1). T be clear, please identify what you consider the "PHOLOS II" to be and what information would be excluded from the broader definition of "Pholos."

**Bates labels**
To avoid any confusion, please utilize separate Bates-labeling conventions for each defendant (Hill estate, each Corporate Defendant, Michael, etc.)

**Privilege Log**
Various requested purportedly assert a claim of privilege. Please confirm that you will be providing a privilege log on July 16 as well for any responsive documents for which you claim privilege so that we can assess the privilege claim.

**RFP 1 (organizational documents)**
Your response improperly limits a search for documents for the Corporate Defendants to "publicly available documents." That is not acceptable. Please confirm internal documents will also be collected and produced.

**RFP 2 (financial documents)**
Your response improperly limits the request to "financial information and publicly available information specific to PHOLOS II." There is no basis to limit financials in that manner, particularly when products other than the PHOLOS are at issue in this case. Other financial metrics other than sales are relevant to damages issues in this case, including profits, expenses, development expenditures, among many others. Full financials are also relevant given

irregularities in cash flow and Defendants' financials, as well as their history of fraud. Please confirm you will be producing full financial records for the Corporate Defendants.

**RFP 3 (dissolution of Overwatch Defense)**
A search of Hill's estate is not sufficient. The fraudulent formation of the Corporate Defendants is inherently intertwined with the dissolution of Overwatch Defense. Indeed, all companies operated together and engaged in business transactions prior to Overwatch Defense's September 2020 dissolution. Please confirm a search will also include the Corporate Defendants' and Michael's files.

**RFPs 6-7 (patents)**
A search of Hill's estate is not sufficient. Various of the applications were assigned to and further prosecuted by Overwerx prior to issuance. Michael himself also offered opinions on issues related to these patents in his own declarations. Please confirm you will conduct a full search of the Corporate Defendants' and Michael's files for these requests.

**RFP 8 (patent assignment)**
The November 4, 2024 response that no documents exist related to the patent assignment other than the assignment itself and communications with attorneys simply is not believable, particularly considering that shares in Overwerx were conveyed to Hill in exchange for the assignment, which almost certainly involved communications. Please confirm what efforts you undertook to make these representations, including searches for all communications related to the assignment. To the extent you claim privilege over certain documents related to the assignment, no such privilege exists under the crime-fraud exception given that this assignment was commissioned in furtherance of fraud to avoid liabilities of Overwatch Defense. In any event, no privilege log has been produced. Please confirm that you will search for and produce relevant documents.

**RFP 10 (NDA and Teaming Agreement)**
Your response incorporates the November 4, 2024 response which improperly limits this request to documents related to the "preparation, negotiation, and execution" of the agreements. The request is not so limited. Please confirm that you will search for and produce all documents related to these agreements.

**RFP 11s 11- 21–28, 30**
Please confirm that you will be searching the files of the Hill estate and of Mihcael. This was not clear in your response to these requests, whereas other responses clearly indicated that these searches would be conducted.

**RFP 22 (2019 lawsuit)**
Your response incorporates the November 4, 2024 responses, which simply says that Michael had no involvement; that the Corporate Defendants are unaware of any documents; and that Hill has no documents, believes they are irrelevant, or are otherwise privileged. Again, we do not find these responses credible or acceptable, particularly since Michael admitted to knowing about the lawsuit in his own declaration (ECF No. 47-2), the Corporate Defendants were fraudulently formed to avoid the "toxic after effect" of the lawsuit, and no privilege log has been produced to substantiate any purported privilege claim. The facts and allegations from the 2019 lawsuit are also relevant to

the issues in this case. Please confirm that you will change course and search and produce documents from the Hill estate, Michael, and the Corporate Defendants.

**RFP 29 (reverse engineering)**
Your response claims that the Corporate Defendants have no responsive documents. Again, this response lacks credibility. Please confirm what efforts you undertook to search for responsive documents, including communications. Please also confirm that you will be searching Michael's files.

**RFP 31 (Hill/Michael association with Corporate Defendants)**
Your response incorporates the prior November 4 objections, which merely state that defendants do not believe the documents are relevant, that the issues are not contested, or that none exist—all of which lack merit. Apparently, the Corporate Defendants still contest personal jurisdiction and liability based on successor-in-interest theories, which includes theories of de factor merger, continuation, and fraud. The requested documents are plainly relevant to that issue. Please confirm you will search for and produce documents.

**RFPs 32-34 (Pholos)**
Your response is woefully unacceptable, and we do intend to seek court intervention (and fees) absent a change of course in your approach. First, we do not in any way consent to limiting discovery to a supposed "independent, agreed-upon counsel for evaluation of whether any of the information originated from Ascent." There is no basis for any such limitation, and this approach defies nearly every relevant Federal Rule of Civil Procedure and discovery convention. We, as attorneys for our client, will make the appropriate factual and legal determinations regarding "whether any of the information originated from Ascent" after receiving access to requested discovery—not you, and not an intermediary expert. Further, appropriate protective orders are in place. Further, there is no basis to limit to limit this search and production for information "in the UK." Documents in the USA, including from the Hill estate, are relevant and discoverable (and undoubtedly exist).

Finally, we once again have no information on your purported basis for citing UK state secret and export control laws or which portions of discovery related to the Pholos allegedly fall under those provisions, despite having 2 years now to consider the issue. Your bad faith in invoking these laws is evident by your own course of conduct in selectively producing information during the evidentiary hearing (including allowing James Earl unfettered access to Overwatch's facilities), and your own backtracking of reliance on these laws in a meet and confer several weeks ago.

**ROG 1 (development of Pholos)**
We do not agree that any response should be limited to "PHOLOS II" (which remains undefined). All requested information related to the Pholos should be identified and described, not just a final "PHOLOS II" product, which we expect is what you are limiting the response to. To be clear, this includes all efforts to develop the Pholos, including with Hush, in Poland, and elsewhere.

We look forward to your prompt response and reserve all rights to raise additional deficiencies.

Sincerely,

Joseph Ecker