# EXHIBIT 7

**(Plaintiff's June 18, 2026 discovery requests)**

**Public- redacted**

|  |  |
|---|---|
| ASCENT AEROSYSTEMS INC., <br><br>     *Plaintiff*, <br><br><br>     v. <br><br><br> MARYNA TROST, Administrator of the Estate of Jeffrey T. Hill, OVERWATCH AEROSPACE LLC, OVERWATCH AEROSPACE LTD, and OVERWERX LTD, <br><br>     *Defendants*. | Civil Action No. 5:25-cv-00275-BKS-MJK |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 38–56)
TO OVERWATCH AEROSPACE LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ascent AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Overwatch Aerospace LLC produce the following documents, electronically stored information, and tangible things specified herein below for inspection and copy at the offices of Plaintiffs' counsel, Steptoe LLP at either 1330 Connecticut Avenue NW, Washington, DC 20036 or, if necessary due to claimed export and regulatory restrictions, at Steptoe LLP, 5 Aldermanbury Square, London, EC2V 7HR in the manner set forth in the Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

**DEFINITIONS**

1. "You," "Your," or "Overwatch" means Overwatch Aerospace LLC. including current and former subsidiaries, officers, directors, agents, servants, employees, partners, affiliates, predecessor entities, and all those in active concert or participation with Overwatch

Aerospace LLC. For the avoidance of doubt, this includes Overwerx Ltd., Overwatch Aerospace Ltd., Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2.      "Ascent" means Ascent AeroSystems, Inc.

3.      "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4.      "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5.      "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

6.      "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

7.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a. the title or other means of identification of the document or thing;

    b. the owner and/or custodian of the document or thing;

    c. the date of the document;

    d. the author of the document;

    e. the recipient or recipients of the document;

    f. the subject matter of the document;

    g. the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

    h. the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

9. The terms "all," "any," or "each" encompass any and all of the matter discussed.

10. The use of singular form includes plural, and vice versa.

11. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

The following instructions apply to these Requests and should be considered part of each request.

1. The Documents and devices requested to be produced or inspected include all Documents and devices in Your possession, custody or control, including any devices in Your constructive possession whereby You have a right to compel production of Documents and devices from a Third Party and includes Documents and devices maintained at Your work office, Your home office, Your attorneys' office or elsewhere or by any Person acting on Your behalf, or located

in the personal files of any and all of Your past and present directors, officers, agents, representatives, or employees, and other Persons or entities acting on Your behalf.

2. If You withhold any requested Document or device responsive to these Requests for any reason, You are requested to state the basis for withholding the Document or device in a manner sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding. For any information withheld on the grounds of privilege, work product, or other alleged protections against disclosure, You are instructed to provide at least the following information:

a. The type or general nature of the Document or device;

b. A description of the Document or device withheld;

c. The name, title, and company affiliation of each Person to whom the Document or device has been disclosed;

d. The name, title, and company affiliation of each Person who maintains custody of the Document or device;

e. A description of the basis for withholding the Document or device sufficient to permit the Court to evaluate your basis for withholding it.

3. If You object to any request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that You contend is ambiguous and state the interpretation of that language that You have used to identify responsive Documents or devices.

4. If You object to any portion of any request for any reason, you are instructed to produce Documents or devices in response to all portions of the request to which the objection does not apply.

5. All requests should be given their broadest reasonable construction, so as to bring within their scope all documents, electronically stored information, and things that might otherwise be considered beyond their scope.

6. Any storage devices, servers or file transfer sites, computers, tablets, phones, or other personal computing devices must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and you shall preserve all

Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

7.    Any Document must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and You shall preserve all Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

8.    These Requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

9.    If any of the Documents or devices requested herein are no longer in Your possession, custody, or control, but were in your possession custody and control at some time, You are requested to identify each such requested Document or device by date, type of device, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, to provide a summary of its pertinent contents, and to identify the Person(s) or entity(ies) in whose possession, custody, or control the Document or device was last known to reside. If any Document or device responsive to these Requests has been destroyed, please also provide the date of such destruction, and the name of the Person(s) who ordered or authorized such destruction.

<u>**REQUESTS FOR PRODUCTION**</u>

<u>**REQUEST FOR PRODUCTION NO. 38:**</u>

All Documents and Communications related to Your work with Hush Aerospace LLC to develop a coaxial drone, including all Documents and Communications exchanged with Hush Aerospace LLC.

<u>**REQUEST FOR PRODUCTION NO. 39:**</u>

All Documents and Communications related to Your work with ███████████ ███ to develop a coaxial drone, including all Documents and Communications exchanged with ███████████████.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications related to Your work with  to develop a coaxial drone, including all Documents and Communications exchanged with 

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications related to Your work to develop the Pholos in-house.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 43:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 44:**

All parts lists and/or bill of materials for the drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the marketing, advertising, and/or promotion of the drone.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the revenue generated by the sale of the drone and any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning the ▮▮▮▮ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 48:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the ▮▮▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 49:**

All parts lists and/or bill of materials for the ▮▮▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning the marketing, advertising, and/or promotion of the ▮▮▮▮ drone.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the revenue generated by the sale of the ▮▮▮▮ drone and any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the ▮▮▮▮ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 53:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the ▮▮▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 54:**

All parts lists and/or bill of materials for the ▮▮▮▮▮ drone and all related

Communications.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications concerning the marketing, advertising, and/or

promotion of the ▮▮▮▮▮ drone.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show the revenue generated by the sale of the ▮▮▮▮▮ drone

and any associated costs for securing such sales.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

    *Plaintiff*,

    v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

    *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 38–56)
TO OVERWATCH AEROSPACE LTD.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ascent

AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Overwatch Aerospace Ltd.

produce the following documents, electronically stored information, and tangible things specified

herein below for inspection and copy at the offices of Plaintiffs' counsel, Steptoe LLP at either

1330 Connecticut Avenue NW, Washington, DC 20036 or, if necessary due to claimed export and

regulatory restrictions, at Steptoe LLP, 5 Aldermanbury Square, London, EC2V 7HR in the manner

set forth in the Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

**DEFINITIONS**

1.    "You," "Your," or "Overwatch" means Overwatch Aerospace Ltd. including

current and former subsidiaries, officers, directors, agents, servants, employees, partners,

affiliates, predecessor entities, and all those in active concert or participation with Overwatch

11

Aerospace Ltd. For the avoidance of doubt, this includes Overwerx Ltd., Overwatch Aerospace LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2. "Ascent" means Ascent AeroSystems, Inc.

3. "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4. "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5. "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

6. "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

7. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a. the title or other means of identification of the document or thing;

    b. the owner and/or custodian of the document or thing;

    c. the date of the document;

    d. the author of the document;

    e. the recipient or recipients of the document;

    f. the subject matter of the document;

    g. the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

    h. the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

9. The terms "all," "any," or "each" encompass any and all of the matter discussed.

10. The use of singular form includes plural, and vice versa.

11. The use of present tense includes past tense, and vice versa.

## **INSTRUCTIONS**

The following instructions apply to these Requests and should be considered part of each request.

1. The Documents and devices requested to be produced or inspected include all Documents and devices in Your possession, custody or control, including any devices in Your constructive possession whereby You have a right to compel production of Documents and devices from a Third Party and includes Documents and devices maintained at Your work office, Your home office, Your attorneys' office or elsewhere or by any Person acting on Your behalf, or located

in the personal files of any and all of Your past and present directors, officers, agents, representatives, or employees, and other Persons or entities acting on Your behalf.

2.      If You withhold any requested Document or device responsive to these Requests for any reason, You are requested to state the basis for withholding the Document or device in a manner sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding. For any information withheld on the grounds of privilege, work product, or other alleged protections against disclosure, You are instructed to provide at least the following information:

a.      The type or general nature of the Document or device;

b.      A description of the Document or device withheld;

c.      The name, title, and company affiliation of each Person to whom the Document or device has been disclosed;

d.      The name, title, and company affiliation of each Person who maintains custody of the Document or device;

e.      A description of the basis for withholding the Document or device sufficient to permit the Court to evaluate your basis for withholding it.

3.      If You object to any request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that You contend is ambiguous and state the interpretation of that language that You have used to identify responsive Documents or devices.

4.      If You object to any portion of any request for any reason, you are instructed to produce Documents or devices in response to all portions of the request to which the objection does not apply.

5.      All requests should be given their broadest reasonable construction, so as to bring within their scope all documents, electronically stored information, and things that might otherwise be considered beyond their scope.

6.      Any storage devices, servers or file transfer sites, computers, tablets, phones, or other personal computing devices must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and you shall preserve all

Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

7. Any Document must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and You shall preserve all Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

8. These Requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

9. If any of the Documents or devices requested herein are no longer in Your possession, custody, or control, but were in your possession custody and control at some time, You are requested to identify each such requested Document or device by date, type of device, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, to provide a summary of its pertinent contents, and to identify the Person(s) or entity(ies) in whose possession, custody, or control the Document or device was last known to reside. If any Document or device responsive to these Requests has been destroyed, please also provide the date of such destruction, and the name of the Person(s) who ordered or authorized such destruction.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications related to Your work with Hush Aerospace LLC to develop a coaxial drone, including all Documents and Communications exchanged with Hush Aerospace LLC.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications related to Your work with ███████████ ███ to develop a coaxial drone, including all Documents and Communications exchanged with ████████████████

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications related to Your work with  to develop a coaxial drone, including all Documents and Communications exchanged with

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications related to Your work to develop the Pholos in-house.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the ▮▮▮ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 43:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the ▮▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 44:**

All parts lists and/or bill of materials for the ▮▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the marketing, advertising, and/or promotion of the Apex drone.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the revenue generated by the sale of the ▮▮▮ drone and any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning the █████ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 48:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the █████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 49:**

All parts lists and/or bill of materials for the █████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning the marketing, advertising, and/or promotion of the █████ drone.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the revenue generated by the sale of the █████ drone and any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the █████ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 53:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the █████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 54:**

All parts lists and/or bill of materials for the ▮▮▮▮▮ drone and all related

Communications.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications concerning the marketing, advertising, and/or

promotion of the ▮▮▮▮▮ drone.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show the revenue generated by the sale of the ▮▮▮▮▮ drone

and any associated costs for securing such sales.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

| | |
|---|---|
| ASCENT AEROSYSTEMS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MARYNA TROST, Administrator of the Estate of Jeffrey T. Hill, OVERWATCH AEROSPACE LLC, OVERWATCH AEROSPACE LTD, and OVERWERX LTD, <br><br> *Defendants*. | Civil Action No. 5:25-cv-00275-BKS-MJK |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 38–56)
TO OVERWERX LTD.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ascent

AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Overwerx Ltd. produce the

following documents, electronically stored information, and tangible things specified herein below

for inspection and copy at the offices of Plaintiffs' counsel, Steptoe LLP at either 1330 Connecticut

Avenue NW, Washington, DC 20036 or, if necessary due to claimed export and regulatory

restrictions, at Steptoe LLP, 5 Aldermanbury Square, London, EC2V 7HR in the manner set forth

in the Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

## DEFINITIONS

1.      "You," "Your," or "Overwatch" means Overwerx Ltd. including current and

former subsidiaries, officers, directors, agents, servants, employees, partners, affiliates,

predecessor entities, and all those in active concert or participation with Overwerx Ltd. For the

avoidance of doubt, this includes Overwatch Aerosapce Ltd., Overwatch Aerospace LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2. "Ascent" means Ascent AeroSystems, Inc.

3. "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4. "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5. "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

6. "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

7. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.     The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a.  the title or other means of identification of the document or thing;

    b.  the owner and/or custodian of the document or thing;

    c.  the date of the document;

    d.  the author of the document;

    e.  the recipient or recipients of the document;

    f.  the subject matter of the document;

    g.  the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

    h.  the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

9.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

10.    The use of singular form includes plural, and vice versa.

11.    The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

The following instructions apply to these Requests and should be considered part of each request.

1.     The Documents and devices requested to be produced or inspected include all Documents and devices in Your possession, custody or control, including any devices in Your constructive possession whereby You have a right to compel production of Documents and devices from a Third Party and includes Documents and devices maintained at Your work office, Your home office, Your attorneys' office or elsewhere or by any Person acting on Your behalf, or located

in the personal files of any and all of Your past and present directors, officers, agents, representatives, or employees, and other Persons or entities acting on Your behalf.

2.     If You withhold any requested Document or device responsive to these Requests for any reason, You are requested to state the basis for withholding the Document or device in a manner sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding. For any information withheld on the grounds of privilege, work product, or other alleged protections against disclosure, You are instructed to provide at least the following information:

a.     The type or general nature of the Document or device;

b.     A description of the Document or device withheld;

c.     The name, title, and company affiliation of each Person to whom the Document or device has been disclosed;

d.     The name, title, and company affiliation of each Person who maintains custody of the Document or device;

e.     A description of the basis for withholding the Document or device sufficient to permit the Court to evaluate your basis for withholding it.

3.     If You object to any request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that You contend is ambiguous and state the interpretation of that language that You have used to identify responsive Documents or devices.

4.     If You object to any portion of any request for any reason, you are instructed to produce Documents or devices in response to all portions of the request to which the objection does not apply.

5.     All requests should be given their broadest reasonable construction, so as to bring within their scope all documents, electronically stored information, and things that might otherwise be considered beyond their scope.

6.     Any storage devices, servers or file transfer sites, computers, tablets, phones, or other personal computing devices must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and you shall preserve all

Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

7. Any Document must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and You shall preserve all Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

8. These Requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

9. If any of the Documents or devices requested herein are no longer in Your possession, custody, or control, but were in your possession custody and control at some time, You are requested to identify each such requested Document or device by date, type of device, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, to provide a summary of its pertinent contents, and to identify the Person(s) or entity(ies) in whose possession, custody, or control the Document or device was last known to reside. If any Document or device responsive to these Requests has been destroyed, please also provide the date of such destruction, and the name of the Person(s) who ordered or authorized such destruction.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications related to Your work with Hush Aerospace LLC to develop a coaxial drone, including all Documents and Communications exchanged with Hush Aerospace LLC.

### REQUEST FOR PRODUCTION NO. 39:

All Documents and Communications related to Your work with ███████████ ███ to develop a coaxial drone, including all Documents and Communications exchanged with ███████████████

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications related to Your work with  to develop a coaxial drone, including all Documents and

Communications exchanged with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications related to Your work to develop the Pholos in-

house.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the ▮▮ drone, including its

conception, design, development, testing, manufacture, assembly, quality control, distribution

and performance.

**REQUEST FOR PRODUCTION NO. 43:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or

assembly drawings for the ▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 44:**

All parts lists and/or bill of materials for the ▮▮ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the marketing, advertising, and/or

promotion of the ▮▮ drone.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the revenue generated by the sale of the ▮▮ drone and

any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning the ███████ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 48:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the ███████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 49:**

All parts lists and/or bill of materials for the ███████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning the marketing, advertising, and/or promotion of the ███████ drone.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the revenue generated by the sale of the ███████ drone and any associated costs for securing such sales.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the ███████ drone, including its conception, design, development, testing, manufacture, assembly, quality control, distribution and performance.

**REQUEST FOR PRODUCTION NO. 53:**

All sketches, renderings, CAD drawings and/or models, engineering drawings, and/or assembly drawings for the ███████ drone and all related Communications.

**REQUEST FOR PRODUCTION NO. 54:**

All parts lists and/or bill of materials for the ████████ drone and all related

Communications.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications concerning the marketing, advertising, and/or

promotion of the ████████ drone.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show the revenue generated by the sale of the ████████ drone

and any associated costs for securing such sales.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

    *Plaintiff*,

    v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

    *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

### PLAINTIFF'S FIRST SET OF REQUESTS FOR INSPECTION (NOS. 1–10) <br> TO OVERWERX LTD.

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Ascent AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Overwerx Ltd. permit Plaintiff and its expert Paul Arlton to inspect, measure, survey, photograph, test, or sample the following property and objects at the offices of Plaintiffs' counsel, Steptoe LLP, 5 Aldermanbury Square, London, EC2V 7HR and/or at Overwerx Ltd.'s Yattendon facility on July 21, 2026, or at such time and place mutually agreed upon by the parties.

### DEFINITIONS

1. "You," "Your," or "Overwatch" means Overwerx Ltd. including current and former subsidiaries, officers, directors, agents, servants, employees, partners, affiliates, predecessor entities, and all those in active concert or participation with Overwatch Aerospace Ltd.. For the avoidance of doubt, this includes Overwatch Aerospace Ltd., Overwatch Aerospace LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2. "Ascent" means Ascent AeroSystems Inc.

## REQUESTS FOR INSPECTION

**REQUEST FOR INSPECTION NO. 1:**

All Pholos prototypes built by Hush Aerospace LLC for You.

**REQUEST FOR INSPECTION NO. 2:**

All Pholos prototypes built by ▮▮▮▮▮▮▮▮▮▮▮ for You.

**REQUEST FOR INSPECTION NO. 3:**

All Pholos prototypes built in-house by or for You.

**REQUEST FOR INSPECTION NO. 4:**

A sample of each version of the Pholos marketed by You.

**REQUEST FOR INSPECTION NO. 5:**

A sample of each version of the Pholos sold by You.

**REQUEST FOR INSPECTION NO. 6:**

A sample ▮▮▮ drone.

**REQUEST FOR INSPECTION NO. 7:**

A sample ▮▮▮▮ drone.

**REQUEST FOR INSPECTION NO. 8:**

A sample ▮▮▮▮ drone.

**REQUEST FOR INSPECTION NO. 9:**

All items inspected by James Earl.

**REQUEST FOR INSPECTION NO. 10:**

Your facility in Yattendon.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

    *Plaintiff*,

    v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

    *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

**PLAINTIFF'S FIRST SET OF REQUESTS FOR INSPECTION (NOS. 1–10)
TO OVERWATCH AEROSPACE LTD.**

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Ascent AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Overwatch Aerospace Ltd. permit Plaintiff and its expert Paul Arlton to inspect, measure, survey, photograph, test, or sample  the following property and objects at the offices of Plaintiffs' counsel, Steptoe LLP, 5 Aldermanbury Square, London, EC2V 7HR and/or at Overwatch Aerospace Ltd.'s Yattendon facility on  July 21, 2026, or at such time and place mutually agreed upon by the parties.

**DEFINITIONS**

1.    "You," "Your," or "Overwatch" means Overwatch Aerospace Ltd. including current and former subsidiaries, officers, directors, agents, servants, employees, partners, affiliates, predecessor entities, and all those in active concert or participation with Overwatch Aerospace Ltd.. For the avoidance of doubt, this includes Overwerx Ltd., Overwatch Aerospace LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2.      "Ascent" means Ascent AeroSystems Inc.

## <u>REQUESTS FOR INSPECTION</u>

### <u>REQUEST FOR INSPECTION NO. 1:</u>

All Pholos prototypes built by Hush Aerospace LLC for You.

### <u>REQUEST FOR INSPECTION NO. 2:</u>

All Pholos prototypes built by ███████████████████ for You.

### <u>REQUEST FOR INSPECTION NO. 3:</u>

All Pholos prototypes built in-house by or for You.

### <u>REQUEST FOR INSPECTION NO. 4:</u>

A sample of each version of the Pholos marketed by You.

### <u>REQUEST FOR INSPECTION NO. 5:</u>

A sample of each version of the Pholos sold by You.

### <u>REQUEST FOR INSPECTION NO. 6:</u>

A sample ████ drone.

### <u>REQUEST FOR INSPECTION NO. 7:</u>

A sample █████ drone.

### <u>REQUEST FOR INSPECTION NO. 8:</u>

A sample █████ drone.

### <u>REQUEST FOR INSPECTION NO. 9:</u>

All items inspected by James Earl.

### <u>REQUEST FOR INSPECTION NO. 10:</u>

Your facility in Yattendon.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Christopher A. Suarez*
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

    *Plaintiff*,

    v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

    *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

**PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 3-13)
TO OVERWATCH AEROSPACE LTD.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Ascent

AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Defendant Overwatch Aerospace

Ltd. answer the following interrogatories in writing and under oath in the manner set forth in the

Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

**DEFINITIONS**

1.    "You," "Your," or "Overwatch" means Overwatch Aerospace Ltd. including

current and former subsidiaries, officers, directors, agents, servants, employees, partners,

affiliates, predecessor entities, and all those in active concert or participation with Overwatch

Aerospace Ltd. For the avoidance of doubt, this includes Overwerx Ltd., Overwatch Aerospace

LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2.    "Ascent" means Ascent AeroSystems, Inc.

3. "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4. "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5. "NDA" shall mean the Mutual Non-Disclosure Agreement identified in ECF No. 8-6.

6. "Teaming Agreement" shall mean the Commercial Teaming Agreement identified in ECF No. 8-5.

7. "Settlement Agreement" shall mean the representations, promises, agreements, and verifications made in the letter and Schedules A, B, C, and D identified in ECF No. 8-17.

8. "2019 Lawsuit" refers to *Ascent AeroSystems Inc. v. Overwatch Defense LLC*, Civil Action No. 3: 19-cv-00210-KAO (D. Conn.).

9. "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

10. "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face

2

meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

11. "Computing Device(s)" means any device that includes a processor, memory, and storage capabilities.

12. "Storage Device(s)" means any device that can be connected to (e.g., physically or wirelessly) a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, CD, floppy disc, tape, phone, Baidu Net Disk, server, file transfer site, email account, network attached storage (NAS) devices, cloud storage services (e.g., Google Workspace (including Mail, Docs, Sheets, Slides, Drive, Calendar, Meet, and Chat), iCloud Drive, Google Drive, OneDrive, DropBox), external solid state drives, and external hard drives.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a. the title or other means of identification of the document or thing;

    b. the owner and/or custodian of the document or thing;

    c. the date of the document;

    d. the author of the document;

    e. the recipient or recipients of the document;

    f. the subject matter of the document;

    g. the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

3

h. the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

15. The terms "all," "any," or "each" encompass any and all of the matter discussed.

16. The use of singular form includes plural, and vice versa.

17. The use of present tense includes past tense, and vice versa.

## **INSTRUCTIONS**

1. Please answer each Interrogatory fully.

2. If there is an objection to any Interrogatory, in whole or in part, state the legal and factual bases for any such objection(s), and answer that part of the Interrogatory to which there is no objection.

3. No part of any Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4. If or any reason an Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reasons for any inability to provide a complete answer.

5. To the extent You allege that the meaning of any term in these Interrogatories is unclear, You are to assume a reasonable meaning, state that assumed reasonable meaning and respond to the Interrogatory on the basis of that assumed meaning.

6. Please include in Your answer information which, while not within Your own knowledge, is nonetheless within the custody and control of or reasonably available to You, or any other source from which it may be reasonably secured.

7. Each Interrogatory is ongoing and continuing in nature. You are requested to supplement Your responses in accordance with Federal Rule of Civil Procedure 26(e).

4

# INTERROGATORIES

## INTERROGATORY NO. 3:

Identify and describe in detail the product name, product code, and all internal product nomenclatures for each product (including all iterations) conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold by or for Overwatch that includes or relates to unmanned aerial vehicle or coaxial rotor technology, and for each, state:

- the dates each product was first conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the quantity of each product that was prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the price each product was marketed, licensed, and/or sold for:

- the identities of all Persons and third partes involved in the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, and/or sale of each product;

- the locations (by address) where each product was conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the current location (by address) of each product prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the identities (by name, title, and contact information) of the Overwatch Persons most knowledgeable about the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, or sale of each product; and

5

- which Documents You contend show the product specifications, engineering drawings, bill of materials, and CAD drawings for each product.

**INTERROGATORY NO. 4:**

If You contend that You independently developed any of the products identified and described in Your response to Interrogatory No. 3 without the use and/or teaching, directly or indirectly, of any Ascent Trade Secrets, Ascent Confidential Information, or any information derived in whole or in part therefrom, explain Your bases for any such contention, and identify all documents You use to support Your contention.

**INTERROGATORY NO. 5:**

Describe in detail the rotor system configuration for each product identified in Your response to Interrogatory No. 3, including but not limited to:

- the quantity and vertical order of the combination of parts of the rotor system configuration of each product;

- whether each product uses the Design X rotor system configuration identified in Ascent's Trade Secret 12;

- the manufacturer, product code or number, and method of manufacture of each component of the rotor system configuration;

- all Persons and third parties involved in choosing, designing, and developing the rotor system configuration in each product;

- how and why the rotor system configuration for each product was chosen, designed, and developed; and

- identification of Documents showing the rotor system configuration for each product.

6

**INTERROGATORY NO. 6:**

Describe in detail the circumstances (and specific dates) surrounding Your acquisition of, possession of, access to, copying of, dissemination of, and use of Ascent Trade Secrets and Ascent Confidential Information from Your formation to present, including the details (who, what, when, where, how) of how You acquired, possessed, accessed, or disseminated Ascent Trade Secrets and Ascent Confidential Information; what You did with Ascent Trade Secrets and Ascent Confidential Information; how You have used Ascent Trade Secrets and Ascent Confidential Information; and whether You have made copies of Ascent Trade Secrets and Ascent Confidential Information.

**INTERROGATORY NO. 7:**

If You contend that any of the Ascent Trade Secrets are not trade secrets and/or were not misappropriated by You, explain the bases for any such contention, including a specific identification of (a) any documents supporting any such contention and (b) the Persons with the most knowledge supporting any such contention.

**INTERROGATORY NO. 8:**

Describe in detail the conception, development, reduction to practice, prosecution, and patenting of the patents at issue in Count IV of the Complaint (including but not limited to U.S. Patent Nos. 11,067,374 and 11,940,251) and corresponding applications, including identification of all Documents relating thereto.

**INTERROGATORY NO. 9:**

Describe in detail Your knowledge of, efforts to comply with, efforts to avoid, and decision not to comply with all agreements with or related to Ascent and the 2019 Lawsuit, including but not limited to the NDA, the Teaming Agreement, the Settlement Agreement, and

7

any other agreements express or implied. Your response should describe when You first obtained knowledge of each agreement and the 2019 Lawsuit; all Persons or third parties who were informed of each agreement and the 2019 Lawsuit; whether Your formation as an entity was influenced in whole or in part by any agreement or the 2019 Lawsuit; any Persons or third parties involved in efforts to comply with, avoid, or not comply with each agreement and the 2019 Lawsuit; whether you relied on advice of counsel to avoid or not comply with any agreement or the 2019 lawsuit; and the persons, dates, and any documents related to efforts to comply with, avoid, and/or not comply with each agreement and the 2019 lawsuit.

**<u>INTERROGATORY NO. 10:</u>**

State and describe in detail Your revenues, expenses, profits, losses, net assets, net cash on hand, dividends, liabilities, investments, financing, and written off irrecoverable loans for each month from the date You were formed to present, including the source, Persons, and third parties involved.

**<u>INTERROGATORY NO. 11:</u>**

Describe in detail all of Your past and current activities and operations in the United States, including but not limited to any product development work in the United States; any agreements entered into with third parties located or with operations in the United States; efforts to sell or market products or services to companies located or with operations in the United States; efforts to market products or attend trade shows in the United States; and the number of times and reasons You have traveled to the United States for business purposes.

**<u>INTERROGATORY NO. 12:</u>**

Identify all Computing Devices, Storage Devices, and physical premises—including their current location—that You know or have reason to believe contain, contained, were used to

8

access, store, transfer, download, reproduce, disseminate, disclose, or otherwise share or use in any way information, Documents, data, and physical products and property that relate in any way to Your business operations and/or Ascent Trade Secrets and Ascent Confidential Information.

**<u>INTERROGATORY NO. 13:</u>**

Describe in detail Your knowledge of the circumstances surrounding the failure to return Ascent's Sprite 2 UAV, including how, when, and from whom You obtained the knowledge, the details surrounding Your claim that the Sprite 2 was destroyed and/or disposed of, where You claim the Sprite 2 was destroyed and disposed of, all Persons or third partes involved, why Your claim differs from any prior representations, whether any pictures or video were taken, whether You maintained possession of the Sprite 2 UAV, whether You reverse engineered, disassembled, decompiled, or otherwise analyzed the Sprite 2 UAV, and identification of all Documents related thereto.

Dated: June 18, 2026

Respectfully submitted,

<u>/s/ *Christopher A. Suarez*</u>
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

9

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

<u>/s/ *Christopher A. Suarez*</u>
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

     *Plaintiff*,

     v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

     *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

**PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 3-13)
TO OVERWATCH AEROSPACE LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Ascent

AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Defendant Overwatch Aerospace

LLC answer the following interrogatories in writing and under oath in the manner set forth in the

Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

**DEFINITIONS**

1.     "You," "Your," or "Overwatch" means Overwatch Aerospace LLC including

current and former subsidiaries, officers, directors, agents, servants, employees, partners,

affiliates, predecessor entities, and all those in active concert or participation with Overwatch

Aerospace LLC. For the avoidance of doubt, this includes Overwerx Ltd., Overwatch Aerospace

Ltd., Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2.     "Ascent" means Ascent AeroSystems, Inc.

1

3. "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4. "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5. "NDA" shall mean the Mutual Non-Disclosure Agreement identified in ECF No. 8-6.

6. "Teaming Agreement" shall mean the Commercial Teaming Agreement identified in ECF No. 8-5.

7. "Settlement Agreement" shall mean the representations, promises, agreements, and verifications made in the letter and Schedules A, B, C, and D identified in ECF No. 8-17.

8. "2019 Lawsuit" refers to *Ascent AeroSystems Inc. v. Overwatch Defense LLC*, Civil Action No. 3: 19-cv-00210-KAO (D. Conn.).

9. "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

10. "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face

2

meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

11. "Computing Device(s)" means any device that includes a processor, memory, and storage capabilities.

12. "Storage Device(s)" means any device that can be connected to (e.g., physically or wirelessly) a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, CD, floppy disc, tape, phone, Baidu Net Disk, server, file transfer site, email account, network attached storage (NAS) devices, cloud storage services (e.g., Google Workspace (including Mail, Docs, Sheets, Slides, Drive, Calendar, Meet, and Chat), iCloud Drive, Google Drive, OneDrive, DropBox), external solid state drives, and external hard drives.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a. the title or other means of identification of the document or thing;

    b. the owner and/or custodian of the document or thing;

    c. the date of the document;

    d. the author of the document;

    e. the recipient or recipients of the document;

    f. the subject matter of the document;

    g. the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

3

h.   the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

15.   The terms "all," "any," or "each" encompass any and all of the matter discussed.

16.   The use of singular form includes plural, and vice versa.

17.   The use of present tense includes past tense, and vice versa.

## **INSTRUCTIONS**

1.   Please answer each Interrogatory fully.

2.   If there is an objection to any Interrogatory, in whole or in part, state the legal and factual bases for any such objection(s), and answer that part of the Interrogatory to which there is no objection.

3.   No part of any Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.   If or any reason an Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reasons for any inability to provide a complete answer.

5.   To the extent You allege that the meaning of any term in these Interrogatories is unclear, You are to assume a reasonable meaning, state that assumed reasonable meaning and respond to the Interrogatory on the basis of that assumed meaning.

6.   Please include in Your answer information which, while not within Your own knowledge, is nonetheless within the custody and control of or reasonably available to You, or any other source from which it may be reasonably secured.

7.   Each Interrogatory is ongoing and continuing in nature. You are requested to supplement Your responses in accordance with Federal Rule of Civil Procedure 26(e).

4

## INTERROGATORIES

### INTERROGATORY NO. 3:

Identify and describe in detail the product name, product code, and all internal product nomenclatures for each product (including all iterations) conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold by or for Overwatch that includes or relates to unmanned aerial vehicle or coaxial rotor technology, and for each, state:

- the dates each product was first conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the quantity of each product that was prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the price each product was marketed, licensed, and/or sold for:

- the identities of all Persons and third partes involved in the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, and/or sale of each product;

- the locations (by address) where each product was conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the current location (by address) of each product prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the identities (by name, title, and contact information) of the Overwatch Persons most knowledgeable about the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, or sale of each product; and

5

- which Documents You contend show the product specifications, engineering drawings, bill of materials, and CAD drawings for each product.

## INTERROGATORY NO. 4:

If You contend that You independently developed any of the products identified and described in Your response to Interrogatory No. 3 without the use and/or teaching, directly or indirectly, of any Ascent Trade Secrets, Ascent Confidential Information, or any information derived in whole or in part therefrom, explain Your bases for any such contention, and identify all documents You use to support Your contention.

## INTERROGATORY NO. 5:

Describe in detail the rotor system configuration for each product identified in Your response to Interrogatory No. 3, including but not limited to:

- the quantity and vertical order of the combination of parts of the rotor system configuration of each product;
- whether each product uses the Design X rotor system configuration identified in Ascent's Trade Secret 12;
- the manufacturer, product code or number, and method of manufacture of each component of the rotor system configuration;
- all Persons and third parties involved in choosing, designing, and developing the rotor system configuration in each product;
- how and why the rotor system configuration for each product was chosen, designed, and developed; and
- identification of Documents showing the rotor system configuration for each product.

6

**INTERROGATORY NO. 6:**

Describe in detail the circumstances (and specific dates) surrounding Your acquisition of, possession of, access to, copying of, dissemination of, and use of Ascent Trade Secrets and Ascent Confidential Information from Your formation to present, including the details (who, what, when, where, how) of how You acquired, possessed, accessed, or disseminated Ascent Trade Secrets and Ascent Confidential Information; what You did with Ascent Trade Secrets and Ascent Confidential Information; how You have used Ascent Trade Secrets and Ascent Confidential Information; and whether You have made copies of Ascent Trade Secrets and Ascent Confidential Information.

**INTERROGATORY NO. 7:**

If You contend that any of the Ascent Trade Secrets are not trade secrets and/or were not misappropriated by You, explain the bases for any such contention, including a specific identification of (a) any documents supporting any such contention and (b) the Persons with the most knowledge supporting any such contention.

**INTERROGATORY NO. 8:**

Describe in detail the conception, development, reduction to practice, prosecution, and patenting of the patents at issue in Count IV of the Complaint (including but not limited to U.S. Patent Nos. 11,067,374 and 11,940,251) and corresponding applications, including identification of all Documents relating thereto.

**INTERROGATORY NO. 9:**

Describe in detail Your knowledge of, efforts to comply with, efforts to avoid, and decision not to comply with all agreements with or related to Ascent and the 2019 Lawsuit, including but not limited to the NDA, the Teaming Agreement, the Settlement Agreement, and

7

any other agreements express or implied. Your response should describe when You first obtained

knowledge of each agreement and the 2019 Lawsuit; all Persons or third parties who were

informed of each agreement and the 2019 Lawsuit; whether Your formation as an entity was

influenced in whole or in part by any agreement or the 2019 Lawsuit; any Persons or third parties

involved in efforts to comply with, avoid, or not comply with each agreement and the 2019

Lawsuit; whether you relied on advice of counsel to avoid or not comply with any agreement or

the 2019 lawsuit; and the persons, dates, and any documents related to efforts to comply with,

avoid, and/or not comply with each agreement and the 2019 lawsuit.

**INTERROGATORY NO. 10:**

State and describe in detail Your revenues, expenses, profits, losses, net assets, net cash

on hand, dividends, liabilities, investments, financing, and written off irrecoverable loans for

each month from the date You were formed to present, including the source, Persons, and third

parties involved.

**INTERROGATORY NO. 11:**

Describe in detail all of Your past and current activities and operations in the United

States, including but not limited to any product development work in the United States; any

agreements entered into with third parties located or with operations in the United States; efforts

to sell or market products or services to companies located or with operations in the United

States; efforts to market products or attend trade shows in the United States; and the number of

times and reasons You have traveled to the United States for business purposes.

**INTERROGATORY NO. 12:**

Identify all Computing Devices, Storage Devices, and physical premises—including their

current location—that You know or have reason to believe contain, contained, were used to

access, store, transfer, download, reproduce, disseminate, disclose, or otherwise share or use in any way information, Documents, data, and physical products and property that relate in any way to Your business operations and/or Ascent Trade Secrets and Ascent Confidential Information.

**<u>INTERROGATORY NO. 13:</u>**

Describe in detail Your knowledge of the circumstances surrounding the failure to return Ascent's Sprite 2 UAV, including how, when, and from whom You obtained the knowledge, the details surrounding Your claim that the Sprite 2 was destroyed and/or disposed of, where You claim the Sprite 2 was destroyed and disposed of, all Persons or third partes involved, why Your claim differs from any prior representations, whether any pictures or video were taken, whether You maintained possession of the Sprite 2 UAV, whether You reverse engineered, disassembled, decompiled, or otherwise analyzed the Sprite 2 UAV, and identification of all Documents related thereto.

Dated: June 18, 2026

Respectfully submitted,

<u>/s/ *Christopher A. Suarez*</u>
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

/s/ *Christopher A. Suarez*
Christopher A. Suarez

ASCENT AEROSYSTEMS INC.,

     *Plaintiff*,

     v.

MARYNA TROST, Administrator of the
Estate of Jeffrey T. Hill, OVERWATCH
AEROSPACE LLC, OVERWATCH
AEROSPACE LTD, and OVERWERX LTD,

     *Defendants*.

Civil Action No. 5:25-cv-00275-BKS-MJK

## PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 3-13) TO OVERWERX LTD.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Ascent AeroSystems Inc. ("Ascent" or "Plaintiff") hereby requests that Defendant Overwerx Ltd. answer the following interrogatories in writing and under oath in the manner set forth in the Federal Rules of Civil Procedure by no later than 30 days from the date hereof.

## DEFINITIONS

1.     "You," "Your," or "Overwatch" means Overwerx Ltd. including current and former subsidiaries, officers, directors, agents, servants, employees, partners, affiliates, predecessor entities, and all those in active concert or participation with Overwerx Ltd. For the avoidance of doubt, this includes Overwatch Aerosapce Ltd., Overwatch Aerospace LLC, Andrew Michael, Jeffrey Hill, Overwatch Defense LLC, and Overwatch Optics LLC.

2.     "Ascent" means Ascent AeroSystems, Inc.

1

3.    "Ascent Trade Secrets" means the trade secrets asserted by Ascent in Plaintiff's Notice of Identification of Trade Secrets served on May 8, 2026.

4.    "Ascent Confidential Information" means all confidential, proprietary, and trade secret information and any other technical, business, financial, or other non-public Ascent information, documents, data, or physical property, including any information, documents, data, or physical property concerning, referring, related, or derived therefrom.

5.    "NDA" shall mean the Mutual Non-Disclosure Agreement identified in ECF No. 8-6.

6.    "Teaming Agreement" shall mean the Commercial Teaming Agreement identified in ECF No. 8-5.

7.    "Settlement Agreement" shall mean the representations, promises, agreements, and verifications made in the letter and Schedules A, B, C, and D identified in ECF No. 8-17.

8.    "2019 Lawsuit" refers to *Ascent AeroSystems Inc. v. Overwatch Defense LLC*, Civil Action No. 3: 19-cv-00210-KAO (D. Conn.).

9.    "Document" or "Documents" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

10.   "Communication(s)" means any oral, written, or other contact between two or more person(s) or entity(ies) by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, instant messaging through any platform or application, WhatsApp messages, WeChat messages, Signal, Telegram, Loom, iMessage, any other electronic communications through any platform or communication services whatsoever, letters, memoranda, emails, face-to-face

2

meetings, telephone conversations, and telephonic notes in connection with the same, and any other forms of correspondence.

11. "Computing Device(s)" means any device that includes a processor, memory, and storage capabilities.

12. "Storage Device(s)" means any device that can be connected to (e.g., physically or wirelessly) a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, CD, floppy disc, tape, phone, Baidu Net Disk, server, file transfer site, email account, network attached storage (NAS) devices, cloud storage services (e.g., Google Workspace (including Mail, Docs, Sheets, Slides, Drive, Calendar, Meet, and Chat), iCloud Drive, Google Drive, OneDrive, DropBox), external solid state drives, and external hard drives.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. The term "identify" when used with respect to documents or things means to provide the following information, irrespective of whether the document or thing is deemed privileged or subject to any claim of privilege:

    a. the title or other means of identification of the document or thing;

    b. the owner and/or custodian of the document or thing;

    c. the date of the document;

    d. the author of the document;

    e. the recipient or recipients of the document;

    f. the subject matter of the document;

    g. the present location of any and all copies of the document or thing in the possession, custody or control of Defendants; and

h.   the names and current addresses of any and all persons who have possession, custody, or control of the document, thing, or copies thereof.

15.   The terms "all," "any," or "each" encompass any and all of the matter discussed.

16.   The use of singular form includes plural, and vice versa.

17.   The use of present tense includes past tense, and vice versa.

## <u>INSTRUCTIONS</u>

1.   Please answer each Interrogatory fully.

2.   If there is an objection to any Interrogatory, in whole or in part, state the legal and factual bases for any such objection(s), and answer that part of the Interrogatory to which there is no objection.

3.   No part of any Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.   If or any reason an Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reasons for any inability to provide a complete answer.

5.   To the extent You allege that the meaning of any term in these Interrogatories is unclear, You are to assume a reasonable meaning, state that assumed reasonable meaning and respond to the Interrogatory on the basis of that assumed meaning.

6.   Please include in Your answer information which, while not within Your own knowledge, is nonetheless within the custody and control of or reasonably available to You, or any other source from which it may be reasonably secured.

7.   Each Interrogatory is ongoing and continuing in nature. You are requested to supplement Your responses in accordance with Federal Rule of Civil Procedure 26(e).

4

## INTERROGATORIES

### INTERROGATORY NO. 3:

Identify and describe in detail the product name, product code, and all internal product nomenclatures for each product (including all iterations) conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold by or for Overwatch that includes or relates to unmanned aerial vehicle or coaxial rotor technology, and for each, state:

- the dates each product was first conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the quantity of each product that was prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the price each product was marketed, licensed, and/or sold for:

- the identities of all Persons and third partes involved in the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, and/or sale of each product;

- the locations (by address) where each product was conceived, considered, prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the current location (by address) of each product prototyped, designed, created, developed, manufactured, marketed, licensed, and/or sold;

- the identities (by name, title, and contact information) of the Overwatch Persons most knowledgeable about the conception, consideration, prototyping, design, development, manufacture, marketing, licensure, or sale of each product; and

5

- which Documents You contend show the product specifications, engineering drawings, bill of materials, and CAD drawings for each product.

## INTERROGATORY NO. 4:

If You contend that You independently developed any of the products identified and described in Your response to Interrogatory No. 3 without the use and/or teaching, directly or indirectly, of any Ascent Trade Secrets, Ascent Confidential Information, or any information derived in whole or in part therefrom, explain Your bases for any such contention, and identify all documents You use to support Your contention.

## INTERROGATORY NO. 5:

Describe in detail the rotor system configuration for each product identified in Your response to Interrogatory No. 3, including but not limited to:

- the quantity and vertical order of the combination of parts of the rotor system configuration of each product;
- whether each product uses the Design X rotor system configuration identified in Ascent's Trade Secret 12;
- the manufacturer, product code or number, and method of manufacture of each component of the rotor system configuration;
- all Persons and third parties involved in choosing, designing, and developing the rotor system configuration in each product;
- how and why the rotor system configuration for each product was chosen, designed, and developed; and
- identification of Documents showing the rotor system configuration for each product.

6

**INTERROGATORY NO. 6:**

Describe in detail the circumstances (and specific dates) surrounding Your acquisition of, possession of, access to, copying of, dissemination of, and use of Ascent Trade Secrets and Ascent Confidential Information from Your formation to present, including the details (who, what, when, where, how) of how You acquired, possessed, accessed, or disseminated Ascent Trade Secrets and Ascent Confidential Information; what You did with Ascent Trade Secrets and Ascent Confidential Information; how You have used Ascent Trade Secrets and Ascent Confidential Information; and whether You have made copies of Ascent Trade Secrets and Ascent Confidential Information.

**INTERROGATORY NO. 7:**

If You contend that any of the Ascent Trade Secrets are not trade secrets and/or were not misappropriated by You, explain the bases for any such contention, including a specific identification of (a) any documents supporting any such contention and (b) the Persons with the most knowledge supporting any such contention.

**INTERROGATORY NO. 8:**

Describe in detail the conception, development, reduction to practice, prosecution, and patenting of the patents at issue in Count IV of the Complaint (including but not limited to U.S. Patent Nos. 11,067,374 and 11,940,251) and corresponding applications, including identification of all Documents relating thereto.

**INTERROGATORY NO. 9:**

Describe in detail Your knowledge of, efforts to comply with, efforts to avoid, and decision not to comply with all agreements with or related to Ascent and the 2019 Lawsuit, including but not limited to the NDA, the Teaming Agreement, the Settlement Agreement, and

7

any other agreements express or implied. Your response should describe when You first obtained knowledge of each agreement and the 2019 Lawsuit; all Persons or third parties who were informed of each agreement and the 2019 Lawsuit; whether Your formation as an entity was influenced in whole or in part by any agreement or the 2019 Lawsuit; any Persons or third parties involved in efforts to comply with, avoid, or not comply with each agreement and the 2019 Lawsuit; whether you relied on advice of counsel to avoid or not comply with any agreement or the 2019 lawsuit; and the persons, dates, and any documents related to efforts to comply with, avoid, and/or not comply with each agreement and the 2019 lawsuit.

**<u>INTERROGATORY NO. 10:</u>**

State and describe in detail Your revenues, expenses, profits, losses, net assets, net cash on hand, dividends, liabilities, investments, financing, and written off irrecoverable loans for each month from the date You were formed to present, including the source, Persons, and third parties involved.

**<u>INTERROGATORY NO. 11:</u>**

Describe in detail all of Your past and current activities and operations in the United States, including but not limited to any product development work in the United States; any agreements entered into with third parties located or with operations in the United States; efforts to sell or market products or services to companies located or with operations in the United States; efforts to market products or attend trade shows in the United States; and the number of times and reasons You have traveled to the United States for business purposes.

**<u>INTERROGATORY NO. 12:</u>**

Identify all Computing Devices, Storage Devices, and physical premises—including their current location—that You know or have reason to believe contain, contained, were used to

8

access, store, transfer, download, reproduce, disseminate, disclose, or otherwise share or use in any way information, Documents, data, and physical products and property that relate in any way to Your business operations and/or Ascent Trade Secrets and Ascent Confidential Information.

**<u>INTERROGATORY NO. 13:</u>**

Describe in detail Your knowledge of the circumstances surrounding the failure to return Ascent's Sprite 2 UAV, including how, when, and from whom You obtained the knowledge, the details surrounding Your claim that the Sprite 2 was destroyed and/or disposed of, where You claim the Sprite 2 was destroyed and disposed of, all Persons or third partes involved, why Your claim differs from any prior representations, whether any pictures or video were taken, whether You maintained possession of the Sprite 2 UAV, whether You reverse engineered, disassembled, decompiled, or otherwise analyzed the Sprite 2 UAV, and identification of all Documents related thereto.

Dated: June 18, 2026

Respectfully submitted,

<u>/s/ *Christopher A. Suarez*</u>
Christopher A. Suarez (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-8131
Fax.: (202) 429-3902
csuarez@steptoe.com
jecker@steptoe.com

*Attorneys for Plaintiff Ascent Aerosystems Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026 a copy of the foregoing was served to all counsel of record via email.

<u>/s/ *Christopher A. Suarez*</u>
Christopher A. Suarez