# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ASCENT AEROSYSTEMS, INC. | : |
| | : Case No.: 5:25-cv-00275-BKS-MJK |
| Plaintiff, | : |
| | : Hon. Brenda K. Sannes |
| v. | : |
| | : |
| MARYNA TROST, Administrator of the | : |
| Estate of Jeffrey T. Hill, OVERWATCH | : |
| AEROSPACE LLC, OVERWATCH | : |
| AEROSPACE LTD and OVERWERX LTD | : |
| | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION TO SEAL AND FOR *IN CAMERA* REVIEW

McCarter & English, LLP ("McCarter" or the "Firm"), by its attorneys of record, Snigdha Mamillapalli, Gregory Mascitti, and Thomas J. Rechen, submits this Memorandum of Law in Support of its Motion to Seal and respectfully requests that the Court accept for *in camera* review the unredacted Memorandum of Law in Support of the Firm's Motion for Leave to Withdraw as Counsel and the accompanying Declaration of Thomas J. Rechen (together, the "Withdrawal Papers").

Contemporaneously with this motion, the Firm has filed redacted copies of the Withdrawal Papers on the public docket. The proposed redactions are narrowly tailored to protect the interests of the Firm's clients and to preserve the attorney-client and work product privileges, and they leave the balance of the Withdrawal Papers available to the public. The unredacted Withdrawal Papers are submitted to the Court for its *in camera* consideration in accordance with Local Rule 5.3.

1

## I. LEGAL STANDARD

The Second Circuit applies a three-step inquiry on a motion to seal: the court first determines whether the material is a judicial document; if so, it fixes the weight of the presumption according to the role of the material in the exercise of Article III judicial power; and it then balances that presumption against competing considerations, including the privacy interests of those resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Courts in the Second Circuit have consistently held that *ex parte* and *in camera* submissions are not only permissible but are the proper mechanisms for resolving the tension between disclosure and confidentiality with respect to motions to withdraw as counsel. *See Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97 CIV. 9262 (JGK), 1998 WL 898309, at \*1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc.*, 806 F. Supp. 23, 25–26 (E.D.N.Y. 1992) (holding that withdrawing counsel's *in camera* submission of papers supporting motion to withdraw as counsel was proper); *Ficom Int'l v. Israeli Export Institute,* No. 87–7461, 1989 WL 13741, 1989 U.S.Dist. LEXIS 1368 (S.D.N.Y. Feb. 10, 1989) (criticizing withdrawing counsel for serving papers on defendant's counsel which contained allegations that were potentially adverse to client and helpful to opposing party).

## II. ARGUMENT

The Withdrawal Papers fall squarely within the settled practice in this circuit concerning attorney-client disputes, including the submission of a motion to withdraw. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a

party and its counsel, and that this method is viewed favorably by the courts"); *see also Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97 CIV. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998). The Memorandum of Law and the Declaration of Thomas J. Rechen set forth the bases for the Firm's withdrawal, and they necessarily describe communications, advice, and the state of the attorney-client relationship between the Firm and its client. Public disclosure of that information would reveal privileged and confidential matter and could prejudice the client's interests in the ongoing litigation. Because the attorney-client privilege and the client's confidentiality interests are higher values, sealing of the unredacted Withdrawal Papers is warranted.

The relief the Firm requests is narrowly tailored. Rather than seek to seal the Withdrawal Papers in their entirety, the Firm has filed redacted copies on the public docket that redact only the privileged and confidential material and leave the remainder—including the general basis for the motion—available to the public, and it submits the unredacted versions for the Court's *in camera* review. Plaintiff is not prejudiced by this approach. As courts have repeatedly recognized, the opposing party has no legitimate interest in learning the specifics of the dispute between counsel and client. With respect to an *in camera* review of a comparable withdrawal affidavit, the court in *Team Obsolete* determined that the confidential information pertained only to the attorney-client relationship and did not implicate the opposing party's interests, and it denied the request to unseal. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("The court has reviewed the Zucker Affidavit *in camera* and has determined that the confidential information it contains pertains only to the attorney-client relationship between [defense counsel] and [defendant], and does not implicate the plaintiffs' interests in this litigation.").

For the reasons stated herein, the Firm respectfully requests that the Court accept the unredacted Withdrawal Papers under seal for *in camera* review, approve the narrowly tailored redactions reflected in the redacted copies filed on the public docket, and enter the proposed sealing order submitted herewith.

Dated: Hartford, Connecticut
      July 24, 2026

Respectfully submitted,

OVERWATCH AEROSPACE LLC,
OVERWATCH AEROSPACE LTD, AND
OVERWERX LTD


*/s/ Thomas J. Rechen*
Thomas J. Rechen, Esq.
Snigdha Mamillapalli, Esq.
McCARTER & ENGLISH, LLP
CityPlace I, 36th Floor
185 Asylum Street,
Hartford, Connecticut 06103
Tel: (860) 275-6706
Fax: (860) 218-9680
trechen@mccarter.com
smamillapalli@mccarter.com

*Counsel for Overwerx Ltd, Overwatch Aerospace Ltd, and Overwatch Aerospace LLC, Jeffrey T. Hill*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 24, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*<u>/s/ Thomas J. Rechen</u>*
Thomas J. Rechen
