**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Ascent Aerosystems, Inc.,

Plaintiff,

v. 5:25-CV-00275 (BKS/MJK)

Maryna Trost, Administrator of the Estate of Jeffrey T. Hill, Overwatch Aerospace LLC, Overwatch Aerospace LTD and Overwerx LTD

Defendants.

---

Christopher A. Suarez, Esq., Attorney for Plaintiff
Thomas J. Rechen, Esq., Attorney for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

**MEMORANDUM-DECISION AND ORDER**

Presently before the court is McCarter & English, LLP's motion to withdraw as attorneys of record for all Defendants. (Dkts. 245, 246, 247).[1] In support of its motion, McCarter & English, LLP submits the declaration of Thomas P. Rechen, Esq. (Dkt. 245-2). Plaintiff opposes the motion to withdraw. (Dkt. 249). Also before the Court is McCarter &

[1] No Certificate of Service evidencing service of the motion to withdraw on Defendants has been filed. However, the Rechen Declaration alleges that the motion to withdraw has been served on Defendants in accordance with Local Rule 11.1(b). (Dkt. 245-2, Rechen Decl., ¶ 12).

English, LLP's motion to seal the motion to withdraw. (Dkt. 248). Plaintiff does not oppose the motion to seal. For the reasons stated below, McCarter & English, LLP's motion to seal and motion to withdraw as counsel for all Defendants are granted.

## I. MOTION TO SEAL

McCarter & English, LLP's motion to seal (Dkt. 248) is granted.

"Documents concerning motions to withdraw as counsel are 'routinely' filed under seal or in camera to preserve the confidentiality of the attorney-client relationship between a party and its counsel." *Sound Around, Inc. v. Friedman*, No. 24-CV-1986, 2025 WL 3281434, at *3 (S.D.N.Y. Nov. 25, 2025) (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006)). Defendants' motion to seal contains confidential attorney-client communications, which should not be divulged on the public docket. *Id.* Further, "preservation of attorney-client privilege constitutes a higher value warranting sealing and rebutting the presumption of public access." *Id.* (citing *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018)). The Court finds that the information contained in the motion constitutes attorney –

client privileged matter and work product. Accordingly, McCarter & English, LLP's motion to seal is granted.

## II. MOTION TO WITHDRAW

McCarter & English, LLP's motion to withdraw (Dkts. 245, 246, 247) as counsel for Defendants is granted.

Pursuant to Local Rule 11.1(b), "[a]n attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw." The Court has considerable discretion in deciding whether to grant such a motion for an attorney's withdrawal." *Ghesani v. Trico VIII Petroleum, Inc.*, No. 03-CV-9854, 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005), (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)).

In determining whether good cause has been shown, federal courts look to the various codes of professional responsibility. *See Whiting v. Lacara,* 187 F.2d 317, 321 (2d Cir. 1999) (referring to the Code of Professional responsibility to illustrate mandatory and permissive situations for withdrawal as counsel); *see also Heck-Johnson v. First Unum Life Ins. Co.*, No. 01-CV-1739 (GLS/RFT) 2006 WL 1228841, at

*4 (N.D.N.Y. May 4, 2006). "The Court must ensure … that the prosecution of the suit is not disrupted by the withdrawal of counsel." *Doe v. Syracuse Univ.,* No. 18-CV-01100, 2021 WL 365839, at *2 (N.D.N.Y. Feb. 3, 2021) (quoting *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (citation omitted)).

The declaration of Attorney Rechen details the scope of the irreconcilable differences between Defendants and their attorneys which the Court deems good cause to grant the motion to withdraw. (Dkt. 245-1). *See Allstate Ins. Co. v. Spina*, No. 20-CV-1959 (KMK), 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020) ("Although there is no definitive standard for what constitutes a satisfactory reason for allowing a withdrawal, some possible reasons include failure to pay legal fees, a client's lack of cooperation, including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client.") (internal quotation marks and citations omitted)); *see also New York State Rules of Professional Conduct* 1.16(c)(4) and 1.16(c)(7). The declaration of Attorney Rechen also notes that

Defendants intend to replace McCarter & English, LLP. (Dkt. 245-1, Rechen Decl., ¶ 7).

The Court also agrees with McCarter & English, LLP that granting its motion to withdraw will not unduly disrupt the prosecution of this action. Specifically, discovery is at its infancy. *See Karimian, v. Time Equities, Inc.*, No. 10-CV-3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (granting withdrawal motion where "substantial discovery ha[d] taken place, [but] discovery ha[d] not yet closed"); *see also Brown v. National Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . granting the instant motion will not likely cause undue delay"). Also, Plaintiff has filed a motion to amend their complaint which is currently pending before Chief United States District Court Judge Brenda K. Sannes. (Dkt. 224).

**WHEREFORE**, based on the findings set forth above, it is hereby

**ORDERED**, that:

1. the motion of McCarter & English, LLP to seal (Dkt. 248) is **GRANTED**,

2. the motion of McCarter & English, LLP to withdraw as counsel for all Defendants (Dkts. 245, 246, 247) is **GRANTED**,

3. the Clerk of the Court is directed to terminate Gregory J. Mascitti, Esq., Thomas J. Reechen, Esq., Snigdha Mamillapalli, Esq. and the law firm of McCarter & English, LLP as counsel of record,

4. within five (5) days of the date of this Memorandum-Decision and Order, McCarter & English, LLP is directed to send a copy of the same to all Defendants by overnight mail and electronic mail at their last known physical and electronic addresses,

5. within five (5) of serving a copy of this Memorandum-Decision and Order on all Defendants as provided for herein, McCarter & English, LLP shall file a Certificate of Service with the Court via CM/ECF,

6. Defendants have until **October 23, 2026** to have an attorney(s) file a Notice of Appearance on their behalf, and

7. consistent with this Court's order (Dkt. 257) all proceedings in this matter are STAYED until further order of the Court.

**DEFENDANTS, PLEASE TAKE NOTICE THAT THE FAILURE TO FILE A NOTICE OF APPEARANCE AS DIRECTED IN PARAGRAPH 6 ABOVE MAY RESULT IN DISMISSAL OF THIS CASE FOR FAILURE TO APPEAR AND OR FAILURE TO PROSECUTE THIS ACTION.**

Dated: September 9, 2026.

Mitchell J Katz
Digitally signed by Mitchell J Katz
Date: 2026.09.09 16:23:21 -04'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge